November 29, 2017

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
40 Centre Street, Room 2202
New York, NY 10007

      Re:    Natural Resources Defense Council v. U.S. Environmental Protection Agency,
               17 Civ. 5928 (JMF)

Dear Judge Furman:

      We write jointly on behalf of plaintiff Natural Resources Defense Council ("NRDC") and defendant United States Environmental Protection Agency ("EPA") (jointly, the "Parties") in accordance with the Court's order during the initial conference on November 2, 2017 for the parties to submit a joint status report on the outcome of their negotiations.  This status report is intended to memorialize the Parties' final agreement as to EPA's processing of its search for records responsive to FOIA request category 1, except as noted within this letter.  It is not intended to represent the Parties' full or final agreement on a resolution of this case.

      The Parties have conferred regarding the scope of Category No. 1 of NRDC's FOIA request dated May 17, 2017 ("FOIA Request"), and the proposed schedule for EPA to provide responses to Category 1, and have agreed to the following:

      A.    Category No. 1 of NRDC's FOIA Request is revised ("Revised Category No. 1") to request that EPA search for and produce all of Dr. Nancy Beck's records, as that term is defined in 5 U.S.C. § 552(f)(2), relating to the following actions, in the prioritization order set forth below:

          1. <u>TSCA Framework Rules (Risk Evaluation and Prioritization)</u>

             a) Procedures for Prioritization of Chemicals for Risk Evaluation under the Toxic Substances Control Act, EPA-HQ-OPPT-2016-0636

             b) Procedures for Chemical Risk Evaluation under the Amended Toxic Substances Control Act, EPA-HQ-OPPT-2016-0654-0001

          2. <u>Implementation of the new chemicals program</u> (including but not limited to specifically the development and implementation of revised policies announced in EPA's press release of August 7th, https://www.epa.gov/newsreleases/epa-eliminates-new-chemical-backlog-announces-improvements-new-chemical-safety-reviews)

          3. <u>Rulemakings under section 6(a) on uses of NMP, TCE and methylene-chloride</u>:

Hon. Jesse Furman                                                                                                          Page 2 of 4
November 29, 2017

       a) Trichloroethylene; Regulation of Certain Uses Under TSCA Section 6(a), EPA-HQ-OPPT-2016-0163

       b) Trichlorethylene (TCE); Regulation of Use in Vapor Degreasing Under TSCA Section 6(a), EPA-HQ-OPPT-2016-0387

       c) Methylene Chloride and N-Methylpyrrolidone; Regulation of Certain Uses Under TSCA Section 6(a), EPA-HQ-OPPT-2016-0231

4. <u>Pesticide actions relating to chlorpyriphos or glyphosate</u>:

       a) Chlorpyrifos rulemakings, EPA–HQ–OPP–2015–0653, EPA–HQ–OPP–2008–0850, and EPA-HQ-OPP-2007-1005

       b) EPA Registration Review for glyphosate (including development of draft risk assessment)

5. <u>Development of Scope for First 10 chemicals to be evaluated under Amended TSCA</u> (1,4-Dioxane; 1-Bromopropane; Asbestos; Carbon Tetrachloride; Cyclic Aliphatic Bromide Cluster (HBCD); Methylene Chloride; N-Methylpyrrolidone (NMP); Pigment Violet 29; Trichloroethylene (TCE); Tetrachloroethylene (aka perchloroethylene))

6. <u>Potential changes to the Chemical data reporting rule</u> ("CDR") (including specifically issues raised and policies related to the Negotiated Regulation for Recycled Inorganic Byproduct Chemical Substances (EPA-HQ-OPPT-2016-0597) and other planned or potential changes to the CDR pursuant to the planned rulemaking noticed in the Unified Regulatory Agenda, https://www.epa.gov/chemical-data-reporting/negotiated-rulemaking-committee-chemical-data-reporting-requirements#announcements)

7. <u>Evaluation of Existing Regulations</u>, EPA-HQ-OA-2017-0190

    B.    Dr. Nancy Beck will be the sole custodian at EPA whose records will be searched for records responsive to Revised Category No. 1.

    C.    On or before each of the deadlines set forth below, EPA will process approximately 1,300 records responsive to Category 1. For the purposes of this agreement, "process" means EPA will (1) release non-exempt portions of the requested records, (2) notify[1] NRDC of the complete or partial withholding of any record(s) pursuant to any applicable FOIA exemption, or (3) refer responsive records to non-party agencies pursuant to 40 C.F.R. § 2.103(d)(2). In the event of such a referral, EPA will provide NRDC with notification of any referral, including identifying the records referred by document numbers, an estimate of the

---

[1] Consistent with its regulations under 40 C.F.R. § 2.104(f), for any record released with redactions, each redaction will be marked to reflect the exemption(s) that EPA believes justifies the redaction. For any record withheld in full, EPA shall notify NRDC of the volume of record(s) withheld including the estimated number of pages, identify the record by document number, and provide the exemption(s) applied to justify each withholding.

volume of records referred by number of pages, and the identity of the agency to which the referral was made, including the appropriate contact for that agency.

1. First Production: December 29, 2017
2. Second Production: January 31, 2018
3. Third Production: February 28, 2018
4. Fourth Production: March 30, 2018
5. Fifth Production: April 30, 2018

      D.      NRDC seeks EPA's production of a *Vaughn* index following the final record production on April 30, 2018. However, the parties have not yet come to an agreement as to the deadline for or form of such index, if any, to be provided prior to EPA's service of motion papers after EPA's productions are complete and the parties have been unable to resolve any issues raised by NRDC. EPA is willing to discuss any concerns or questions that NRDC may raise regarding its productions and to engage in good-faith negotiations. If the Parties are unable to reach agreement on any issues, they will notify the Court in writing.

      E.      In the event unforeseen circumstances arise that prevent EPA from completing its productions on the dates outlined above, the Parties will in good faith attempt to reach agreement regarding an extension of the relevant deadline(s) and either the Parties will advise the Court of any agreed-upon extension or EPA will file a letter motion seeking an extension.

Thank you for your consideration of this matter.

Respectfully,

JOON H. KIM  
Acting United States Attorney

By:    /s/ Tomoko Onozawa  
TOMOKO ONOZAWA  
Assistant United States Attorney  
Tel: (212) 637-2721  
Fax: (212) 637-2686  
Email: tomoko.onozawa@usdoj.gov  
*Attorney for Defendant*

-and-

Hon. Jesse Furman	Page 4 of 4
November 29, 2017

          /s/ *Stephanie Glaberson*
STEPHANIE GLABERSON
Staff Attorney
Civil Litigation Clinic
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
Tel: (202) 662-9251
Email: stephanie.glaberson@georgetown.edu
*Counsel for Plaintiff*

cc:	(via ECF)
	Vivian Wang, Esq.
	David Vladeck, Esq.