# EXHIBIT 1

**VAUGHN INDEX OF EPA'S WITHHELD RECORDS**

**Acronyms & Definitions**

| | |
|---|---|
| DOJ | United States Department of Justice |
| OCSPP | Office of Chemical Safety and Pollution Prevention, EPA |
| OPP | Office of Pesticide Programs within the Office of Chemical Safety and Pollution Prevention, EPA |
| OPPT | Office of Pollution Prevention and Toxics within the Office of Chemical Safety and Pollution Prevention, EPA |
| OSCP | Office of Science Coordination and Policy within the Office of Chemical Safety and Pollution Prevention, EPA |
| OECA | Office of Enforcement and Compliance Assurance, EPA |
| OGC | Office of General Counsel, EPA |
| OMB | Office of Management and Budget within the Executive Office of the President |
| ORD | Office of Research and Development |
| TSCA | Toxic Substances Control Act, as amended by the Frank R. Lautenberg Chemical Safety Act of the 21st Century |

**Document ED_001338_00000401:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| New Chemicals Memo.8.4.17 draft.2.docx | August 4, 2017 | | 2 | Exemption 5 Deliberative Process |
| **Brief Description** | This 2-page document is a draft of talking points for then EPA Administrator Scott Pruitt regarding the review of the New Chemicals program under TSCA. | | | |

The withheld record is a two-page draft of talking points for then-EPA Administrator Scott Pruitt. The record was transmitted from Nancy Beck ("Dr. Beck"), Deputy Assistant Administrator of the OCSPP, to Liz Bowman, EPA Communications Director, for her review and comment.  The draft talking points is a clean version of a document that contains edits from other EPA staff and attorneys.

*Exemption 5 Deliberative Process Privilege*

The draft document is pre-decisional because it represents preliminary thoughts that were circulated for internal discussion and review by other EPA senior managers. The draft document contains edits from Dr. Beck and the Deputy General Counsel.  The draft document does not reflect an official Agency policy or decision, as it was still being edited and reviewed.  The draft document was also not shared outside the Agency.

This withheld information is deliberative, because it reflects draft language on how to present the EPA program for reviewing new chemicals under the Toxic Substances Control Act ("TSCA").  The draft document is a clean version of a track-changes document that was shared with a senior manager for her opinions, edits, and recommendations on how to present information about the new chemicals review program. The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about how to present the developing TSCA new chemicals review program to the public. Further, it would have a chilling effect on the Agency's decision-making process, and on the Agency's ability to have internal discussions and consultations concerning how to present the new program. Release would also cause public confusion because the statements in the discussion drafts and other internal agency communications could be construed as the Agency's definitive view of an issue when the documents simply reflect the incomplete view of some staff whom shared the document for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft speech, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the draft document.

**Document ED_001338_00001350:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Christopher Blunck with subject line "New Chems Stats and Explanatory Info re Backlog Reduction/Elimination for 8/7 Rollout" | July 27, 2017 | Nancy Beck | 2 | Exemption 5 Deliberative Process and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Christopher Blunck with subject line "New Chems Stats and Explanatory Info re Backlog Reduction/Elimination for 8/7 Rollout" | | | |

This email string contains two emails. One of the emails is a response from Dr. Beck, Deputy Assistant Administrator to OCSPP, to Christopher Blunck, Special Assistant and Policy Advisor in OCSPP. The other email is from Christopher Blunck. Portions of the email string are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the document contain pre-decisional deliberations between an EPA special assistant and senior manager in OCSPP. Specifically, the employee was providing the manager with additional information on the new chemical review backlog, as well as draft language addressing the issue. At the time the email was created, the Agency was internally discussing issues related to the backlog of new chemicals. The withheld information was not circulated outside EPA.

The withheld information is deliberative because at the time EPA employees and managers were still internally discussing the new chemicals review backlog and how best to address it. The withheld information reflects information, recommendations and opinions that were considered as part of the Agency's overall decision-making process for the new chemical review backlog. The withheld information is pre-decisional because EPA was still determining how to deal with the backlog. The

withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the New Chemicals program, specifically the review backlog. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the New Chemicals program and other issues. The withheld information was not circulated outside the Agency.

*Exemption 6 Personal Privacy*

The withheld portions of email relate to Dr. Beck's direct personal contact information (direct telephone and cell phone), the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the Dr. Beck, as the head of EPA OCSPP.

There is no public interest in Dr. Beck's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of Dr. Beck in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to Dr. Beck as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the new chemicals review backlog.

## Document ED_001338_00001743:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Glyphosate briefing 8.3.17.pptx | | | 27 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is an internal PowerPoint briefing presentation discussing glyphosate. It discusses the Scientific Advisory Panel (SAP) report, as well as provides considerations for evaluating the SAP report and possible actions to address recommendations. | | | |

Document ED_001338_00001743 is a 27-page internal briefing document prepared by the EPA Office of Pesticides Program, Health Effects Division, discussing glyphosate and the Scientific Advisory Report ("SAP") on the carcinogenic potential of the herbicide glyphosate. The document is an attachment to a meeting invitation from Venus Marshall to discuss OPP's response to the SAP report. The briefing document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

3

Glyphosate is undergoing registration review, which is EPA's periodic review of pesticide registrations required under the law to ensure that each pesticide continues to satisfy the statutory safety standard for registration.

This document is an internal agency briefing document that discusses the SAP report and provides considerations for evaluating the report, as well as potential actions to address the report's recommendations. The withheld information is pre-decisional because no determination by Agency management had yet been reached and the document was solely intended to present issues for deliberation and responding to the SAP report. This information was presented to OCSPP management to assist them in determining the appropriate course of action going forward on this matter. The text of the presentation presents outstanding issues for management to consider, goals to achieve, presents potential timelines for future actions, and provides views on evidentiary data.

The document is withheld as deliberative because it reflects analysis, discussions, and recommendations pertaining to the SAP evaluation of glyphosate. The document was created to solicit feedback from decisionmakers on how to proceed with the report.  The authors had no decision-making authority on this issue, and the content does not reflect a final agency action, only the thoughts and deliberations of EPA staff engaged in the briefing and framing issues for the consideration of Agency management. The withheld information was not circulated outside EPA.

Release of this document would have a chilling effect on the ability to have open and frank conversations within the Agency and its management. Disclosure would also negatively affect the ability of Agency staff to have candid, productive and coordinated conversations with internal management in the future. Further, release of this document would result in public confusion regarding the Agency's final decisions weighing and evaluating scientific data, studies, reports, and other relevant information in the briefing.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the briefing material, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the Agency's ongoing development and response to the SAP report.

**Document ED_001338_00002025:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| June 22 New Chem Agenda.docx | | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | June 22, 2017 Meeting Agenda for New Chemicals Biweekly Meeting with OCSPP Immediate Office | | | |

The document is the June 22, 2017 Meeting Agenda for the New Chemicals Biweekly Meeting with the OCSPP Immediate Office and contains issues/topics for discussion at that meeting. EPA withheld portions of the document under Exemption 5's deliberative process privilege and released non-exempt information.  The document is an attachment to a meeting invite.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the document reflect pre-decisional deliberations between OCSPP staff and their managers about various ongoing issues related to the New Chemicals program and the requirements imposed by TSCA. The agenda lists the issues that were being considered by the OCSPP senior managers. The authors do not have decision-making authority with respect to the issues covered in the meeting agenda.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues of how best to move forward with the New Chemicals program.  In addition, other issues in the New Chemicals program offices were elevated to the OCSPP Immediate Office for discussion. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for the New Chemicals program and other issues. The document does not represent a final agency action, but instead highlights the deliberations senior managers were considering at the time the agenda was created. The withheld information reflects a give-and-take discussion process on the part of shaping an EPA program to meet the TSCA's requirements. The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the New Chemicals program and other on-going issues considered by EPA OCSPP. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the New Chemicals program and other issues. The withheld information was not circulated outside the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the agenda, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the policies considered by the Agency and its senior managers.

## Document ED_001338_00002026:  Withheld In-Part

| Title ED_001338_00002026 | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Total Case Summary 6-20-2017.final 6-21-2017.docx | June 21, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | Information about Total PMN, SNUN, and MCAN Cases as of June 20, 2017 | | | |

## Document ED_001338_00002234:  Withheld In-Part

| Title ED_001338_00002234 | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|

| Total Case Summary.new format.8-1-2017.gs.edits v-4colors THM.DOCX | August 1, 2017 | | 1 | Exemption 5 Deliberative Process |
|---|---|---|---|---|
| **Brief Description** | Information about Total PMN, SNUN, and MCAN Cases as of August 1, 2017 | | | |

This withheld-in-part records contain information about the total number of Premanufacture Notice ("PMN"), Significant New Use Notice ("SNUN"), and Microbial Commercial Activity Notice ("MCAN") cases as of June 20, 2017 and August 1, 2017. EPA is withholding portions of these documents in part under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because, at the time of the documents' creations, the Agency was receiving the TSCA filings and completing the necessary determinations, which falls under the responsibility of the New Chemicals program. The documents provide "total PMN, SNUN, and MCAN cases" at two specific dates. The purpose of the records was to brief OCSPP senior managers at a meeting and discuss the next course of action for addressing the Agency's statutory obligations under TSCA.

The withheld information is deliberative because the information contains information that was to be discussed at a New Chemicals program meeting with the OCSPP Immediate Office. The authors lacked decision-making authority and developed the withheld-in-part documents to receive instructions and guidance from senior managers. The withheld information reflects a give-and-take discussion process on the part of shaping the New Chemicals program to meet TSCA's requirements of .  The withheld information was not circulated outside EPA.

Release would have a chilling effect on the Agency's ability to have open and frank discussions among its staff about the New Chemicals program and more specifically, these types of notices. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. Release could also cause public confusion concerning the reasons for the Agency's decisions related to the New Chemicals program.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the issues facing the EPA New Chemicals program.

## Document ED_001338_00002177:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| TCE Final rule -TP and milestones schedule 6-1-17.docx | June 1, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | This draft document is an internal planning document for the Toxic Substances Control Act section 6(a) rulemaking for trichloroethylene (TCE) | | | |

6

This draft document is an internal planning document for the TSCA section 6(a) rulemaking for trichloroethylene ("TCE"). The document is an attachment to a meeting invitation to discuss various solvents. Portions of the document are being withheld under Exemption 5's deliberative process privilege. The draft document discusses how to address public comments received in response to the two notices of proposed rulemaking and contains proposed milestones with timeframes.

*Exemption 5 Deliberative Process*

The withheld portions of the document reflect pre-decisional discussions between OCSPP staff and managers about various issues pertaining to the TSCA section 6(a) rulemaking for TCE. Specifically, the document provides draft talking points to senior managers and the proposed schedule for completing the TCE rulemaking. The Agency has not completed its final rule for TCE.

At the time the document was created, EPA was still in the process of developing the proposed rulemaking that included evaluating and reviewing comments received in response to the two earlier notices of proposed rulemaking. At the time the document was created, EPA had not responded to the public comments received. The withheld portions of the draft document do not reflect official Agency policy or decision on the TCE rulemaking. The authors do not have decision-making authority with respect to providing the final responses to the public comments received.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues of how best to respond to the comments received, next steps and associated timeframes for developing the final rule for TCE. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for the TCE rulemaking. The withheld information reflects a give-and-take discussion process on the part of developing TCE rulemaking. The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of TSCA section 6(a) rulemaking for TCE use in spot cleaning, aerosol degreasing and vapor degreasing. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the TCE TSCA section 6(a) rulemaking.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the TCE rulemaking.

**Document ED_001338_00002233:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| New Chemicals Program Overview | August 1, 2017 | | 4 | Exemption 5 Deliberative Process |

| Materials.FINAL.2017-08-01.docx | | | | |
|---|---|---|---|---|
| **Brief Description** | Briefing material for an August 3, 2017 meeting between the New Chemicals program and OCSPP Immediate Office. | | | |

This withheld-in-part briefing document, entitled "New Chemicals Program Overview Materials," is an attachment to a meeting invitation for the New Chemicals Bi-weekly meeting on August 3, 2017.  It was prepared for Wendy Cleland-Hamnett, then-Acting Assistant Administrator for OCSPP, and was to be discussed at a New Chemicals weekly meeting with senior leaders within the OCSPP Immediate Office. Portions of the document are withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because at the time the briefing material was developed, EPA was considering work products and approaches for improving the New Chemicals program. The withheld information contains options for senior OCSPP managers to consider, historical contexts for such options, and recommendations and proposals provided by the OCSPP program offices.  At the time the document was created, EPA was considering how to improve the New Chemicals program.  Also, the authors of the document do not have decision-making authority.

The withheld information is deliberative because it reflects recommendations, opinions, and analyses of federal government employees regarding the development of different program work products and approaches for improving the New Chemicals program. The document was created for senior OCSPP managers for discussion and consideration. The withheld portion of the briefing material reflects a give-and-take discussion process on the part of those involved in managing the New Chemicals program. The withheld information does not represent any official agency decision or policy, and the withheld information was not circulated outside EPA.

Release would have a chilling effect on the Agency's ability to have open and frank discussions among its staff about the New Chemicals program and more specifically, these types of notices. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. Release could also cause public confusion concerning the reasons for the Agency's decisions related to the New Chemicals program.

*Segreagbility*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the New Chemicals program.

**Document ED_001338_00002353:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| July 17 New Chem Agenda v2.docx | July 17, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | The document is an agenda for a July 17, 2017 New Chemicals Biweekly Meeting with the Office of Chemical Safety and Pollution Prevention Immediate Office. | | | |

The document is an agenda for a July 17, 2017 New Chemicals Biweekly Meeting with the OCSPP Immediate Office. The agenda contains issues for discussion pertaining to the implementation of the New Chemicals program as a result of the 2016 amendments to TSCA. The document reflects issues under consideration by EPA at the time, as well as draft milestones for various actions relating to implementation of the New Chemicals program as a result of the 2016 amendments to TSCA. Portions of the document were withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the document reflect pre-decisional deliberations between EPA OCSPP employees and their managers about various issues and milestones pertaining to the New Chemicals program as a result of statutory requirements imposed by the 2016 amendments to TSCA. At the time the agenda was created, EPA was still discussing backlog issues relating the New Chemicals program, as well as proposed rules in development. The withheld portions of the document do not reflect official Agency policy or decision. The authors do not have decision-making authority with respect to the New Chemicals program.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues of how best to implement the New Chemicals program in light of TSCA. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for improving of the New Chemicals program and issues related to its backlog. The withheld information reflects a give-and-take discussion process on the part of those shaping the New Chemicals program meet TSCA's requirements.  The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the New Chemicals program. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the New Chemicals program.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this agenda, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the policies and actions by the New Chemicals program.

**Document ED_001338_00002490:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| New Chem Backlog Stats 5 25.pdf | May 25, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | The document is a chart which contains information about the status of EPA's ongoing review of PMNs. | | | |

The withheld-in-part document is a chart which contains information about the status of EPA's review of companies' PMN as part of executing the TSCA Section 5 requirements. The briefing document was prepared for Wendy Cleland-Hamnet, then-Acting Assistant Administrator for OCSPP, and was to be discussed at a New Chemicals Bi-weekly meeting with the EPA OCSPP Immediate Office. This document is an attachment to a meeting invitation for the New Chemicals Bi-weekly meeting on May 26, 2017. Portions of the document are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because at the time the document was created, EPA employees and senior managers were discussing the status of EPA's review of companies' PMN filings and the Agency's implementation of the TSCA requirements. The withheld portions of the document do not reflect official Agency policy or decision. The author does not have decision-making authority with respect to EPA's ongoing review of PMNs.

The withheld information is deliberative because it reflects the author's opinion about the status of EPA's new chemicals review.  The information reflects the give-and-take deliberation of improving the New Chemicals program because it offers analysis for management to consider as they address issues pertaining to EPA's ongoing review of PMNs and the new chemicals backlog. The withheld portion of the document reflects a developing process of the New Chemicals program's efforts to meet the requirements of TSCA section 5.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of PMNs. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the Agency's ongoing review of PMNs. The withheld information was not circulated outside the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this chart, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the Agency's New Chemicals program.

## Document ED_001338_00005427:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| SOCMA May 24 meeting.docx | | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | The document reflects draft briefing materials for a meeting between the Society of Chemical Manufacturers and Affiliates and then EPA Administrator Scott Pruitt on May 24, 2017. | | | |

The withheld-in-part draft document reflects briefing materials for a meeting on May 24, 2017 between then-EPA Administrator Scott Pruitt and the Society of Chemical Manufacturers and Affiliates

("SOCMA"). The draft was transmitted from Dr. Beck to Patrick Davis, Special Assistant to then-Administrator Scott Pruitt, for his review and comment. Portions of the document are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because at the time the document was created, EPA was in the overall process of final rulemaking for the TSCA Framework Rules for Risk Evaluation and Prioritization as well as its on-going review of PMNs submitted by companies for new chemicals. The withheld portions of the document do not reflect official Agency policy or decision. Rather, it is developed to assist EPA senior managers to prepare for a meeting with outside entities.  The creator of the document does not have decision-making authority with respect to EPA's ongoing review of PMNs, and the document does not reflect a final agency action.

The withheld information is deliberative because it reflects the author's opinion and recommendations about what is important in preparing for a meeting with SOCMA. The withheld information was not circulated outside the Agency. The withheld portion of the document reflects a give-and-take process on the part of those involved in discussing the issues related to existing and new chemicals with members of the public.

Release of the withheld information would discourage open and frank discussions among its staff about issues to consider when meeting with SOCMA. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations on preparing for a meeting with outside groups, such as SOCMA.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the upcoming meeting with SOCMA.

**Document ED_001338_00006783:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Mark Dyner to Richard Keigwin, Nancy Beck, Wendy Cleland-Hamnett, and Louise Wise with subject line "Win in Chlorpyrifos mandamus case" | July 18, 2017 | Mark Dyner | 2 | Exemption 5 Attorney-Client Privilege |
| **Brief Description** | The document is an email from Mark Dyner to Richard Keigwin, Nancy Beck, Wendy Cleland-Hamnett, and Louise Wise with subject line "Win in Chlorpyrifos mandamus case." | | | |

The document is an email transmitted on July 18, 2017 from Mark Dyner, Attorney Advisor in the OGC, and sent to Richard Keigwin, then Acting Director of OPP, Dr. Beck, Wendy Cleland-Hamnett, then-Acting Assistant Director of OCSPP, and Louise Wise, Deputy Assistant Administrator of OCSPP.

11

Other EPA employees were copied on the email. The email contains a discussion about a recent win for EPA in a Chlorpyrifos mandamus case. Portions of the email were withheld under Exemption 5's attorney-client privilege.

*Exemption 5 Attorney Client Privilege*

The email reflects confidential communication between an attorney (Mr. Dyner, the EPA attorney who was the lead attorney on the case) with his OCSPP clients. The withheld information relates to a legal matter for which the client has sought professional advice. Here, the redacted text reflects Mr. Dyner's comments and impressions on issues about a recent court decision on the chemical Chlorpyrifos, where Plaintiffs raised mandamus issues. Mr. Dyner also discusses the legal implications of the case to other ongoing EPA litigation. This communication was confidential because it was only shared with those EPA employees who had a need to know.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the email, the selection of those facts is an integral part of the attorney-client discussion, and the factual information contained therein is inextricably intertwined with the attorney-client discussion about the lawsuit and the court decision.

## Document ED_001338_00006842:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Draft_Evidence_and_Evaluation_SP_2017_OCSPP.docx | | | 9 | Exemption 5 Deliberative Process |
| **Brief Description** | The draft document was developed by OCSPP to be used as a component of EPA's FY2018-2022 Strategic Plan. | | | |

The draft document was developed by the OCSPP staff and shared with OCSPP senior officials as part of developing EPA's FY2018-2022 Strategic Plan. The development of EPA's Strategic Plan was informed by external and internal evaluations described in the draft document. The draft document was sent from Jennifer Vernon, OCSPP Planning and Accountability Lead, to Louise Wise, OCSPP Deputy Assistant Administrator, and Oscar Morales, OCSPP Associate Assistant Administrator, for their review and comment. Portions of the draft document are being withheld pursuant to Exemption 5's deliberative process privilege.  Non-exempt information was released.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional deliberations between OCSPP employees and their managers about the evaluations and other evidence that will inform the development of the Agency's strategy. At the time the document was created, EPA was still in the process of finalizing its FY2018-2022 Strategic Plan, and the purpose of the document was to brief senior OCSPP managers on issues relevant to this process. The withheld portions of the draft document do not reflect official Agency

policy or decision, nor does it represent a final agency action. The authors do not have decision-making authority with respect to the evaluations and other evidence that have informed the Agency's strategy.

The withheld information is deliberative because EPA employees and managers were still internally discussing the evaluations and other evidence that are relevant for informing the development of the Agency's future strategy.  EPA was still in the process of finalizing its FY2018-2022 Strategic Plan. The document is also deliberative because it initiated the give-and-take process of determining what should be included in OCSPP's contributions to the Agency's strategic plan. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for its Strategic Plan. The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about the evaluations and other evidence that have informed the Agency's strategy. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations about the evaluations and other evidence that have informed the Agency's strategy.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft spreadsheet, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the Agency's strategic plan.

## Document ED_001338_00007169:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Jeff Morris to Nancy Beck and Wendy Cleland-Hamnett with subject line "Now asking for an interview – Matt Brown, AP, on Asbestos; DDL ASAP" | July 19, 2017 | Jeff Morris | 7 | Exemption 5 Deliberative Process and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Jeff Morris to Nancy Beck and Wendy Cleland-Hamnett with subject line "Now asking for an interview – Matt Brown, AP, on Asbestos; DDL ASAP" | | | |

The document is a string of seven emails transmitted between July 17, 2017 and July 19, 2017. The email string originated from Robert Daguillard, EPA Office of Media Relations, and sent to OCSPP senior managers and ORD. The emails discuss a request from an Associated Press reporter for an interview about asbestos. Portions of the email string were withheld under Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email string reflect pre-decisional deliberations between EPA employees and senior OCSPP managers about responding to a request from a reporter about asbestos. At the time the emails were created, the EPA staff and managers were discussing the issues related to the reporter's questions and request for an interview. The withheld portions of the email string do not reflect official Agency policy or a final agency action or decision.

The withheld information is deliberative because EPA employees and managers were still internally discussing the request for an interview and the issues related to the subject matter of the requested interview. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to the interview request. The withheld information reflects a give-and-take discussion regarding the issues related to the interview and its subject matter.

Release of the withheld information would discourage open and frank discussions among its staff about responding to reporters' requests for interviews. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning reporters' requests for interviews. The withheld information was not circulated outside the Agency.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the individual's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the interview and its subject matter (asbestos).

**Document ED_001338_00007657:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| OPP Actions Impacting Monsanto.docx | | | 2 | Exemption 5 Deliberative Process |

| Brief Description | The document is a summary of regulatory and chemical registration review actions impacting Monsanto. |
|---|---|

The draft document, prepared by EPA staff in the OPP and shared with OCSPP senior managers, contains a summary of EPA regulatory and chemical registration review actions and the status of those actions as of the date the draft document was created. Portions of the document were withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the draft document reflect pre-decisional deliberations between OCSPP employees and their senior managers about EPA regulatory and chemical registration review actions impacting a company. The withheld information provides senior managers a list of issues and actions that are currently being considered or discussed at the time the document was created. The withheld portions of the draft document do not reflect official Agency policy or final agency action or decision. The author does not have decision-making authority with respect to the EPA regulatory and chemical registration review actions impacting Monsanto. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because OCSPP employees and their managers were internally discussing the EPA regulatory and registration review actions and the implications of those actions on businesses. This document contains staff analysis impacting one specific company as an example, which was shared with senior managers for their consideration. The withheld information presents a give-and-take discussion between EPA employees and their senior managers on actions impacting a regulated entity. The author does not have decision-making authority with respect to the EPA regulatory and registration review actions impacting Monsanto.

Release of the withheld information would discourage open and frank discussions among its staff and senior managers about EPA regulatory and registration review actions impacting Monsanto. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning EPA regulatory and registration review actions impacting businesses.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the various regulatory and registration actions impacting Monsanto.

## Document ED_001338_00008309: Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Liz Bowman to Nancy Beck with subject line "Media Inquiry | July 10, 2017 | Liz Bowman | 4 | Exemption 5 Deliberative Process and Exemption 6 Personal Privacy |

| | |
|---|---|
| TSCA new chemicals program update" | |
| **Brief Description** | Email from Liz Bowman to Nancy Beck with subject line "Media Inquiry TSCA new chemicals program update" |

The document is a string of seven emails transmitted between July 6, 2017 and July 1, 2017. The email string originated from Kelly Franklin, reporter/writer with Chemical Watch, and was sent to Amy Graham, EPA spokesman. Other emails in this string are between Dr. Beck and Liz Bowman, former Associate Administrator for Public Affairs.  The emails discuss a media request from Ms. Franklin, North American Editor for Chemical Watch, about an update on the Toxic Substances New Chemicals program and clearing the backlog of EPA's review of PMNs. Portions of the email string were withheld under Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email string reflect pre-decisional deliberations between EPA employees and senior managers about responding to a media inquiry about an update on the TSCA New Chemicals program and clearing the backlog of EPA's review of PMNs. The withheld information pertains to internal discussions about how EPA should respond and the content of EPA's response. The withheld portions of the email string do not reflect official Agency policy or a final agency action or decision. The authors do not have decision-making authority with respect to the response to the media inquiry.

The withheld information is deliberative because EPA employees and managers were internally discussing the media request for an update regarding the TSCA New Chemicals program. The withheld information reflects the give-and-take process for discussing EPA's response to a reporter's inquiry. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to the request for an update.

Release of the withheld information would discourage open and frank discussions among its staff about responding to media inquiries. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning media inquiries. The withheld information was not circulated outside the Agency.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the individual's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*
All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the response to a media inquiry.

**Document ED_001338_00009765:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| HAC QFRs for policy team and others.docx | | | 51 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft responses to Congressional questions for the record (QFR) | | | |

The 51-page draft document contains EPA draft responses to two congressional Questions for the Record.  The document is an attachment to an email originating from Holly Greaves, EPA Chief Financial Officer, and circulated to members of the Office of Policy; Office of Land and Emergency Management; Office of the Administrator; and Office of Enforcement, Compliance and Assurance for review.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the document reflect pre-decisional deliberations between EPA employees and senior managers about responding to Questions for the Record from the U.S. House of Representatives, Committee on Appropriations, about "Rewriting Several Rules per Executive Orders."   At the time the document was created, the Agency had not finalized its response to the questions posed by Congressman Calvert (R-CA). The document was circulated for review by EPA senior managers and EPA staff.

The withheld information is deliberative because EPA employees and managers were internally discussing the Agency's response to the Questions for the Record. The withheld information reflects the give-and-take process for discussing EPA's response.  The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to the request.  The draft document is not a final agency decision or action.

Release of the withheld information would discourage open and frank discussions among its staff about responding to congressional inquiries. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning Questions for the Record from Congress. The withheld information was not circulated outside the Agency.

*Segregability*
All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the how to respond to the Questions for the Record from Congress.

**Document ED_001338_00011031:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Oscapp general 6-22-2017.docx | June 22, 2017 | | 1 | Exemption 5 Attorney Client |
| **Brief Description** | This document is an agenda for a meeting on June 22, 2017 for a meeting between the Office of General Counsel and the Office of Chemical Safety and Pollution Prevention. | | | |

This document is a draft agenda for a meeting on June 22, 2018 between the EPA OCSPP and the Pesticide and Toxic Substance Law Office within the EPA OGC. The draft meeting agenda includes a number of ongoing legal issues to be discussed, all of which were within the areas of responsibility for OCSPP. Portions of the draft agenda were withheld under Exemption 5's attorney client privilege.

*Exemption 5 Attorney Client Privilege*

The withheld portions of the document comprise confidential communications between OGC attorneys and their OCSPP clients which relate to various legal matters within OCSPP's areas of responsibilities under its statutory mandates, including chlorpyrifos and TSCA Framework Rules. Within the draft agenda, the EPA lawyers identify legal issues to raise to their OCSPP client offices. The purpose of the draft agenda is to focus the meeting on identified legal matters that will generate questions raised by OCSPP or OGC and/or client responses or legal advice provided by the offices. The withheld portions of the document are confidential and were only shared with those in EPA who had a need to know.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft agenda, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the legal matters raised in the draft agenda.

**Document ED_001338_00011126:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Avivah Jakob to Nancy Beck and Wendy Cleland-Hamnett with subject line "FOR CONCURRANCE RE: Udall chlorpyrifos" | July 31, 2017 | Avivah Jakob | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | Email from Avivah Jakob to Nancy Beck and Wendy Cleland-Hamnett with subject line "FOR CONCURRANCE RE: Udall chlorpyrifos" | | | |

This document consists of a string of two emails. The first email was transmitted on July 27, 2017 from Wendy Cleland-Hamnett, then-Acting Assistant Administrator of the OCSPP, to Avivah Jakob, Risk Management and Implementation Branch III, OPP, Pesticide Re-Evaluation Division. The second email was transmitted on July 31, 2017 from Avivah Jakob to Wendy Cleland-Hamnett and Dr. Beck. The

email was about EPA's response to Senator Tom Udall's June 29, 2017 letter to EPA regarding the chemical substance chlorpyrifos. Portions of the email were withheld pursuant to Exemption 5's deliberative process.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional deliberations between EPA staff and managers about how to respond to Senator Udall's letter to EPA about chlorpyrifos. At the time the email was created, EPA was crafting its draft response to Senator Udall's letter, and the withheld information comprises senior managers and staff discussing different approaches to the Agency's response. The email transmits the latest version of the draft response, and the withheld information includes potential approaches for responding and next steps in the letter's development process.

The withheld information is deliberative and reflects OCSPP staff's opinions and questions that were transmitted to OCSPP managers as part of the Agency's decision-making process for responding to the Senator's letter. In the withheld portions, the staff member was seeking further input from his manager on earlier guidance provided by his manager. This email does not represent a final agency action or decision.

Release of the withheld information would discourage open and frank discussions among its staff about responding to congressional requests. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning congressional requests. The withheld information was not circulated outside the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the Agency's response to Senator Udall's letter.

## Document ED_001338_00011801:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Jeff Morris to Nancy Beck with subject line "Arkema Comments re: EPA Guidance on Nanomaterials Data Call-in" | June 19, 2017 | Jeff Beck | 3 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Jeff Morris to Nancy Beck with subject line "Arkema Comments re: EPA Guidance on Nanomaterials Data Call-in" | | | |

The document is a string of five emails transmitted on June 19, 2017. The email string originated with a transmission from Rebecca Bernstein with Arkema, Inc., sent to Dr. Beck, related to the Guidance on

Nanomaterials Data Call-In. Portions of the email are being withheld under Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional deliberations between EPA employees and senior managers about the guidance for EPA's section 8(a) information gathering rule on nanomaterials in commerce. At the time the email was created, EPA was still in the process of working on and finalizing the Guidance, which was eventually finalized and released to the public by EPA in August 2017. The withheld information discusses potential milestones for development process for this guidance, as well as other TSCA matters.

The withheld information is deliberative because at the time the email was created, EPA employees were still internally discussing the development of EPA guidance on nanomaterials and issues pertaining to the guidance for this section 8(a) information gathering rule. The information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making processes for the guidance. The withheld information also reflects give-and-take discussions related to the milestones for developing such guidance. This email does not represent final agency action or decision.

Release of the withheld information would discourage open and frank discussions among its staff about its guidance for this TSCA section 8(a) information gathering rule. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning its guidance. The withheld information was not circulated outside the Agency.

*Exemption 6 Personal Privacy*

The withheld portions of the emails relate to direct personal contact information (direct telephone and cell phone) of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

There is no public interest in the individual's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

Portions of the withheld information also includes the direct phone number and address belonging to a third party that has been withheld under Exemption 6. Released information next to the redaction mark indicates the identity of the person to whom the redacted information belongs.  The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with an individual.

The third party has a significant personal privacy interest in preventing the burden of unsolicited calls and harassment that may result from disclosure of this information. The personal privacy interest of the third party far outweighs any minimal public interest in the individual's personal contact information. Since the third party's identity is disclosed, and therefore sheds light on who is party to the email chain, public disclosure of their direct phone number and address would not shed additional light on the performance of EPA employees' official duties who are a recipient of the email. There is therefore no public interest in disclosure of this type of information. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the guidance.

**Document ED_001338_00012385:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Asbestos Executive Summary REVISED Cleanogc.docx | June 12, 2017 | | 4 | Exemption 5 Deliberative Process and Attorney-Client Privileges |
| **Brief Description** | This draft document contains the executive summary portion of the Scope of the Risk Evaluation for Asbestos. | | | |

This document is a draft of the Executive Summary portion of the "Scope of the Risk Evaluation for Asbestos." The draft document was transmitted from an email, dated June 12, 2017, from Brian Grant, Assistant General Counsel in the Pesticides and Toxic Substances Law Office of OGC, to his clients in OCSPP.  Portions of the draft document are being withheld pursuant to Exemption 5's deliberative process and attorney client privileges.

*Exemption 5 Deliberative Process Privilege*

The draft document reflects pre-decisional deliberations between EPA staff, senior managers, and attorneys about the executive summary portion of the Scope of the Risk Evaluation for Asbestos. The draft document was circulated for internal review by OCSPP and OGC. At the time the document was created, the Agency had not yet issued the final scoping document for asbestos and EPA was still deliberating on various issues. The draft document incorporates edits provided by OGC and transmitted to the client office for its review and further discussion. The withheld document does not reflect official Agency policy or final agency action or decision.

The withheld information is deliberative because EPA attorneys, employees, and senior managers were still internally discussing issues pertaining to the scope of the risk evaluation for asbestos. The draft document was circulated for comments and edits, and the withheld information contains OGC's recommendations for revisions. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for issuing the final scoping document for asbestos. The withheld information reflects the give-and-take process of

developing the scoping document.

Release would discourage open and frank discussions among EPA attorneys, staff, and senior managers about the scope of risk evaluations for asbestos. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the scope of the risk evaluations. Furthermore, release would cause public confusion by disclosing rationales and reasons that were not in fact ultimately the grounds for EPA's final scoping document. The withheld information was not circulated outside the Agency.

*Attorney Client Privilege*

The withheld document comprises confidential communications between OGC attorneys and their OCSPP clients relating to the Executive Summary portion of the Agency's final document, "Scope of the Risk Evaluation for Asbestos."  The withheld information relates to a legal matter for which the client has sought legal advice. The document was circulated for legal review and accuracy between the client and attorney. Here, the attorney reviewed the record and provided recommendations to revise the executive summary. The draft document is confidential and was only shared with those who had a need to know within the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining.  Release of the withheld information would expose what occurred in the deliberative process between the creation of the draft and the issuance of the final document, which has been publicly released. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft executive summary.

## Document ED_001338_00012489:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| RiskEval-FRM_Response to DOJ comments_2017-06-09 (002)bg.lcrev.docx | June 9, 2017 | | 4 | Exemption 5 Deliberative Process and Attorney Client Privileges |
| **Brief Description** | Draft document containing EPA's response to the Department of Justice's comments on the TSCA Framework final draft rules | | | |

This draft document contains EPA's response to DOJ's comments on EPA's draft final rule for the Procedures for Chemical Risk Evaluation under the TSCA. The draft record is an attachment to an email that originated from Laurel Celeste, an OGC attorney in the Pesticides and Toxic Substances Law Office. Portions of the document are being withheld pursuant to Exemption 5's deliberative process and attorney client privileges.

*Exemption 5 Deliberative Process Privilege*

The draft document reflects pre-decisional deliberations on the TSCA Framework Rules between EPA staff and attorney about EPA's response to DOJ's comments. Information about the Framework Rules' development was shared with DOJ and OMB, who later met with EPA to discuss their comments.  The draft document includes those interagency comments on the TSCA Framework Rules, as well as EPA's draft response, which was circulated for internal review by OCSPP and OGC. At the time the document was created, the Agency had not yet completed its first year of TSCA Framework Rules, and EPA was still deliberating on various issues pertaining to those Rules. The withheld document does not reflect official Agency policy or decision. The authors do not have decision-making authority with respect to the final response to DOJ's comments.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the TSCA Framework Rules. The document was circulated for review and comment, and the information reflects a give-and-take process of developing the TSCA Framework Rules. The document reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to DOJ's comments. The draft document does not represent a final agency action.  The withheld information was not circulated outside the Agency.

Release would discourage open and frank discussions among its staff about responding to DOJ's comments. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning its response to DOJ's comments on the draft TSCA Framework Rules. Furthermore, release would cause public confusion by disclosing rationales and reasons that were not in fact ultimately the grounds for EPA's TSCA Framework Rules.

*Attorney Client Privilege*

The withheld information comprises confidential communications between attorneys in OGC and their OCSPP clients relating to the Agency's response to DOJ's comments to EPA's draft TSCA Framework Rules. The document was a product of discussions with DOJ attorneys and EPA, and EPA's draft responses to DOJ's legal advice was circulated for legal review and accuracy between the client and attorneys. The document contains both DOJ's legal advice, and an EPA OGC attorney's review of EPA's draft responses.  The draft document is confidential and was only shared with those who had a need to know in the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about development of the TSCA Framework Rules.

**Document ED_001338_00012641:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Jeff Morris to Nancy | June 20, 2017 | Jeff Morris | 3 | Exemption 5 Deliberative Process |

| Beck, Tanya Mottley, and Wendy Cleland-Hamnett with subject line "Chemical Watch publishes my article on the "null hypothesis" under TSCA § 5" | | | | Privilege and Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email from Jeff Morris to Nancy Beck, Tanya Mottley, and Wendy Cleland-Hamnett with subject line "Chemical Watch publishes my article on the "null hypothesis" under TSCA § 5" | | | |

The document is a string of three emails transmitted between June 19, 2017 and June 20, 2017. The email string originated from James Conrad with the Conrad Law and Policy Council, but later include internal discussions between OCSPP senior managers. The emails concern an article written by Mr. Conrad and published in the June 2017 issue of Chemical Watch's Global Business Briefing on why the TSCA New Chemicals program has become so slow and conservative since the 2016 TSCA Amendments. Portions of the email string were withheld under Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email string reflect internal, pre-decisional deliberations between OCSPP's senior managers about Mr. Conrad's article on the EPA New Chemicals program, particularly issues related to TSCA section 5. At the time the record was created, OCSPP staff and managers were discussing issues for meeting its statutory requirements for the New Chemicals program under TSCA. The withheld portions of the email string do not reflect official Agency policy or final agency action or decision.

The withheld information is deliberative because it contains internal staff opinions and discussions about Mr. Conrad's article and the proposition he advances. The withheld information reflects a back-and-forth discussion about the issues raised in the article from a third party. The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about responding to published news articles about the New Chemicals program and its efforts to address its backlog. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning published news articles about EPA programs and activities.

*Exemption 6 Personal Privacy*

The withheld portions of the emails relate to direct personal contact information (direct telephone and cell phone) of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

There is no public interest in the individuals' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

Portions of the withheld information also includes the direct phone and mobile numbers belonging to a third party that has been withheld under Exemption 6. Released information next to the redaction mark indicates the identity of the person to whom the redacted information belongs. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with an individual.

The third party has a significant personal privacy interest in preventing the burden of unsolicited calls and harassment that may result from disclosure of this information. The personal privacy interest of the third party far outweighs any minimal public interest in the individual's personal contact information. Since the third party's identity is disclosed, and therefore sheds light on who is party to the email chain, public disclosure of their direct phone number and address would not shed additional light on the performance of EPA employees' official duties who are a recipient of the email. There is therefore no public interest in disclosure of this type of information. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the article shared by Mr. Conrad.

**Document ED_001338_00013150:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Anna Lowit to Nancy Beck with subject line "chlorpyrifos" | June 16, 2017 | Anna Lowit | 3 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Anna Lowit to Nancy Beck with subject line "chlorpyrifos" | | | |

The document is a string of four emails transmitted between June 15, 2017 and June 16, 2017. The email string originated from Dr. Beck and includes other managers from OCSPP, including Anna Lowit, OCSPP Science Advisor to OPP. The emails pertain to EPA's response to a question received from the press about chlorpyrifos. Portions of the email string were withheld under Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

25

The withheld portions of the email string reflect pre-decisional deliberations between EPA employees about EPA's potential response to a press question about chlorpyrifos. At the time the document was created, EPA received questions from the June 15, 2017, U.S. House of Representatives Committee on Appropriations on a range of issues. The withheld information pertains to a press inquiry of such questions and how to respond to one specific question about the pesticide chlorpyrifos.  The withheld portions of the email string do not reflect official Agency policy or final agency action or decision.

The withheld information is deliberative because it contains internal staff opinions and discussions about EPA's response to the Congressional Committee's question about chlorpyrifos. The withheld information contains preliminary thoughts and reflects the give-and-take process of determining how the Agency will respond to the specific questions raised by the Congressional Committee. The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about responding to questions from Congress and the press about EPA programs and activities. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning how to respond to Congressional questions and press about EPA programs and activities.

*Exemption 6 Personal Privacy*

The withheld portions of the email relate to direct personal contact information (direct telephone and cell phone) of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

There is no public interest in the individual's direct personal contact information. The personal information redacted under Exemption 6 is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the Agency's response to both the Congressional and press questions.

**Document ED_001338_00013188:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|

| Email from Angela Hofmann to Nancy Beck, Ryan Schmit, and Wendy Cleland-Hamnett with subject line "Sent to OMB: Scopes for Risk Evaluation of First 10 Chemicals under TSCA" | June 12, 2017 | Angela Hofmann | 4 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email from Angela Hofmann to Nancy Beck, Ryan Schmit, and Wendy Cleland-Hamnett with subject line "Sent to OMB: Scopes for Risk Evaluation of First 10 Chemicals under TSCA" | | | |

This document consists of a string of seven emails. The emails were initially transmitted on June 12, 2017. The first email was transmitted from Angela Hoffman, Director of Regulatory Coordination for the OCSPP, to Danielle Jones, Jim Kim and Jim Laity, all with OMB. Other emails contain inter-agency communications between Ms. Hoffman and OCSPP senior managers.  Portions of the email were withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The email string pertains to the Scope of the Risk Evaluation of the first 10 chemicals under the TSCA. In December of 2016, EPA published a list of 10 chemical substances that are the subject of the Agency's initial chemical risk evaluations (81 FR 91927), as required by TSCA section 6(b)(2)(A). TSCA section 6(b)(4)(D) requires that EPA publish the scope of the risk evaluation to be conducted, including the hazards, exposures, conditions of use and potentially exposed or susceptible subpopulations that the Administrator expects to consider.

The withheld portions of the emails reflect pre-decisional deliberations between EPA OCSPP employees and their managers about various issues related to sending the draft Scopes for Risk Evaluation for the first 10 Chemicals to OMB. The email string discusses how multiple EPA offices and individuals should coordinate actions related to reviewing the draft scoping documents. The withheld information does not reflect an official Agency policy or final agency action or decision, as the information reflects discussions about options for the review process of the Scopes for Risk Evaluation document.

The withheld information is deliberative because it reflects internal discussions pertaining to what process EPA should engage in during the development of the draft Scopes for Risk Evaluation for the first 10 Chemicals to OMB.  Specifically, the withheld information reflects opinions and recommendations for how multiple EPA offices and individuals should coordinate review of the draft scoping documents. The withheld information was not circulated outside any federal agency.

Release of the withheld information would have a chilling effect on the Agency's ability to have open and frank discussions among its staff and managers about the Agency's draft scoping documents for the first 10 Chemicals. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations about the draft scoping documents.

*Exemption 6 Personal Privacy*

A portion of the withheld information also include the email address of a White House employee and the direct EPA desk and mobile phone numbers of a senior EPA manager, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information, email address and direct telephone lines of a senior manager, is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP and White House employee.

There is no public interest in the release of the White House employee's or senior manager's direct personal contact information because it does not shed light on the employees' official duties. The personal information is a White House email address and the senior manager's direct telephone and cell phone numbers. While the email address was withheld, the White House employee's name was released so that the public knows the identity of the employee. Moreover, the withheld cell phone and direct telephone number falls under Dr. Beck's signature block so it is apparent that the information belongs to Dr. Beck. This information was withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on Dr. Beck's direct lines or emails to a White House employee. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the development of the draft scoping document.

**Document ED_001338_00013257:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Tate Bennett to Nancy Beck and Holly Greaves with subject line "WPS" | June 6, 2017 | Tate Bennett | 3 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Tate Bennett to Nancy Beck and Holly Greaves with subject line "WPS" | | | |

This document consists of a string of five emails strings. The emails were transmitted on June 6, 2017. The first email was transmitted by Holly Greaves, EPA Chief Financial Officer, to Dr. Beck. Portions of the email string were withheld under FOIA Exemption 5's deliberative process privilege and Exemption 6.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email string reflect pre-decisional deliberations between EPA managers about the preparation for the Administrator for an upcoming hearing, scheduled for June 16, 2017, with the U.S. House of Representatives Appropriations Committee. Specifically, the two EPA managers were discussing the status of certain briefing documents and issues, including glyphosate, which may come up at the hearing and what information is still needed to prepare the Administrator. At the time the email string was created, EPA staff and managers were creating briefing information for the

Administrator.  This email string is a part of that process.  The withheld information contains thoughts between the senior managers and questions for following up with EPA staff.

The withheld information is deliberative because EPA employees and managers were still internally considering what topic and issues were necessary to prepare the Administrator for an upcoming Congressional hearing.  The withheld information reflects preliminary thoughts, recommendations, and opinions that were considered as part of the Agency's decision-making process for preparing the Administrator.  The withheld information was never adopted as a final agency policy, action or decision. The information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing discussion of how to prepare the Administrator for a Congressional hearing. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning preparation for a senior official's appearance before Congress.

*Exemption 6 Personal Privacy*

The withheld portions of email relate to direct personal contact information (direct telephone and cell phone) of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

There is no public interest in the individual's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case, to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the preparation of the Administrator before his appearance before Congress.

## Document ED_001338_00013283:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| RIN2070-AK23_EO12866_Prioritization-FRM_EPAResponse1_2017-06-07.docx | | | 20 | Exemption 5 Deliberative Process |

| Brief Description | The draft document is EPA's Response to Interagency Comments Received Via OMB on June 1, 2017, to the draft final rule of EPA's Procedures for Prioritization of Chemicals for Risk Evaluation Under the TSCA. |
|---|---|

The document is the draft EPA's Response to Interagency Comments Received Via OMB on June 1, 2017 to the draft final rule of EPA's Procedures for Prioritization of Chemicals for Risk Evaluation Under TSCA. EPA received interagency reviewer comments on the draft final rule from OMB and this draft document contains EPA's response to all of OMB's comments. Portions of the document are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft document reflects pre-decisional interagency deliberations between EPA staff and managers on a draft EPA's response to DOJ's comments.  DOJ's comments pertain to EPA's draft final rule for the Procedures for Prioritization of Chemicals for Risk Evaluation under TSCA. At the time the document was created, the Agency was engaged in interagency discussion on the draft final rule, and EPA still had not yet issued the final prioritization rule and EPA.  The withheld information contains EPA's draft response to OMB's comments on the draft final rule.  The author does not have decision-making authority with respect to the final rule.  The withheld information was not circulated outside the Agency.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the final rule for prioritization, including OMB's comments on the draft final rule. The document reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to OMB's comments on the draft final rule. The document was circulated for review by an OCSPP staff and sent to OGC attorneys and OCSPP senior managers and employees.  The withheld document does not reflect official Agency policy or final agency action or decision.

Release would discourage open and frank discussions among EPA managers, attorneys, and staff about how to respond to OMB's interagency comments on a draft final rule. Release would also have a chilling effect on agency decision-making processes during the development of a rule, and on the Agency's ability to have internal discussions and consultations concerning its response to OMB's comments on the draft final rule. Furthermore, release would cause public confusion by disclosing rationales and reasons that were not in fact ultimately the grounds for EPA's final prioritization rule.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about EPA's response to OMB comments on a draft final rule.

**Document ED_001338_00013607:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|

| Email from Susanna Blair to Nancy Beck with subject line "1st portion of RTC with comments" | June 15, 2017 | Susanna Blair | 8 | Exemption 5 Deliberative Process and Attorney Client Privileges and Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email from Susanna Blair to Nancy Beck with subject line "1st portion of RTC with comments" | | | |

The document consists of a string of fifteen emails related to the draft final rule for the Procedures for Chemical Risk Assessment under TSCA. The emails were initially transmitted on June 14, 2017. The first email was transmitted from Melissa Chun, Regulatory Coordination Staff, OCSPP, to Susanna Blair, OCSPP, Laurel Celeste, OGC, and Ann Johnson, Office of Policy. Ms. Chun copied other employees and managers in OCSPP and OGC on the initial email. Other emails contain inter-agency communications between EPA employees, managers, and attorneys. Portions of the email were withheld pursuant to Exemption 5's deliberative process and attorney client privileges as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The email string pertains to the OMB's second set of interagency comments on EPA's draft final rule for the Procedures for Evaluating Existing Chemical Risks Under the TSCA. The withheld portions of the emails reflect pre-decisional discussions between EPA OCSPP employees and their managers, as well as an OGC attorney related to EPA's response to OMB's comments. The final rule was published on July 20, 2017.  The email string discusses the process/method to utilize in preparing EPA's response. The withheld information does not reflect an official Agency policy or final agency action or decision, as the information reflects discussions about options for the review and response process of OMB's comments.

The withheld information is deliberative because it reflects internal discussions pertaining to what process EPA should utilize in drafting its response to OMB's comments. Specifically, the withheld information reflects opinions and recommendations for how multiple EPA offices and individuals should coordinate review of OMB's comments and EPA's response to OMB's comments.  The withheld information also provided impressions and analysis to the specific comments. The withheld information was not circulated outside any federal agency.

Release of the withheld information would have a chilling effect on the Agency's ability to have open and frank discussions among its staff and managers about the Agency's response to OMB's interagency comments to EPA's draft final rule.

*Attorney Client Privilege*

The redacted text reflects confidential communication between an OGC attorney, Laurel Celeste, and her OGC managers with their client, OCSPP. The withheld information relates to a legal matter for which the client has sought professional advice of its attorneys in OGC.  Here, the redacted text reflects Ms. Celeste's legal comments and impressions on issues on how to address the inter-agency comments. This communication was confidential and was only shared with the OCSPP employees who had a need to know.

31

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the individual's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about EPA's response to OMB's second set of interagency comments on EPA's draft final rule for the Procedures for Evaluating Existing Chemical Risks Under the Toxic Substance Control Act.

## Document ED_001338_00013626:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|-----------|--------------|
| OECA FAR Memo - final Risk Evaluation 53117.pdf | May 31, 2017 | | 3 | Exemption 5 Deliberative Process Privilege and Attorney Client Privileged |
| **Brief Description** | Office of Enforcement and Compliance Assurance draft memorandum addressing its final agency review of the draft final rule for Procedures for Chemical Risk Evaluation Pursuant to the Amended TSCA. | | | |

The document is a draft internal memorandum from Gregory Sullivan, Director, Waste and Chemical Enforcement Division of OECA to Angela F.  Hoffman, Director of the Regulatory Coordination Staff within the OCSPP. The subject of the draft memo is the final agency review of the draft final rule for Procedures for Chemical Risk Evaluation Pursuant to the Amended TSCA. The draft memorandum contains OECA's review, comments, and recommendations of the draft final rule. Portions of the document are being withheld pursuant to Exemption 5's deliberative process and attorney-client privileges.

*Exemption 5 Deliberative Process Privilege*

The draft withheld information reflects pre-decisional deliberations between EPA offices and provides OCSPP with OECA's review, comments, recommendations of the draft Procedures for Chemical Risk

Evaluation Pursuant to the Amended TSCA. Despite the fact that the memorandum is titled "final," OECA represented that it was still being reviewed by senior managers.  The draft memorandum provides OCSPP management and staff with a summary of the issues considered by OECA.  At the time the draft document was created, the Agency had not published the final rule on chemical risk evaluation and EPA was still developing the final rule.  The draft document was solely meant for OCSPP's consideration as it further worked on the draft rule. The rule was finalized and published on July 20, 2017.  The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the draft final rule for Procedures for Chemical Risk Evaluation. The withheld material encapsulates OECA's intra-agency comments and recommendations all of which was deliberative and subject to change at that time. All points listed in the document reflect staff's opinions and impressions of the information it possessed in the final agency review and presented information for the OCSPP Acting Assistant Administrator to deliberate and consider as the Agency's appropriate course of action going forward in promulgating the final risk evaluation rule.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to regulatory development of the Procedures for Chemical Risk Evaluation Pursuant to the Amended TSCA. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the development of the draft final rule.

*Attorney Client Privilege*

The redacted text reflects confidential communication between the OECA's attorneys and their client, OCSPP. The withheld information relates to a legal matter for which the OCSPP client has sought professional advice, related to enforcement of the developing regulation, of its attorneys in the OECA. Here, the redacted text reflects the OECA legal comments and impressions on enforcement issues on the draft rule. This communication was confidential and only shared with those EPA employees in OCSPP who had a need to know.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this OECA memorandum, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final Procedures for Chemical Risk Evaluation.

## Document ED_001338_00013660:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Wendy Cleland-Hamnett to Nancy Beck with | June 2, 2017 | Wendy Cleland-Hamnett | 3 | Exemption 5 Deliberative Process |

33

| | | | | and Exemption 6 Personal Privacy |
|---|---|---|---|---|
| subject line "INTERAGENCY COMMENTS RECEIVED: Procedures for Prioritization of Chemicals for Risk Evaluation Under TSCA (RIN 2070-AK23" | | | | |

| **Brief Description** | Email from Wendy Cleland-Hamnett to Nancy Beck with subject line "INTERAGENCY COMMENTS RECEIVED: Procedures for Prioritization of Chemicals for Risk Evaluation Under TSCA (RIN 2070-AK23" |
|---|---|

The document consists of a string of three emails. The emails were initially transmitted on June 3, 2017. The first email was transmitted from Peter Smith, Regulatory Coordination Staff, OCSPP, to Ryan Schmit, OCSPP, Laurel Celeste, OGC, and Mel Peffers, OCSPP. Mr. Peters copied other employees and managers in OCSPP and OGC on the initial email. Other emails contain internal communications between EPA employees and managers. Portions of the email were withheld pursuant to Exemption 5's deliberative process and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The email string pertains to OMB's interagency comments on EPA's draft final rule for the Procedures for Prioritization of Chemicals for Risk Evaluation Under the Toxic Substance Control Act. The withheld portions of the emails reflect pre-decisional discussions between EPA OCSPP employees and their managers related to EPA's response to OMB's comments. This email string discusses the process and method for preparing EPA's response. The rule was finalized and published on July 20, 2017. The withheld information does not reflect an official Agency policy or final agency action or decision, as the information reflects discussions about options for the review and response process of OMB's comments.

The withheld information is deliberative because it reflects internal discussions pertaining to what process EPA should utilize in drafting its response to OMB's comments. Specifically, the withheld information reflects opinions and recommendations for how multiple EPA office and individuals should coordinate review of OMB's comments and EPA's response to the comments. It also contains analysis on the substance of comments received. The withheld information was not circulated outside any federal agency.

Release of the withheld information would have a chilling effect on the Agency's ability to have open and frank discussions among its staff and managers about the Agency's response to OMB's interagency comments to EPA's draft final rule. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations about its response to OMB's comments. Furthermore, release would cause public confusion by disclosing rationales and reasons that may not in fact ultimately the grounds for EPA's final rule.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld

information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the individual's' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the emails, the selection of those facts an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about EPA's response to OMB's interagency comments on EPA's draft final rule.

## Document ED_001338_00014125:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Draft OCSPP Weekly Report – June 1, rns.docx | June 1, 2017 | | 3 | Exemption 5 Deliberative Process Privilege |
| **Brief Description** | The document is the OCSPP Immediate Office's draft weekly report for June 1, 2017. | | | |

This withheld-in-part document is the Office of Chemical Safety and Pollution Prevention's draft weekly report for June 1, 2017. The draft weekly report contains information about the total number of TSCA New Chemical Determinations as of June 1, 2017, identification of hot issues ongoing in OCSPP and their status; upcoming public events, and highlights from the previous week. EPA is withholding portions of this document in part under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because the purpose of the information was to update and inform OCSPP senior managers of the New Chemicals program's issues, including the backlog. The weekly report highlights the status of chemical determinations and important deadlines, as well as hot issues that were elevated so that managers can be aware of or make decisions on those issues.  The authors lacked decision-making authority and developed the withheld-in-part document to receive instructions and guidance from senior managers.

Portions of the document are deliberative because they contain information that was to be shared with the OCSPP senior managers. The withheld information reflects analysis and opinions on matters that are elevated for OCSPP senior managers.  The withheld information reflects a give-and-take discussion process on the part of shaping an EPA program to meet the requirements of a newly amended statute. The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussions between OCSPP staff and managers about the identification and elevation of hot issues and their status. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the New Chemicals program and identification of hot issues within OCSPP.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations about the identified issues, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the such identified matters that require senior managers' attention.

**Document ED_001338_00024116:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Cheryl Dunton and Linda Strauss with subject line blank | June 1, 2017 | Nancy Beck | 3 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Cheryl Dunton and Linda Strauss with subject line blank | | | |

**Document ED_001338_00014467:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Cheryl Dunton to Nancy Beck and Linda Strauss with subject line "RE:" | June 1, 2017 | Cheryl Dunton | 4 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Cheryl Dunton to Nancy Beck and Linda Strauss with subject line "RE:" | | | |

This document is a string of six emails. The first email was transmitted on June 1, 2017, to Dr. Beck. The emails reflect discussions between Dr. Beck, Cheryl Dunton (OCSPP Policy Analyst), and Linda Strauss (OCSPP Policy Analyst) pertaining to information about the new chemicals program and edits to a draft EPA webpage. Pages 2-4 of Document ED_001338_00014467 are identical to Document ED_001338_00024166, but Document ED_001338_00014467 contains one additional email string between Cheryl Dunton and Dr. Beck. Portions of the email are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the documents contain pre-decisional deliberations between EPA employees and a senior manager in OCSPP about the development of a webpage for the New Chemicals program.

Specifically, the employee was providing the manager with draft language about the New Chemical Program and the staff and manager are editing and commenting on the draft text.  At the time the email strings were created, the Agency was internally discussing issues related to the New Chemical Program's implementation of the TSCA requirements. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not circulated outside EPA.

The withheld information is deliberative because at the time EPA employees and managers were still internally discussing the content of a draft webpage text and the New Chemical program's implementation of the TSCA requirements. The withheld information reflects staff analysis, recommendations and opinions that were considered as part of the Agency's discussion of the New Chemical program's implementation of the TSCA requirements and how to present the information to the public through EPA's website. The withheld portions contain edits and revisions to draft text made by OCSPP staff and managers.

Release of the withheld information would discourage open and frank discussions among Agency staff about the Agency's New Chemical program and its implementation of the TSCA requirements. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the Agency's New Chemicals program as it implements the TSCA.

*Exemption 6 Personal Privacy*

The withheld portions of emails relate to direct personal contact information, i.e., direct telephone and cell phone, of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the OCSPP senior manager.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in the email strings has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the New Chemicals program and the Agency's implementation of the TSCA requirements.

**Document ED_001338_00014496:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Linda Strauss to Nancy Beck and Cheryl Dunton with subject line "New chemicals web" | May 31, 2017 | Linda Strauss | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Linda Strauss to Nancy Beck and Cheryl Dunton with subject line "New chemicals web." | | | |

This document is a string of three emails. The first email was transmitted on May 31, 2017 from Ryan Schmitt, OCSPP Special Assistant, to Dr. Beck, and Wendy Cleland-Hamnett, OCSPP Acting Assistant Director. The emails pertain to the draft webpage of the New Chemicals program for EPA's website. Portions of the email are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the document contain pre-decisional deliberations between EPA employees and a senior manager in OCSPP. Specifically, the employees were providing the manager with statistical information regarding the new chemicals reviewed and their status to be included on the New Chemicals program webpage on EPA's website. At the time the email was created, the Agency was internally discussing what information to include on the New Chemicals program webpage and what the site should look like. The withheld information was not circulated outside EPA.

The withheld information is deliberative because at the time EPA employees and managers were still internally discussing the content of the draft webpage. The withheld information reflects analysis, recommendations and opinions that were considered as part of the Agency's overall decision-making process for developing the draft webpage for the New Chemicals program. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's New Chemicals program webpage on EPA's website. Release would also have a chilling effect on agency decision-making processes in developing a website to inform the public about the New Chemicals program, and on the Agency's ability to have internal discussions and consultations concerning the Agency's New Chemicals program webpage.

*Exemption 6 Personal Privacy*

The withheld portions of email relate to direct personal contact information, i.e., direct telephone and cell phone, of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

38

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the new chemicals webpage.

**Document ED_001338_00014507:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Richard Keigwin to Nancy Beck with subject line "quick questions" | June 5, 2017 | Richard Keigwin | 5 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Richard Keigwin to Nancy Beck with subject line "quick question." | | | |

This document is a string of four email messages. The first email was transmitted on June 5, 2017 from Dr. Beck to Richard Keigwin, the Acting Director of OPP. The emails pertain to the pesticide registration review process and timing as it relates to preparing for EPA's budget books. Portions of the email are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email string reflect pre-decisional deliberations between an EPA manager and his senior OCSPP manager, where questions about the pesticide registration review process for chlorpyrifos were asked. At the time the emails were created, the EPA staff was working on the Agency's budget and the senior OCSPP manager needed information about the registration review process for certain pesticides, including chlorpyrifos.  The withheld portions of the email string do not reflect official Agency policy or a final agency action or decision. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because, OCSPP managers were internally discussing the pesticide registration review process for certain pesticides as part of preparing the office budget. The withheld information reflects analysis, recommendations, and opinions between the managers on the email string. Questions from one manager were raised, and another responded to her question by giving

relevant background information and proposed options for next steps. The withheld information reflects the give-and-take process of intra-office discussions on issues related to the budget.

Release of the withheld information would discourage open and frank discussions among its staff about issues related to the preparation of the OCSPP budget. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning questions about substantive issues that impact the budget development.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the email string. To the extent there are facts within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about substantive issues that were considered as part of the development of the OCSPP budget.

## Document ED_001338_00014518:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Anna Lowit to Nancy Beck with subject line "Role of epi data in OPP's human health risk assessments" | June 1, 2017 | Anna Lowit | 4 | Exemption 5 Deliberative Process Privileges and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Anna Lowit to Nancy Beck with subject line "Role of epi data in OPP's human health risk assessments" | | | |

## Document ED_001338_00014561:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Richard Keigwin to Nancy | May 30, 2017 | Richard Keigwin | 3 | Exemption 5 Deliberative Process |

| Beck with subject line "Role of epi data in OPP's human health risk assessments" | | | | Privilege and Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email from Richard Keigwin to Nancy Beck with subject line "Role of epi data in OPP's human health risk assessments" | | | |

## Document ED_001338_00025173:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Richard Keigwin with subject line "Role of epi data in OPP's human health risk assessments" | May 30, 2017 | Nancy Beck | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Richard Keigwin with subject line "Role of epi data in OPP's human health risk assessments" | | | |

Document ED_001338_00014518 is a string of five emails, and includes Document ED_001338_00025173 (a string of two emails) and Document ED_001338_00014561 (a string of three emails).

Within Document ED_001338_00014518, the first email was transmitted on May 22, 2017 from Richard Keigwin, then-Acting Director of OPP, to Dr. Beck.  Other OCSPP employees were included on the email discussion. The emails pertain to the role of epidemiology data in OPP's human health risk assessments. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email strings contain pre-decisional deliberations between a senior science advisor in OPP, her direct manager, and a senior manager in OCSPP on the role of epidemiology data in OPP's risk assessments. Specifically, the two OPP employees were providing the senior manager with information and supporting documentation in response to her questions and comments on the role of epidemiology data in OPP's human health risk assessments. At the time the email strings were created, the OPP was briefing the senior manager on such issues. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not circulated outside EPA.

The withheld information is deliberative because it reflects OCSPP employees and managers internally discussing issues and questions on the role of epidemiology data in human health risk assessments. The withheld information reflects analysis, recommendations, and opinions that were a result of questions posed by the senior manager and a briefing of manager on the issues.  Here, the email strings first started as a response to the senior manager's questions.  The remaining emails is a discussion and follow-up to those questions.  The withheld information was considered as part of the Agency's deliberations on the role of epidemiology data in OPP's human health risk assessments.

Release of the withheld information would discourage open and frank discussions among OCSPP managers and staff about determining the role of epidemiology data in OPP's human health risk assessments. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the role of epidemiology data in the future of OPP's human health risk assessments. The withheld information was not circulated outside the Agency.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in the documents have been released, and there is no reasonably segregable information remaining in the email strings. To the extent there is factual information contained within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations on internal discussions in determining the role of epidemiology data in OPP's human health risk assessments. The factual information contained therein is also inextricably intertwined with the overall deliberative discussion concerning the role of epidemiology data in OPP's human health risk assessments.

## Document ED_001338_00014763:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Samantha Dravis to Nancy Beck with subject line "OCSPP document for FR" | May 31, 2017 | Samantha Dravis | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Samantha Dravis to Nancy Beck with subject line "OCSPP document for FR." | | | |

The document is a string of two emails, originating from Dr. Beck, to Samantha Dravis, Associate Administrator for the Office of Policy.  Dated May 31, 2017, the email string discusses EPA actions that were being reviewed by the Office of Policy.  Portions of the email string are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between two EPA Senior Managers on an agency action that was being reviewed by the Office of Policy prior to being published in the Federal Register. Specifically, the OCSPP senior manager provided her recommendation on an OCSPP action that was sent to the Office of Policy for its internal review. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not shared outside the Agency.

The withheld information is deliberative because EPA managers were internally discussing an agency document that was going to internal review prior to being published in the Federal Register. The withheld portions of the email contain opinions and recommendations from Dr. Beck to Ms. Dravis. This information was considered as part of the Agency's review and development of a draft document before it was published in the Federal Register.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about the review of an OCSPP draft document. Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning a draft publication.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of a senior manager, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the OCSPP documents published in the Federal Register.

**Document ED_001338_00014822:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|

| Email from Nicole Owens to Nancy Beck, Samantha Dravis and Brittany Bolen with subject line "Clearing more OCSPP backlog" | May 23, 2017 | | 3 | Exemption 5 Deliberative Process |
|---|---|---|---|---|
| **Brief Description** | Email string between Nancy Beck and Office of Policy staff and managers containing subject line "Clearing more OCSPP backlog" | | | |

## Document ED_001338_00015448:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Samantha Dravis and Brittany Bolen with subject line "Clearing more OCSPP backlog" | May 22, 2017 | Nancy Beck | 2 | Exemption 5 Deliberative Process Privilege |
| **Brief Description** | Email from Nancy Beck to Samantha Draper and Brittany Bolen with subject line "Clearing more OCSPP backlog" | | | |

The documents are two strings of emails between Dr. Beck and senior managers in the EPA Office of Policy regarding OCSPP's regulatory activities.  Document ED_001338_00015448 is one email that is contained in the email string of Document ED_001338_00014822.  Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email strings contain pre-decisional deliberations between two senior managers regarding regulatory actions that were in consideration by the two offices. Specifically, the senior manager was discussing the status of the New Chemicals program's actions that were in in the process of being reviewed by the Office of Policy. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.  The withheld information was not shared outside the Agency.

The withheld information is deliberative because the withheld portions of the email strings contain analysis and recommendations from Dr. Beck that was shared with the Office of Policy.  Specifically, the emails contain her opinions and recommendations for future actions on the New Chemicals program, which was considered by the Office of Policy as the OCSPP actions progressed through the Agency development and approval process.  The withheld information also reflects the give-and-take process of intra-Agency action review process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about clearing the OCSPP New Chemical program backlog and agency review process. Further, disclosure would have a chilling effect on the agency decision-making process on approving a document for publication, and on the Agency's ability to have internal discussions and consultations concerning the status of an OCSPP action in review.

*Segregability*

All non-exempt responsive information in the emails have been released and there is no reasonably segregable information remaining in the withheld portions of the email strings. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations about the next steps for certain OCSPP actions being reviewed by the Office of Policy.  The factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the OCSPP documents that are in intra-agency review.

## Document ED_001338_00014935:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Summary of use of epi for cpfosops_May222017.docx | | | 8 | Exemption 5 Deliberative Process |
| **Brief Description** | This withheld-in-part document contains the "Summary & Recent History on the Use of Epidemiology in the Human Health Risk Assessments of Chlorpyrifos and other Organophosphate Pesticides," which is a briefing document for a senior manager. | | | |

This withheld-in-part document contains the "Summary and Recent History on the Use of Epidemiology in the Human Health Risk Assessments of Chlorpyrifos and other Organophosphate Pesticides."  The document was sent to Dr. Beck from Richard Keigwin, Acting Director of OPP.  Except for the title of the document, the draft document was withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The "Summary and Recent History on the Use of Epidemiology in the Human Health Risk Assessments of Chlorpyrifos and other Organophosphate Pesticides" is pre-decisional because the briefing document was created for a senior manager in OCSPP to help her understand the role of epidemiology data in OPP's risk assessments.  Specifically, in response to a question posed by Dr. Beck, the OPP employees were providing the senior manager with information and supporting documentation in response to her questions and comments on the role of epidemiology data in OPP's human health risk assessments.  At the time the email was created, the OPP was briefing the senior manager on such issues. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not circulated outside EPA.

The withheld information is deliberative because it reflects OCSPP employees and managers internally discussing issues and questions on the role of epidemiology data in human health risk assessments. The withheld briefing document reflects analysis, recommendations, and opinions that were a result of questions posed by the senior manager and a briefing of manager on the issues.  Here, the briefing document provides a selection of information that responds to Dr. Beck's question.  The withheld information was considered as part of the Agency's deliberations on the role of epidemiology data in OPP's human health risk assessments.

Release of the withheld information would discourage open and frank discussions among OCSPP managers and staff about determining the role of epidemiology data in OPP's human health risk assessments. Release would also have a chilling effect on agency decision-making processes, and on the

Agency's ability to have internal discussions and consultations concerning the role of epidemiology data in the future of OPP's human health risk assessments. The withheld information was not circulated outside the Agency.

*Segregability*

All non-exempt responsive information in this document has been released, and there is no reasonably segregable information remaining in the email string. To the extent there is factual information contained within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations on internal discussions in determining the role of epidemiology data in OPP's human health risk assessments. The factual information contained therein is also inextricably intertwined with the overall deliberative discussion concerning the role of epidemiology data in OPP's human health risk assessments.

**Document ED_001338_00015038:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Email from Nicole Owens to Samantha Dravis and Nancy Beck with subject line "one more from the OCSPP backlog" | May 26, 2017 | Nicole Owens | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email string between managers in the OCSPP and Office of Policy, with subject line "one more from the OCSPP backlog" | | | |

The document is a string of three emails between managers in the OCSPP and the Office of Policy. Originating from an email dated May 26, 2017, the email string pertains to an OCSPP document that was undergoing review in the Office of Policy. Portions of the document are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between two senior managers regarding regulatory actions that were in consideration by the two offices. Specifically, the senior manager was discussing the status of certain OCSPP actions that were in in the process of being reviewed by the Office of Policy. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not shared outside the Agency.

The withheld information is deliberative because the withheld portions of the email contain analysis and recommendations from Dr. Beck to the Office of Policy. Specifically, it contains her opinions and recommendations for future action, which was considered by the Office of Policy as the OCSPP actions progressed through the Agency development and approval process. The withheld information also reflects the give-and-take process of intra-Agency action review process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about clearing the OCSPP backlog and agency review process. Further, it would have a

chilling effect on the agency decision-making process on approving a document for publication, and on the Agency's ability to have intra-agency discussions and consultations concerning the status of an OCSPP action in review.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of a senior official, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the OCSPP documents published in the Federal Register.

## Document ED_001338_00015046:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Statistics for the New Chemicals Review Program under TSCA.docx | May 31, 2017 | Cheryl Dunton | 5 | Exemption 5 Deliberative Process |
| **Brief Description** | The draft webpage of "Statistics for the New Chemicals Review Program under TSCA." This document is a later version of Document ED_001338_00015111. | | | |

## Document ED_001338_00015111:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Web Messaging – added to Statistics for the New Chemicals Review Program.docx | May 31, 2017 | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | The draft document contains a draft webpage for the New Chemicals program. This document is an earlier version of Document ED_001338_00015046. | | | |

The withheld information are two developing drafts for the New Chemicals program webpage. The drafts were prepared by OCSPP staff for the New Chemicals statistics webpage. Doc ED_001338_00015046 is a later version of Document ED_001338_00015111.  Portions of the documents are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the documents are pre-decisional because it contains two drafts of a webpage that were being developed by the OCSPP staff and their managers. The documents were developed initially by a program analyst Linda Strauss on May 31, 2017, and was further revised by another program analyst, Cheryl Dunton.  The drafts contain recommendations on how to fix the draft webpage. The draft documents were shared with others in OCSPP for their review and input on improving the draft webpage.  The draft documents do not reflect an official Agency policy or decision, as there were still being developed.  The withheld information was not circulated outside of EPA.

The withheld portions of the documents are deliberative because at the time the documents were created, OCSPP managers and staff were editing the webpage.  The draft webpages reflect analysis, opinions, and recommendations on the content of the webpage and how certain issues should be discussed.  The authors do not have decision-making authority with respect to the New Chemicals statistics webpage. The withheld information also reflects the give-and-take consultative process in developing an agency webpage.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's New Chemicals statistics webpage. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the New Chemicals statistics webpage. The withheld information was not circulated outside the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the draft webpage. To the extent there are facts in the withheld portions of the draft webpage, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the draft webpage.

**Document ED_001338_00015120:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email with subject line "more OCSPP backlog" | May 25, 2017 | Angela Hoffman | 5 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Angela Hoffman to Ryan Schmit, Nancy Beck, and Peter Smith with subject line "more OCSPP backlog" | | | |

48

This document is a string of six email messages. The email string originated from Nicole Owens, former Director of EPA's Regulatory Management Division, and was sent to Dr. Beck on May 25, 2017. Other emails in this string are between Dr. Beck, Deputy Assistant Administrator, Ryan Schmitt, OCSPP Special Assistant, Peter Smith, Regulatory Coordination Staff, and Angela Hoffman, OCSPP Supervisory Program Analyst. The emails pertain to OCSPP documents awaiting publication in the Federal Register. The email string also contains eight attachments, two of which were withheld in full and the remainder were not responsive. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between OCSPP staff and senior managers regarding regulatory actions that were in development at the time the emails were created. Specifically, the senior manager and staff were discussing the status of certain OCSPP actions that were in the process of still being reviewed by members of OCSPP. The withheld information also contains questions and responses about the process of developing the actions and recommendations for next steps. The withheld information does not reflect an official Agency policy or final agency action or decision. The withheld information was not shared outside the Agency.

The withheld information is deliberative because the withheld portions of the email contain questions, analysis and recommendations between the OCSPP staff and managers on the pending actions. Specifically, the withheld information contains a discussion between staff and managers on a number of actions that were still in development and review. Responses to questions contain recommendations on courses of actions. The withheld information also reflects the give-and-take process of intra-Agency action review process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about clearing the OCSPP backlog and agency review process. Further, it would have a chilling effect on the agency decision-making process on approving a document for publication, and on the Agency's ability to have internal discussions and consultations concerning the development of the Agency actions.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior managers' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the email string. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations pertaining to the development of the Agency actions. The factual information contained therein is inextricably intertwined with the deliberative discussion about the OCSPP documents as they are being reviewed and finalized for publication.

## Document ED_001338_00015213: Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Email from Wendy Cleland-Hamnett to Nancy Beck with subject line "RE" | May 30, 2017 | Wendy Cleland-Hamnett | 3 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email string between senior OCSPP managers and the EPA Chief of Staff with subject line "RE" | | | |

This document is a string of five email messages. The email string originated on May 29, 2017, from Ryan Jackson, Chief of Staff and sent to Dr. Beck, and Wendy Cleland-Hamnett, then-OCSPP Acting Assistant Administrator. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between OCSPP senior managers and the EPA Chief of Staff about the New Chemicals program. Specifically, the senior manager was responding to the Chief of Staff's question regarding issues being addressed in the New Chemicals program.  In response to Mr. Jackson's questions, the OCSPP senior managers provided him with some options and follow-up questions.  The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not circulated outside EPA.

The withheld information is deliberative because the withheld information reflects the back-and-forth discussion between senior officials on the New Chemicals program.  The originating email included questions posed by the Chief of Staff, and responses were provided by the OCSPP senior managers. The responses include recommendations and opinions on the issues raised by Mr. Jackson.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing discussion of issues related to the New Chemicals program. Release would also have a chilling effect on agency decision-making processes pertaining to the improvement of the program, and on the Agency's ability to have internal discussions and consultations on the New Chemicals program.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of two individuals, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP and the Agency's Chief of Staff.

There is no public interest in the senior managers' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on their direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the New Chemicals program's backlog.

**Document ED_001338_00015339:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|-----------|--------------|
| Email string with subject line "17T-0027 (P-11-482) SNUR ready for web posting" | May 30, 2017 | Peter Smith | 5 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email string with subject line "17T-0027 (P-11-482) SNUR ready for web posting" | | | |

This document is a string of six email messages. The first email originated from Kenneth Moss, Team Leader, New Chemicals Program, to Karen Boswell, staff in the Chemical Controls Division in OCSPP, on February 27, 2017. Other emails in the string were between Peter Smith, OCSPP Regulatory Coordination Staff, Dr. Beck, and Maria Doa, OCSPP Director, Chemical Control Division. The emails pertain to the web posting of a proposed SNUR under the TSCA.   Portions of the email string are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the emails reflect pre-decisional deliberations between EPA OCSPP employees and their managers about the web posting of the SNUR under the TSCA for one chemical substance.  At the time the email string was created, OCSPP staff and managers were still editing and discussing posting of the SNUR. The withheld language contains suggestions for editing and a discussion of those edits.  The withheld portions of the emails do not reflect official Agency policy or final agency action or decision. The withheld information was not circulated outside of EPA.

The withheld information is deliberative because it reflects a back-and-forth discussion of late edits to a web posting of a SNUR.  The information includes recommendations, analysis, and opinions pertaining to edits on a SNUR web posting. The withheld information does not reflect a final agency action, only the thoughts and deliberations between EPA staff and managers on suggested edits for a web post.  The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about review and commenting on documents that would be posted for public website. Release would also have a chilling effect on agency decision-making processes on the development of EPA's website, and on the Agency's ability to have internal discussions and consultations concerning the development process of EPA documents and websites.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of senior managers, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior managers' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individuals in this case is to prevent possible burden of unsolicited calls on their direct lines. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individuals as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the email string. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations of developing the web posting for the SNUR, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the suggested edits to the web posting.

**Document ED_001338_00015472:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Jeff Morris to Wendy Cleland-Hamnett, Nancy Beck, Ryan Schmit and Louise Wise with subject line "PMN numbers" | May 16, 2017 | Jeff Morris | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Jeff Morris to Wendy Cleland-Hamnett, Nancy Beck, Ryan Schmit, and Louise Wise with subject line "PMN numbers" | | | |

**Document ED_001338_00015854:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Wendy Cleland-Hamnett to Nancy Beck, Ryan Schmit and Louise Wise with subject line "PMN numbers" | May 16, 2017 | Wendy Cleland-Hamnett | 2 | Exemption 5 Deliberative Process and Exemption 6 Personal Privacy Privileges |
| **Brief Description** | Email from Wendy Cleland-Hamnett to Nancy Beck, Ryan Schmit and Louise Wise with subject line "PMN numbers" | | | |

The records are two email strings (two emails in 15854; three emails in 15472) email messages originated from Dr. Beck and transmitted to Jeff Morris, Director, OPPT, Wendy Cleland-Hamnett, OCSPP Acting Assistant Administrator, Ryan Schmit, OCSPP Special Assistant, and Louise Wise, OCSPP Deputy Assistant Administrator. The emails pertain to the backlog of PMNs. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the two strings of email contain pre-decisional deliberations between EPA senior managers within OCSPP on issues related to PMN reviews. Specifically, the senior managers were discussing the chemical review backlog and how best to address the issues in the New Chemical program.  At the time the emails were created, the Agency was internally discussing issues related to the backlog of review of new chemicals. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not circulated outside EPA.

The withheld information is deliberative because at the time the emails were created, EPA staff were still internally discussing issues related to the PMN review backlog. The withheld information reflects the managers' analysis, recommendations, and opinions that were discussed as part of addressing issues associated with the PMN review backlog. The withheld information also reflects the give-and-take consultative process for improving the New Chemicals program.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the new chemicals review backlog. Release would also have a chilling effect on agency decision-making processes related to addressing the PMN review backlog, and on the Agency's ability to have internal discussions and consultations concerning this issue.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in the records have been released, and there is no reasonably segregable information remaining in the email strings. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations on the PMN backlog, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the new chemicals review backlog.

## Document ED_001338_00015879:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Guidance for developing TSCA risk evaluations_version_050717_provided to NBeck on 052317.docx | May 7, 2017 | OCSPP staff and Dr. Beck | 151 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is a draft of "Guidance to Assist Interested Persons in Developing and Submitting Draft Risk Evaluations Under the Toxic Substances Control Act" that has been released to the public. | | | |

## Document ED_001338_00016774:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Guidance for developing TSCA risk evaluations_version_050817.pdf | May 8, 2017 | | 125 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is an early working draft of "Guidance to Assist Interested Persons in Developing and Submitting Draft Risk Evaluations Under the Toxic Substances Control Act." | | | |

The withheld 151-page and 125-page documents are working drafts of EPA Document 740-R17-001, "Guidance to Assist Interested Persons in Developing and Submitting Draft Risk Evaluations Under the Toxic Substances Control Act" (Guidance).  Except for the title page of Document ED_001338_00015879, the draft documents were withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft documents, dated May 7 and 8, 2017, are pre-decisional because at the time, the Agency was still developing the Guidance, which was later finalized on June 22, 2017.  The draft documents represent early working drafts for OPPT staff to develop the guidance to assist interested persons in

submitting draft risk evaluations through give and take deliberations circulated between staff prior to sending the document through the management chain for ultimate approval. The draft documents do not reflect an official Agency policy or decision, as it was still being developed. The draft documents were also not shared outside the Agency.

The documents are deliberative because Agency discussions about the risk evaluations were still ongoing at the time. The withheld documents reflect analysis, recommendations, and opinions of OCSPP staff and managers that were considered as part of the Agency's overall decision-making process for the risk evaluation guidance for chemical substances. The draft documents incorporate the OCSPP Deputy Assistant Administrator's edits, comments, and recommendations.  The draft documents were shared by Dr. Beck to OCSPP staff after completing her initial review on the draft Guidance.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft Guidance. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have intra-agency discussions and consultations concerning the draft Guidance.  Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the working drafts of the final Guidance, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final Guidance.

## Document ED_001338_00015910:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Richard Keigwin to Nancy Beck with subject line "Pesticide items - Phase 3" | May 20, 2017 | Richard Keigwin | 5 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Richard Keigwin to Nancy Beck with subject line "Pesticide items -Phase 3" | | | |

This document is a string of four email messages between Dr. Beck and Richard Keigwin, Acting Director of OPP. The following individuals were copied in this correspondence: Avivah Jakob, OPP, Pesticide Re-Evaluation Division; Louise Wise, Deputy Assistant Administrator, OCSPP; and Wendy Cleland-Hamnett, Acting Assistant Administrator, OCSPP. The emails pertain to clearing out OCSPP backlog items with the Office of Policy. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional deliberations between two OCSPP managers regarding pesticides actions that were undergoing Agency review and consideration. Specifically, the senior manager was discussing the status of certain pesticides matters, including chlorpyrifos, and posed a number of questions to the Director of OPP. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.  The withheld information was not shared outside the Agency.

The withheld information is deliberative because the withheld portions of the email contain questions, analysis, and recommendations between Dr. Beck and Mr. Keigwin.  Specifically, it contains Dr. Beck's questions, Mr. Keigwin's opinions and recommendations for future action, and Dr. Beck's response. This information was considered by OCSPP as it moved its actions through the Agency development and approval process.  The withheld information also reflects the give-and-take process of intra-Agency action review process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about clearing the OCSPP pesticides review process.  Further, it would have a chilling effect on the agency decision-making process on approving a document for publication, and on the Agency's ability to have internal discussions and consultations concerning the pesticides actions.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is her direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining in the withheld portions of the email string. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations about the next steps for certain OCSPP pesticides actions under review. The factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the OCSPP documents that are in intra-agency review.

**Document ED_001338_00016046:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|

| Stakeholder Contributions to Use Information -5-23-17 - FINAL.docx | May 23, 2017 | Alison Pierce, OPPT staff | 5 | Exemption 5 Deliberative Process |
|---|---|---|---|---|
| **Brief Description** | The document is an internal briefing paper that addresses how public comments, stakeholder contributions, and information from other Federal agencies could inform the development of the "Scope of the Risk Evaluations to be Completed for the First Ten Chemical Substances under TSCA." | | | |

The withheld document is an internal briefing paper that addresses how public comments, stakeholder contributions, and information from other Federal agencies informed the development of the scope documents for the risk evaluations for each of the ten priority chemicals. The document was prepared by staff in OPPT and was shared with Wendy Cleland-Hamnett, OCSPP Acting Assistant Administrator, and Nancy Beck, Deputy Assistant Administrator. Portions of the document are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because at the time it was created, the Agency was still in the process of developing the "Scopes of Risk Evaluations to Be Conducted for the First Ten Chemical Substances under [TSCA]."  The documents were finalized and released to the public on June 22, 2017. This information was presented to OCSPP senior managers to assist them in determining the appropriate course of action going forward on the scoping documents. The authors do not have any decision-making authority with respect to the issues covered in the briefing paper. The document does not represent a final agency action, but instead highlight the deliberations senior managers were considering at the time the document was created. The withheld information was not circulated outside EPA.

The withheld information is deliberative because EPA employees and managers were still developing the "Scopes" document.  This document was created to brief managers on options for ensuring that the public best utilizes the information in the "Scopes" document.  The withheld information reflects analysis, recommendations, and opinions developed by OCSPP staff for managers so that they can consider the options for maximizing the public's use of this information.  The withheld information reflects a give-and-take discussion process on the part of developing scoping documents to meet the requirements of a newly amended statute.

Release of the withheld information would discourage open and frank discussions among its staff about developing the "Scopes" Document.  Release would also have a chilling effect on agency decision-making processes related to the issues presented in the briefing paper, and on the Agency's ability to have internal discussions and consultations concerning the scoping documents for the first ten chemicals.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the briefing paper. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning various options considered by the Agency and its senior managers.

**Document ED_001338_00018234:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Email with subject line "New Chems Stats and Explanatory info re Backlog Reduction/Elimination for 8/7 Rollout" | July 27, 2017 | Christopher Blunck | 2 | Exemption 5 Deliberative Process Privilege |
| **Brief Description** | Email from Christopher Blunck to Wendy Cleland-Hamnett and Nancy Beck with subject line "New Chems Stats and Explanatory info re Backlog Reduction/Elimination for 8/7 Rollout" | | | |

The document is an email transmitted on July 27, 2017, from Chris Blunck, OCSPP Special Assistant and Policy Advisor, OPPT, to Wendy Cleland-Hamnett, OCSPP Acting Assistant Administrator, and Nancy Beck, OCSPP Deputy Assistant Administrator. Other OCSPP employees were copied on the email. The email pertains to the New Chemical program statistics and information about the chemical review backlog. Portions of the email are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the emails are pre-decisional because the OCSPP Special Assistant and senior manager were discussing issues related to the New Chemicals program backlog.  Specifically, the Special Assistant was providing information as a follow-up to questions asked by Dr. Beck at an earlier meeting.  Mr. Blunck provided his manager with additional information about the New Chemical program's statistics, as well as provided draft language on the issue. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.  The withheld information was not circulated outside EPA.

The withheld information is deliberative because at the time EPA employees and managers were still internally discussing issues related to the New Chemical program's backlog and how best to address it. The withheld information reflects Mr. Blunck's analysis, recommendations and opinions that Dr. Beck considered as part of the Agency's overall decision-making process for addressing the New Chemical program's backlog.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about clearing the New Chemicals program's backlog.  Further, it would have a chilling effect on the agency decision-making process on how to address this pressing issue, and on the Agency's ability to have internal discussions and consultations concerning how to present the information to the public.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining in the email. To the extent there is factual information contained within the withheld portions of the email, the selection of those facts is an integral part of the

deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the New Chemicals program's backlog.

**Document ED_001338_00018487:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Glyphosate RPK (002).docx | July 28, 2017 | | 2 | Exemption 5 Deliberative Process |
| **Brief Description** | The withheld document is a draft briefing document sent to a senior OCSPP manager for her review. | | | |

The withheld information is the briefing document on glyphosate that was prepared by the Office of Pesticides Program staff for review by Dr. Beck. Portions of the document are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because it is a draft briefing document on glyphosate that was shared with a senior manager for her review and comments.  At the time the document was created, OPP prepared this draft briefing document to share with senior managers in order to get them up to speed on glyphosate issues. The briefing document contains hot issues, analysis of EPA activities, and decision-making points for future consideration. The withheld portions of the document do not reflect official Agency policy or decision.  The creator of the document does not have decision-making authority with respect to any future actions related to the chemical substance. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because it reflects the OPP staff's analysis, opinions, and recommendations about what is important to include in the glyphosate briefing materials.  The document was sent to Dr. Beck for her review and analysis.  Furthermore, the document highlights hot issues for senior managers and potential decision points for future consideration.  The draft document reflects a give-and-take process on the part of those involved in discussing future actions related to glyphosate.

Release of the withheld information would discourage open and frank discussions among its staff about issues to consider when briefing senior managers on this chemical substance. Release would also have a chilling effect on agency decision-making processes on glyphosate, and on the Agency's ability to have internal discussions and consultations on preparing for briefing senior managers on issues related to glyphosate.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the draft briefing document. To the extent there are facts in the withheld information, the selection of those facts is an integral part of the deliberations presented from a staff to a senior manager.  The factual information contained therein is inextricably intertwined with the deliberative briefing on glyphosate.

**Document ED_001338_00021815:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Udall response_71817_oppt.2.docx | July 18, 2017 | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | The document is a draft letter responding to statements made by Senator Udall on TSCA implementation at an Environmental Law Institute event. | | | |

**Document ED_001338_00018846: Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Udall response, 7.21.17, nb, oppt, ogc.docx | July 21, 2017 | | 2 | Exemption 5 Deliberative Process and Attorney Client Privileges |
| **Brief Description** | The document is a draft letter responding to statements made by Senator Udall on TSCA implementation at an Environmental Law Institute event. | | | |

**Document ED_001338_00018932: Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Udall response 7.21.17 nb oppt ogc3 clean.docx | July 25, 2017 | | 2 | Exemption 5 Deliberative Process and Attorney-Client Privileges |
| **Brief Description** | The document is a draft letter responding to statements made by Senator Udall on TSCA implementation at an Environmental Law Institute event. | | | |

EPA withheld three versions of a two-page document, which is a draft letter responding to statements made by Senator Udall on TSCA implementation at an Environmental Law Institute event on June 27, 2017. Portions of the three draft letters are being withheld pursuant to Exemption 5's deliberative process and attorney client privileges. Two drafts were shared between OGC attorneys and OCSPP clients, while one draft was shared among OCSPP staff and managers working on the issue.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional deliberations between OPPT staff, OCSPP managers and OGC attorneys review of a draft letter responding to Senator Udall's statements on TSCA implementation at an Environmental Law Institute event. The draft letters incorporate OGC and senior manager's edits and comments on a document that was created by program staff. At the time the documents were created, EPA was still discussing how to respond to Senator Udall's comments. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not shared outside the Agency. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because the draft letters contain analysis of the program staff, as well as recommendations and suggestions from OGC and senior managers on modifying the letter. Specifically, edits from OGC and senior managers are incorporated throughout the draft documents. The draft letters represent a give-and-take process of internal EPA review of responses to Congress.

Release of the withheld information would discourage open and frank discussions among its staff and managers about drafting a response to a member of Congress. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations in developing a public response to statements made by Senator Udall.

*Attorney Client Privilege*

The withheld information comprises confidential communications between an OGC staff attorney and his OCSPP clients relating to the Agency's draft response to the Senator's statements on the Agency's implementation of TSCA. The withheld attorney communication relates to a TSCA legal matter within the draft letter for which the client has sought legal review and recommendation. The draft documents were circulated for legal review and accuracy between the client and attorney. In the two letters, the attorneys reviewed the draft response and provided recommendations pertaining to legal issues in the draft letter. The draft documents are confidential because it was only shared with those who had a need to know within OGC and OCSPP.

*Segregability*

All non-exempt responsive information in the records have been released, and there is no reasonably segregable information remaining in the draft letter. To the extent there are facts in the withheld portions of the draft letters, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the Agency's draft response to Senator Udall's letter.

**Document ED_001338_00019639:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Bruce Berkley to Gregory Scott and Nancy Beck with subject line "House Appropriations Committee Request for Chlorpyrifos Data & Documentation" | July 19-20, 2017 | Bruce Berkley | 10 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Bruce Berkley to Gregory Scott and Nancy Beck with subject line "House Appropriations Committee Request for Chlorpyrifos Data & Documentation" | | | |

The document is a string of eight email messages.  The email string originated with a transmission sent on July 19, 2017 from Gregory Scott, OCSPP Resource Management Staff, to Richard Keigwin, Acting Director, OPP.  Other emails in this string include communications between Gregory Scott, Bruce Berkley, OCSPP Deputy Director of Office of Program Management Operations, Dr. Beck, and Yu-Ting Guilaran, Director of the Pesticide Re-evaluation Division in OPP. The emails pertain to a request made to then-Administrator Scott Pruitt from Representative McCollum during a House Appropriations Committee Meeting.  Representative McCollum sought the peer reviewed science about chlorpyrifos from the U.S. Department of Agriculture and EPA.  Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege, as well as Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the emails reflect pre-decisional deliberations between EPA OCSPP employees and their managers about responding to Representative McCollum's request for information. The email string discusses how offices will respond to Representative McCollum's request.  The withheld information contains discussions between staff and managers on options and recommendations for responding.  At the time the email string was created, the Agency had not provided a final response to Representative McCollum's request.  The withheld information does not reflect an official Agency policy or final action or decision. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because it reflects internal discussions pertaining to the Agency's response to the Representative McCollum's request for information on the peer reviewed science about chlorpyrifos from USDA and EPA. Specifically, the withheld information contains questions and responses between OCSPP staff and managers.  Such discussion reflects opinions and recommendations about how to respond to the congressional inquiry.

Release of the withheld information would discourage open and frank discussions among its staff about how to best respond to a Congressional information request on a pesticide matter. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning the Agency's response to Congress on an ongoing pesticide matter.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the withheld portions of the email. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about how to best respond to the Congresswoman's request.

**Document ED_001338_00021669:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email with subject line "FFRRO Technical Fact Sheets Update" | July 19, 2017 | Nancy Beck | 11 | Exemption 6 Personal Privacy |
| **Brief Description** | Email exchange between Nancy Beck to Matthew Colip with subject line "FFRRO Technical Fact Sheets Update" | | | |

This document is a string of thirteen email messages, initially transmitted on June 15, 2017.  The emails are an exchange between Mary Cooke, Federal Facilities Restoration and Reuse Office ("FFRRO") within the Office of Land and Emergency Management ("OLEM"), Barry Breen, OLEM Acting Assistant Administrator; Patrick Davis, Deputy Assistant Administrator; Nigel Simon, Director, Office of Program Management in OLEM; Matthew Colip, OLEM Public Affairs Specialist; and Charlotte Bertrand, Acting OCSPP Principal Deputy Assistant Administrator. The emails pertain to FFRRO updated technical facts sheets for which approval was sought to move them through the public affairs process in preparation of posting on-line. Portions of the emails are being withheld pursuant to Exemption 6 personal privacy.

The Agency inadvertently released the direct telephone and cell phone number of Patrick Davis, as well as the cell phone number of Matthew Colip.  On October 15, 2018, EPA provided an amended version of this record and asked the FOIA requester to destroy the previously released letter.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of two senior managers and the mobile number of one EPA staff, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with two EPA senior managers and one staff member.

There is no public interest in the senior managers' direct personal contact information (cell and direct line) or a staff's cell phone number. The personal information was withheld to avoid potential unsolicited communications; the personal privacy interest in this case is to prevent possible burden of unsolicited calls on the senior managers' direct lines or cell phones or on a staff member's cell phone. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to individuals as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and only certain contact information of the senior managers and one staff's cell phone were redacted.  There is no reasonably segregable information remaining information withheld under Exemption 6.

**Document ED_001338_00022457:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|

| Email from Nancy Beck to Nancy Beck with subject line "Inside EPA" | June 29, 2017 | | 4 | Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email from Nancy Beck to Nancy Beck with subject line "Inside EPA." | | | |

This document is an email message from Dr. Beck to herself. The email was released in full, except for the redaction of her personal email address, which was withheld pursuant to Exemption 6 personal privacy.

*Exemption 6 Personal Privacy*

All information in this email was released except for Dr. Beck's personal email address.  EPA withheld Dr. Beck's email address under Exemption 6.  The withheld information is within the scope of "personnel and medical files and similar files" because the personal email address is identified with an individual—Dr. Beck. She has a significant personal privacy interest in preventing the burden of unsolicited emails and harassment that may result from disclosure of her personal email address. There is no public interest in disclosing Dr. Beck's personal email address because this information does not shed any light on the performance of her official duties.  In fact, all of the substantive information in the email was released.  In this instance, the harm to Dr. Beck's privacy as a result of releasing her personal email address clearly outweighs the public interest in such disclosure.

*Segregability*
All non-exempt responsive information in this record has been released, and only the personal email address of Dr. Beck was withheld under Exemption 6.  There is no reasonably segregable information remaining in this email.

**Document ED_001338_00022782:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email with subject line "Reporter and Amy G pinging - RE: Québec Science (DDL ASAP): Glyphosate" | June 26, 2017 | Nancy Beck | 5 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email string with subject line "Reporter and Amy G pinging - RE: Québec Science (DDL ASAP): Glyphosate." | | | |

This is a string of eight email messages originating on June 16, 2017 from Christie St. Clair, Press Officer, to Avivah Jakob, OPP, Pesticide Re-Evaluation Division. Other individuals included in the later internal discussion include Dr. Beck; Louise Wise, Deputy Assistant Administrator; Wendy Cleland-Hamnett, Acting Assistant Administrator; Jackob Avivah; and Linda Strauss, OCSPP program analyst. The emails pertain to an inquiry from Quebec Science about the Science Advisory Panel's postponed meeting on glyphosate. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

64

The withheld portions of the emails reflect pre-decisional discussions between OCSPP employees and the OCSPP senior managers about EPA's response to Quebec Science's inquiry about the Science Advisory Panel's postponed meeting on glyphosate. The email string includes draft suggestions and responses to the reporter's question.  In addition, the withheld text includes conversations about the process for reviewing the draft text. The withheld information does not reflect an official Agency policy or final agency action or decision.  The withheld information was not circulated outside any federal agency.

The withheld information is deliberative because it reflects analysis from an OCSPP staff, as well as opinions and recommendations from senior managers on how to respond to the reporter's inquiry.  The withheld portions of the email string contain a preliminary draft response, edits to that response, and discussion about how to further modify the draft response.  The withheld information demonstrates the give-and-take exchange of ideas and opinions that occurred in developing the Agency's response to the Quebec Science reporter's inquiry.

Release of the withheld information would have a chilling effect on the Agency's ability to have open and frank discussions among its staff and managers about developing the Agency's response to press inquiries. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations about responding to press inquiries.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the withheld portions of the email string. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the Agency's response to Quebec Science's request for about the Science Advisory Panel's postponed meeting on glyphosate.

**Document ED_001338_00022970:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| FY 2018 Press Conference Hearing Fact Sheet Glyphosate.docx | June 23, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft talking points for a press conference hearing on the fiscal year 2018 budget. | | | |

This document is draft talking points, dated June 23, 2018, prepared for a press conference hearing on the fiscal year 2018 budget.  One portion of this draft talking points was withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the emails reflect pre-decisional text developed by OCSPP employees and a OCSPP senior manager on how to respond to potential questions raised by the press.  Specifically, the withheld text includes potential issues related to glyphosate that may arise and what to say if questions are asked. The draft text was a consolidation of OCSPP staff and manager's suggested text to the Chief Financial Officer, Holly Greaves. The withheld information does not reflect an official Agency policy or final agency action or decision.  The withheld information was not circulated outside any federal agency.

The withheld information is deliberative because it reflects analysis from an OCSPP staff, as well as opinions and recommendations from senior managers on how to respond to the potential questions on glyphosate if it should come up during the press conference on the fiscal year 2018 budget.  The draft talking points were developed by OCSPP and then transmitted for review to the Office of Chief Financial Officer.  The withheld portions of the draft talking points document contain analysis of anticipate issues that may be asked and edits to potential responses.  The withheld information demonstrates the give-and-take exchange of ideas and opinions that occurred in developing the Agency's preparation for a press conference.

Release of the withheld information would have a chilling effect on the Agency's ability to have open and frank discussions among its staff and managers in preparing for a press conference. Release would also have a chilling effect on agency decision-making processes on how to respond to press inquiries, and on the Agency's ability to have internal discussions and consultations in developing talking points.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the withheld portions of in the draft talking points. To the extent there are facts in the withheld portion of the draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the Agency's draft talking points and issues that may arise during a press conference.

**Document ED_001338_00023152:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|

| Email message with subject line "OECA FAR Memo: Procedures for Prioritization (SAN 5943)" | May 23, 2017 | Nancy Beck | 3 | Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email message from Nancy Beck to Ryan Schmit, Wendy Cleland-Hamnett and Jeff Morris with subject line "OECA FAR Memo: Procedures for Prioritization (SAN 5943)" | | | |

This document is a string of three email messages originating from Amos Presler, Attorney-Advisor, Waste and Chemical Enforcement Division in the OECA, and sent to Ryan Schmit, OCSPP Special Assistant.  Other individuals on the email exchange include Peter Smith, OCSPP Regulatory Coordination Staff, Nathaniel Jutras, Office of Policy; and other OCSPP staff and managers. The emails pertain to OECA's Final Agency Review (FAR) memorandum on the draft final rule for the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. Portions of the emails were withheld pursuant to Exemption 6 personal privacy.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the individuals' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the pesticide risk assessments.

**Document ED_001338_00023303:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email with subject line "press on today's TSCA release" | June 22, 2017 | | 5 | Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Ryan Schmit, Linda Strauss, Wendy Cleland-Hamnett and Jeff Morris with subject line "press on today's TSCA release" | | | |

This document is a string of four email messages that originated on June 22, 2017, from Linda Strauss OCSPP program analyst.  Other individuals included on the email are Wendy Cleland-Hamnett, OCSPP Acting Assistant Administrator; Dr. Beck, Jeff Morris, Director, OPPT; and Susanna Blair, OCSPP staff. The emails pertain to news articles in BNA and the Wall Street Journal on EPA's release of three final rules as required by the 2016 Lautenberg Chemical Safety Act.  Portions of the emails are withheld pursuant to Exemption 6 personal privacy.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in this email. To the extent there are facts in this the withheld portions of the emails, the selection of those facts is an integral part of the deliberations about how to inform the public about the three rules, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the two news articles and any public relations issues with the three rules.

### Document ED_001338_00023588:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Chlorpyrifos_Udall_001_OPP.bp comments.2.docx | July 31, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | This draft document is EPA's response to Senator Tom Udall's June 29, 2017 letter to EPA regarding the chemical substance chlorpyrifos. | | | |

This document is a one-page draft response to Senator Tom Udall's Question for the Record ("QFR") from the Senate Appropriations Committee.   Portions of the document were withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional deliberations between EPA employees and senior managers about responding to the QFR from Senator Udall.  The QFR sought EPA analysis and recommendations that was presented to EPA as part of considering a petition to take action on

chlorpyrifos.  The draft response was initially created by OCSPP staff, and at the time the document was created, Dr. Beck added her edits to the document and sent it to the Office of the Chief Financial Officer for review.  This email does not represent a final agency action or decision.  The withheld information was not circulated outside the Agency.

The withheld information is deliberative because it reflects OCSPP staff and a manager's analysis, recommendations, and opinions of how to respond to Senator Udall's QFR.  The draft contains edits and comments from multiple reviewers, and the draft response was later sent to the Office of the Chief Financial Officer for review.  The withheld information reflects the give-and-take process for discussing EPA's response.

Release of the withheld information would discourage open and frank discussions among its staff about responding to congressional inquiries. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning the draft response to the QFR.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the how to respond to the QFR from Senator Udall.

## Document ED_001338_00023777:  Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email string with subject line "Risk Eval Guidance Document" | June 12, 2017 | Nancy Beck | 6 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email string with subject line "Risk Eval Guidance Document" | | | |

This document is a string of eight email messages that originated from Melissa Chun, OCSPP Regulatory Coordination Staff.  Others in the email string include Danielle Jones, Senior Policy Analyst, OMB; Peter Smith, OCSPP Regulatory Coordination Staff; Dr. Beck; and Susanna Blair, OCSPP staff. The emails pertain to the Procedures for Chemical Risk Evaluation under the TSCA being uploaded/entered into OMB's Consolidated Information System.  Portions of the email were withheld under Exemption 5 deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional discussions between OCSPP staff and managers about OMB's process for sending documents to them for review. At the time the emails were transmitted (June 12, 2017), EPA was still developing the Procedures for Chemical Risk Evaluation; in fact, EPA was preparing the draft final rule for OMB review.  The final rule was published on the Federal Register on

July 20, 2017.  The withheld information does not reflect official Agency policy or final agency action or decision.  The withheld information was not circulated outside the Agency.

The withheld information is deliberative because it is a discussion between OCSPP managers and staff about the status of the procedures in the regulatory development process.  Questions from staff and responses from managers were exchanged about the process for OMB's review.  The withheld information contains staff analysis and opinions and discussion, as well as the OCSPP manager's response and recommendations. The withheld information demonstrates the give-and-take process of the regulatory development process.

Release of the withheld information would discourage open and frank discussions between EPA staff and manger during the regulatory development process.  Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations about how to proceed with OMB review and other necessary steps in the regulatory development process to complete the Procedures for Chemical Risk Evaluation.

*Exemption 6 Personal Privacy*

Portions of the withheld information include the email address of a White House employee and the direct EPA desk and mobile phone numbers of a senior EPA manager, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The withheld information, email address and direct telephone lines of a senior manager, is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP and a White House employee.

There is no public interest in the release of the White House employee or senior manager's direct personal contact information because it does not shed light on the employees' official duties. The personal information is a White House email address and the senior manager's direct telephone and cell phone numbers. While the email address was withheld, the White House employee's name was released so that the public knows the identity of the employee.  Moreover, the withheld cell phone and direct telephone number falls under Dr. Beck's signature block so it is apparent that the information belongs to Dr. Beck.  This information was withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on Dr. Beck's direct lines or emails to a White House employee. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the email string. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations about the regulatory development of the Procedures, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the development of the final Procedures.

**Document ED_001338_00024303:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|

| Email with subject line "Framework rules" | June 5, 2017 | Nancy Beck | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
|---|---|---|---|---|
| **Brief Description** | Email from Nancy Beck to Ryan Schmit and Wendy Cleland-Hamnett with subject line "Framework rules." | | | |

The document is a string of three email messages that originated with a message from Dr. Beck to Ryan Schmit, Special Assistant, and Wendy Cleland-Hamnett, OCSPP Acting Assistant Administrator on June 5, 2017. The emails pertain to the Framework Rules as required by the TSCA. Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because it contains discussion about the development and review of the final Framework Rules, which were eventually published on June 22, 2017.  At the time of the email strings were transmitted, the Agency was engaged in the regulatory development process of for several regulations required by TSCA.  The withheld information includes discussions about meetings to coordinate the review process and other issues related to the rulemaking effort.  The withheld information does not reflect an official Agency policy or final decision, as the rules were still being developed.  The withheld information was not circulated outside of EPA.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues involved in finalizing the draft Framework Rules.  The withheld material encapsulates staff and manager's thoughts and recommendations on the issues how to proceed with the rulemaking effort and remaining issues to address. The withheld information also reflects the give-and-take process of intra-office review in a rulemaking process.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing process of promulgating required rulemakings and meeting the Agency's statutory obligations under TSCA. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the Agency's ongoing process of promulgating required rulemakings and meeting the Agency's statutory obligations under TSCA. The withheld information was not circulated outside the Agency.

*Exemption 6 Personal Privacy*

The withheld portions of email relate to direct personal contact information, i.e., the direct telephone and cell phone numbers of the Deputy Assistant Administrator of OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest

of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained within the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the Agency's ongoing process of promulgating required rulemakings and meeting the Agency's statutory obligations under TSCA.

**Document ED_001338_00025096:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Questions_Keigwin May 26 2017.2.docx | May 26, 2017 | | 12 | Exemption 5 Deliberative Process |
| **Brief Description** | The draft agency responses to questions for the record from U.S. Senate Committee Members in follow-up to Rick Keigwin's (Director, Office of Pesticides Program) testimony at a May 22, 2017 Pesticides Hearing. | | | |

The document is version 2 of EPA's draft response to QFR from U.S. Senate Committee Members in follow-up to Rick Keigwin's (then Acting Director, OPP) testimony at a May 11, 2017 Pesticides Hearing for the Senate Committee on Agriculture, Nutrition, and Forestry. Portions of the draft document are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

On May 11, 2017, the U.S. Senate Committee on Agriculture, Nutrition and Forestry ("Ag. Committee") held a hearing on Pesticide Registration under the Federal Insecticide, Fungicide, and Rodenticide Act: Providing Stakeholders with Certainty through the Pesticide Registration Improvement Act.  Rick Keigwin, Acting Director of EPA's OPP testified at the Hearing.  After the Hearing, several Committee Members requested that Mr. Keigwin provide responses to their QFRs.

The withheld information reflects pre-decisional deliberations between OCSPP employees and senior managers on the draft responses to the QFRs from the Ag. Committee.  At the time the document was created, the Agency had completed and submitted its final response to the QFRs.  In fact, the document was circulated for review by EPA senior managers and EPA staff, and the draft responses contains edits and comments from staff and senior managers.  The withheld document does not reflect official Agency policy or decision. The draft response was not circulated outside the Agency.

The withheld information is deliberative because EPA employees and managers were internally drafting the Agency's response to the Ag Committee's QFR. The withheld information reflects analysis from OCSPP staff who pulled the information together, recommendations from senior managers on the draft

text, and opinions from all on what the responses should say. The withheld information reflects the give-and-take process for developing the Agency's final response to the QFRs.

Release of the withheld information would discourage open and frank discussions between EPA staff and managers as they develop the Agency's response to Congressional questions. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations on developing public statements on high profile issues.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the draft QFR responses. To the extent there are facts in this draft spreadsheet, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the how to respond to the QFRs from Congressional Committee Members.

**Document ED_001338_00025349:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email with subject line "CONCURANCE REQUESTED: Senator Carper Chlorpyrifos Letter Response: For Nancy/Louise Concurrence" | May 31, 2017 | Nancy Beck | 18 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email with subject line "CONCURANCE REQUESTED: Senator Carper chlorpyrifos Letter Response: For Nancy/Louise Concurrence" | | | |

This document is a string of twenty-six email messages that first originated on April 24, 2017, from Isabella Bennett, Communication Services Branch, Field and External Affairs Division in the Office of Pesticides, to Sven-Erik Kaiser, Office of Congressional and Intergovernmental Relations. The emails pertain to EPA's draft response to Senator Carper's request for chlorpyrifos documents. Portions of the emails messages are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld information reflects pre-decisional deliberations between EPA staff and OCSPP managers about a draft response to Senator Carper's request for chlorpyrifos documents. At the time the email was created, EPA was crafting its draft response to Senator Carper's request, and the withheld information comprises senior managers and staff discussing different approaches to the Agency's response. The withheld information contains Dr. Beck's thoughts and recommendations for improving the letter and suggested draft text. This email does not represent a final agency action or decision. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because it reflects Dr. Beck's recommendations and opinions for improving the draft response to Senator Carper's information request.  The OCSPP staff and managers were in the process of reviewing and editing the draft response, and the current version was sent to Dr. Beck for her review. After she completed her review, she circulated the draft response for other's opinions.

Release of the withheld information would discourage open and frank discussions among OCSPP managers and staff about its draft response to Congressional inquiries. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations developing an Agency response to Congress on an ongoing Agency review.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the withheld portion of the email string. To the extent there are facts in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about EPA's draft response to Senator Carper's request.

**Document ED_001338_00025624:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Richard Keigwin with subject line "OCSPP backlog -clearing on more" | May 19, 2017 | Nancy Beck | 2 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from with subject line "OCSPP backlog -clearing on more" | | | |

This document is a string of two emails between Dr. Beck and a senior manager in the EPA Office of Policy regarding an OCSPP draft publication that was awaiting review prior to publishing on the Federal

Register.  Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between two senior managers regarding regulatory actions that were in consideration by the two offices. Specifically, the senior manager was discussing the status of certain OCSPP actions that were in in the process of being reviewed by the Office of Policy. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.  The withheld information was not shared outside the Agency.

The withheld information is deliberative because the withheld portions of the email contain analysis and recommendations from Dr. Beck to the Office of Policy.  Specifically, it contains her opinions and recommendations for future action, which was considered by the Office of Policy as the OCSPP actions progressed through the Agency development and approval process.  The withheld information also reflects the give-and-take process of intra-Agency action review process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about clearing the OCSPP backlog and agency review process.  Further, it would have a chilling effect on the agency decision-making process on approving a document for publication, and on the Agency's ability to have internal discussions and consultations concerning the intra-agency review of a draft Federal Register notice.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of EPA OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining in the withheld portions of the email string. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations about the next steps for certain OCSPP actions being reviewed by the Office of Policy.  The factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the OCSPP documents that are in intra-agency review.

**Document ED_001338_00025793:  Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|
| Email with subject line "TSCA Prioritization rule" | May 18, 2017 | Nancy Beck | 4 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Samantha Dravis and Brittany Bolen with subject line "TSCA Prioritization rule" | | | |

The document is a string of two email messages that first originated on May 18, 2017, from Angela Hofmann, OCSPP Director of Regulatory Coordination.  The email was sent to twenty-two EPA employees. The emails pertain to the regulatory development process for finalizing the draft "Procedures for Prioritization of Chemicals for Risk Evaluation under the Toxic Substances Control Act."  Portions of the emails are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between EPA senior Managers and program staff involved in finalizing the draft "Procedures for Prioritization of Chemicals for Risk Evaluation." At the time the draft document was created on May 18, 2017, the Agency was initiating its intra-agency review, known as the Final Agency Review ("FAR").  The withheld information provides FAR reviewers with specific, internal instructions as to what to consider when engaging in the regulatory review of the draft final "Procedures for Prioritization of Chemicals for Risk Evaluation." The withheld information also contains potential next steps in the regulatory process after the FAR is complete.  The final Procedures for Prioritization of Chemicals for Risk Evaluation rule was published on July 20, 2017.  The withheld document does not reflect official Agency policy or decision.  The withheld information was not circulated outside EPA.

The withheld information is deliberative because it reflects information, opinions and recommendations from OCSPP staff and managers that were considered as part of the Agency's overall review and decision-making process for the eventual promulgation of the final rule. The withheld information does not represent an official Agency decision or policy and instead reflects the regulatory development process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about final agency review process.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning the Agency's final agency review process. Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of an individual, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with a senior manager of OCSPP.

There is no public interest in the senior manager's direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on her direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining withheld portions of the email. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the expedited final agency review of EPA's final rule, "Procedures for Prioritization of Chemicals for Risk Evaluation."

**Document ED_001338_00026227: Withheld In-Part**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Ryan Jackson with subject line "RE:" | July 28, 2017 | Nancy Beck | 3 | Exemption 5 Deliberative Process Privilege and Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Ryan Jackson with subject line "RE:" | | | |

The document is a string of four email messages between Ryan Jackson, Chief of Staff, and Dr. Beck. The email string originated on July 27, 2017, and pertain to a number of ongoing EPA pesticide actions. Portions of the email string are being withheld pursuant to Exemption 5's deliberative process privilege and Exemption 6 personal privacy.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the email contain pre-decisional deliberations between two senior managers about the registration review process for glyphosate and other pending pesticides review actions. Specifically, the withheld information contains a back and forth between the two senior managers on the status of high profile pesticides—Mr. Jackson wants to know the status of specific pesticides and Dr. Beck provides him the necessary information he needs in order to consider the next steps.  At the time the email was created, a number of pesticides were undergoing registration review. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development. The withheld information was not circulated outside EPA.

The withheld information is deliberative because at the time the email was created, the Agency was internally discussing issues pertaining to the registration review of glyphosate and other chemicals. The withheld information contains Dr. Beck's analysis, recommendations for how to proceed with the review, and issues that required Mr. Jackson's attention. The withheld information also reflects the give-and-take discussion between two senior managers on high-profile OCSPP actions.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the registration review of Glyphosate and other pesticides. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the registration review of glyphosate and other pesticides.

*Exemption 6 Personal Privacy*

The withheld information contains the direct EPA desk and mobile phone numbers of two senior staff, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with senior managers of OCSPP and the Administrator's Office.

There is no public interest in the senior managers' direct personal contact information. The personal information redacted on the basis of Exemption 6 for personal privacy is direct telephone and cell phone numbers that are withheld to avoid potential unsolicited communications; the personal privacy interest of the individual in this case is to prevent possible burden of unsolicited calls on the employees' direct line. With respect to the personal contact information of EPA senior leaders, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

*Segregability*

All non-exempt responsive information in this document has been released and there is no reasonably segregable information remaining. To the extent there is factual information contained in the withheld portions of the emails, the selection of those facts is an integral part of the deliberations and the factual information contained therein is inextricably intertwined with the overall deliberative discussion concerning the registration review of pesticides.

## Document ED_001338_00026735: Withheld In-Part

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Email from Nancy Beck to Wendy Cleland-Hamnett with subject line "Accepted: TSCA Framework Rules-Check-in" | May 8, 2017 | Nancy Beck | 1 | Exemption 6 Personal Privacy |
| **Brief Description** | Email from Nancy Beck to Wendy Cleland-Hamnett with subject line "Accepted: TSCA Framework Rules-Check-in | | | |

This record is an Outlook invitation to a meeting to discuss the TSCA Framework Rules.  EPA released all information in this meeting invitation except for the teleconference call-in number and the passcode. EPA properly withheld this information under Exemption 6.  However, in developing the withholding list for Plaintiff, EPA inadvertently released this private information.  EPA provided an updated withholding list and asked Plaintiff to delete the teleconference number and passcode.

*Exemption 6*

The withheld portion of the meeting invitation is a teleconference and passcode of Wendy Cleland-Hamnett and OCSPP, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  The withheld information is within the scope of "personnel and medical files and similar files" because the information applies to and is identified with the head of EPA OCSPP.

There is no public interest in the release of a senior manager or office's teleconference and passcode numbers. The personal information was withheld to avoid potential unsolicited communications.  The personal privacy interest of the individual in this case is to ensure that no uninvited person is listening or accessing information intended only for certain designated individuals. With respect to the senior manager's teleconference number and passcode, the withheld information does not shed light on the employees' performance of official duties. In this instance, the harm to the individual as a result of the disclosure clearly outweighs the public interest in such disclosure.

**Document ED_001338_00002354:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| PMN stats for WCH Merge 7-11-2017.final.xlsx | July 11, 2017 | | Excel spreadsheet | Exemption 5 Deliberative Process |
| **Brief Description** | Internal process statistics/timeline document for TSCA New Chemicals program | | | |

The withheld document is a draft excel spreadsheet which contains internal process statistics/timeline for the TSCA New Chemicals program. The spreadsheet contains information on various notices required by TSCA's new chemicals program. It was prepared for Wendy Cleland-Hamnet, the then-Assistant Administrator for OCSPP and was to be discussed at a new chemicals weekly meeting with the OCSPP Immediate Office.  The record was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld portions of the document reflect pre-decisional deliberations between OCSPP employees and their managers about various issues, including the status of certain cases, pertaining to the New Chemicals program. At the time the spreadsheet was created, EPA was still discussing issues relating the New Chemicals program, including cases that were backlogged. The withheld portions of the document do not reflect official Agency policy or decision. The authors do not have decision-making authority with respect to the New Chemicals program.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues of how best to implement the New Chemicals program in light of the new requirements imposed by TSCA. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for implementation of the New Chemicals program. The information was compiled to inform OCSPP senior managers on the status of certain cases and facilitate discussions of how to address various issues. The withheld information reflects a give-and-take discussion process on the part of shaping the New Chemicals program to meet the requirements of a newly amended statute. The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the New Chemicals program. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the New Chemicals program.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft spreadsheet, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the policies and actions by the New Chemicals program.

## Document ED_001338_00019359:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| Decmanual02.pdf | April 17, 2001 | Eastern Research Group, Inc. | 131 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft internal guidelines manual prepared for EPA by an EPA contractor, Eastern Research Group, Inc., on TSCA New Chemicals program. | | | |

This withheld draft document was prepared for EPA by an EPA contractor, Eastern Research Group, Inc., under EPA contract No. 68-W6-0022. The draft document is an internal manual containing guidelines for use by OCSPP in the evaluation of PMNs under TSCA's New Chemicals program's review process.  The document was withheld in full under FOIA Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

Under section 5 of TSCA, EPA is required to determine whether "the manufacture, processing, distribution in commerce, use or disposal of a 'new' chemical substance or any combination of such activities presents or may present an unreasonable risk of injury to health or the environment." Section 5 also requires anyone who plans to manufacture (including import) a new chemical substance for a non-exempt commercial purpose to provide EPA with notice before initiating the activity. This notice is known as a PMN. EPA risk assessors consider all of this information during the EPA new chemicals review process. There are a range of actions the Agency can take to ensure new chemicals do not present

an unreasonable risk to health or the environment. The content of this withheld draft document is intended to be used by OCSPP for evaluating PMNs under the new chemical review process.

The draft document is pre-decisional because it represents preliminary thoughts and recommendations that was developed by an EPA contractor and then circulated for internal discussion and review by EPA staff and managers. The draft document does not reflect an official Agency policy or decision, as it was still being developed and an early draft in the development process. None of the drafters had final decision-making authority. It was a draft manual solely intended to assist Agency staff in developing its internal evaluation of PMNs and the process to follow in making determinations. The draft document was also not shared outside the Agency.

The withheld document is deliberative because it contains information that was to be discussed and considered by EPA staff and managers as they were internally discussing the new chemicals review process in light of the requirements imposed by TSCA. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for developing its new chemicals review process. The withheld information reflects a give-and-take discussion process on the part of shaping an EPA program to meet the requirements of a newly amended statute.

Release would have a chilling effect on the Agency's ability to have open and frank discussions among its staff about evaluating PMNs under the new chemicals review process and release of the information could cause public confusion about OPPT's evaluation of PMNs under the new chemical review process. The withheld information does not represent an official Agency decision or policy and instead reflects issues still in development.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the development of the new chemicals review process.

**Document File 6:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Asbestos TSCA Scope_OMB Version_06-09-17.docx | June 9, 2017 | | 65 | Exemption 5 Deliberative Process |
| **Brief Description** | Dated June 9, 2017, the withheld document is a 65-page draft of "Scope of the Risk Evaluation for Asbestos." | | | |

Dated June 9, 2017, the withheld document is a 65-page draft of the "Scope of the Risk Evaluation for Asbestos." The draft document discusses the scope of the risk evaluation to be conducted for asbestos, including the hazards, exposures, conditions of use and potentially exposed or susceptible subpopulations.  The final draft of this document was published on June 22, 2017.  The draft document is being withheld in full pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

This document is pre-decisional because, at the time, the Agency was in the process of completing the scope of the risk evaluation process for 10 chemical substances, which included asbestos. This document, dated June 9, 2017, was circulated for internal discussion and review by EPA staff and managers, as well as for inter-agency review by OMB. The final version of the "Scope of Risk Evaluation for Asbestos" was completed on June 22, 2017. The draft document does not reflect an official Agency policy or decision, as it was still being developed.

The document is deliberative because at the time it was created, EPA employees and managers were still drafting and editing the "Scope of the Risk Evaluation for Asbestos." This draft document reflects a working draft for the OPPT staff. The document contains staff's analysis, opinions, and recommendations on what the final text should contain. This draft was circulated to OMB as a result of the inter-agency review process. The withheld information also reflects the give-and-take consultative process in developing an agency document, as required by TSCA. The withheld information was not circulated outside the Agency.

Release of this document in draft form would have a chilling effect on the Agency's ability to have open and frank discussions among its staff weighing and evaluating scientific data, studies, reports, and other relevant information in order to complete the draft "Scope of the Risk Evaluations for Asbestos." Release would also have a chilling effect on the intra- and inter-agency decision-making process of developing such document, and on the Agency's ability to have internal discussions and consultations concerning the scope of this risk evaluation.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft "Scope of the Risk Evaluation for Asbestos," the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the "Scope of the Risk Evaluation for Asbestos."

**Document File 14: Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|
| Methylene Chloride_TSCA Scope_OMB Version_06-09-17.docx | June 9, 2017 | | 80 | Exemption 5 Deliberative Process |
| **Brief Description** | Dated June 9, 2017, the withheld document is an 80-page draft of the "Scope of the Risk Evaluation for Methylene Chloride (Dichloromethane, DCM)." | | | |

Dated June 9, 2017, the withheld document is an 80-page draft of the "Scope of the Risk Evaluation for Methylene Chloride (Dichloromethane, DCM)." The draft scope of the risk evaluation to be conducted for methylene chloride discusses the hazards of the chemical substance, exposures, conditions of use and potentially exposed or susceptible subpopulations. The final draft of this document was published on

June 22, 2017.  The document is being withheld in full pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

This document is pre-decisional because, at the time, the Agency was in the process of establishing the scope of the risk evaluation process for 10 chemical substances, which included methylene chloride. This document, dated June 9, 2017, was circulated for internal discussion and review by EPA staff and managers, as well as for inter-agency review by OMB. The final version of the "Scope of the Risk Evaluation for Methylene Chloride" was completed on June 22, 2017.  The draft document does not reflect an official Agency policy or decision, as it was still being developed. The authors do not have decision-making authority with respect to the "Scope of the Risk Evaluation for Methylene Chloride."

The document is deliberative because, at the time the document was created, EPA employees and managers were still internally discussing the draft "Scope of the Risk Evaluation for Methylene Chloride." This draft document reflects a working draft for OPPT staff.  The document contains the staff's analysis, opinions, and recommendations on what the final text should contain. This draft was circulated to OMB as part of the inter-agency review process.  The withheld information also reflects the give-and-take consultative process in developing an agency document, as required by TSCA.  The withheld information was not circulated outside the Agency.

Release of this document in draft form would have a chilling effect on the Agency's ability to have open and frank discussions among its staff weighing and evaluating scientific data, studies, reports, and other relevant information as part of developing the scope of the risk evaluation for methylene chloride. Release would also have a chilling effect on intra- and inter-agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the scope of those risk evaluations.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the draft "Scope of the Risk Evaluation for Methylene Chloride," the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the "Scope of Risk Evaluation for Methylene Chloride."

## Document File 38:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|
| TCE_TSCA Scope_OMB Version_06-09-17.docx | | | 75 | Exemption 5 Deliberative Process |
| **Brief Description** | Dated June 9, 2017, the withheld document is the 75-page draft of the "Scope of the Risk Evaluation for Trichloroethylene, CASRN: 79-01-6." | | | |

Dated June 9, 2017, the withheld document is a 75-page draft of the "Scope of the Risk Evaluation for Trichloroethylene." The draft document discusses the scope of the risk evaluation to be conducted for

trichloroethylene, including the hazards, exposures, conditions of use and potentially exposed or susceptible subpopulations.  The final draft of this document was published on June 22, 2017.  The draft document is being withheld in full pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

This document is pre-decisional because, at the time, the Agency was in the process of establishing the scope of the risk evaluation process for 10 chemical substances, which included trichloroethylene. This document, dated June 9, 2017, was circulated for internal discussion and review by EPA staff and managers, as well as for inter-agency review by OMB. The final version of the "Scope of the Risk Evaluation for Trichloroethylene" was completed on June 22, 2017.  The draft document does not reflect an official Agency policy or decision, as it was still being developed. The authors do not have decision-making authority with respect to the "Scope of the Risk Evaluation for Trichloroethylene."

The document is deliberative because, at the time the document was created, EPA employees and managers were still internally discussing the draft "Scope of the Risk Evaluation for Trichloroethylene." This draft document reflects a working draft for OPPT staff.  The document contains staff's analysis, opinions, and recommendations on what the final text should contain. This draft was circulated to OMB as a result of the inter-agency review process.  The withheld information also reflects the give-and-take consultative process in developing an agency document, as required by TSCA.  The withheld information was not circulated outside the Agency.

Release of this document in draft form would have a chilling effect on the Agency's ability to have open and frank discussions among its staff weighing and evaluating scientific data, studies, reports, and other relevant information as part of developing the scope of the risk evaluation for trichloroethylene. Release would also have a chilling effect on intra- and inter-agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the scope of those risk evaluations.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the draft "Scope of the Risk Evaluation for Trichloroethylene," the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the "Scope of Risk Evaluation for Trichloroethylene."

## Document ED_001338_00016105:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| CDR Neg Reg Decision Memo_2017-04-26.docx | | Wendy Cleland-Hamnett | 4 | Exemption 5 Deliberative Process Privilege |
| **Brief Description** | Draft memorandum regarding a decision point for a rulemaking process related to TSCA requirement. | | | |

The withheld in-full document is an attachment to an email from Barbara Cunningham, Deputy Office Director for Management and Pollution Prevention in OCSPP, Dr. Beck, which was sent for her review and comment. The draft memorandum was withheld in-full under FOIA Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because it is a draft memorandum that was developed by OCSPP staff, and later shared from one middle-line manager to a OCSPP senior manager for her review. The withheld document contains a proposal developed by OCSPP staff and circulated for internal discussion and review by other EPA senior managers, who would then provide edits or comments to the rulemaking package. The information pertains to whether to engage in a specific rulemaking process for a draft proposed rule. The draft document does not reflect an official Agency policy or final agency action or decision, as the rulemaking package was still being developed at lower levels of the Agency. The draft document was also not shared outside the Agency.

This withheld information is deliberative, because it reflects draft language on whether the Agency should engage in a specific rulemaking process in developing a rule required by TSCA. The withheld information was a draft memorandum that was developed by staff, and later shared with OCSPP senior managers for their consideration. The withheld information reflects a give-and-take discussion of issues and a rulemaking still in development, and the source lacked decision-making authority on the questions posed in the draft memorandum.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about consideration various procedural options in a rulemaking process.  Further, it would have a chilling effect on the agency decision-making process for a rulemaking, and on the Agency's ability to have internal discussions and consultations concerning the how to develop the rule under consideration.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning process for developing a rule.

**Document ED_001338_00016107:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| CDR Reg Neg JUSTIFICATION FOR ESTABLISHMENT 4-12-17.docx | | | 2 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft memorandum regarding a decision point for a rulemaking process related to TSCA requirement. | | | |

The withheld in-full document is an attachment to an email from Barbara Cunningham, Deputy Office Director for Management and Pollution Prevention in OCSPP, to Dr. Beck, which was sent for her review and comment. The draft memorandum was withheld in-full under FOIA Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because it is a draft document that was developed by OCSPP staff, and later shared from one middle-line manager to a OCSPP senior manager for her review. The withheld document contains justification for an approach outlined in a draft memorandum (Document ED_001338_00016105) developed by OCSPP staff and circulated for internal discussion and review by other EPA senior managers, who would then provide edits or comments to the approach for rulemaking. The information pertains to whether to engage in a specific rulemaking process for a draft proposed rule. The draft document does not reflect an official Agency policy or final agency action or decision, as the rulemaking package was still being developed at lower levels of the Agency.  The draft document was also not shared outside the Agency.

This withheld information is deliberative, because it reflects draft language on whether the Agency should engage in a specific rulemaking process in developing a rule required by TSCA. The withheld information was a draft justification for engaging in a rulemaking approach that was developed by staff, and later shared with OCSPP senior managers for their consideration. In fact, the draft justification was shared specifically with senior managers for their input on this approach, and the document weighs the legal and policy reasons for considering such an approach. The withheld information reflects a give-and-take discussion of issues and a rulemaking still in development, and the source lacked decision-making authority on the questions posed in the draft memorandum.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about consideration various procedural options in a rulemaking process. Further, it would have a chilling effect on the agency decision-making process for a rulemaking, and on the Agency's ability to have internal discussions and consultations concerning the how to develop the rule under consideration.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning process for developing a rule.

**Document ED_001338_00002048:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| 06.9-9.17_Byproducts Reg-Neg Mtg Draft Agenda_052217_annotated.docx | | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | | This is a 3-page annotated draft agenda for the Chemical Data Reporting Inorganic Byproducts Meeting held on June 8-9, 2017 at EPA Headquarters in Washington, DC. | | |

This withheld document is an internal annotated draft agenda for the Chemical Data Reporting (CDR) Inorganic Byproducts meeting held on June 8-9, 2017, at EPA Headquarters in Washington, DC. The document was an attachment to a meeting invite, dated May 25, 2017, to decide on matters related to the June CDR meeting.

*Exemption 5 Deliberative Process Privilege*

The draft agenda document, dated May 22, 2017, is pre-decisional because it was prepared by OCSPP staff for senior managers.  It was shared with senior managers as part of an invite for a decision-making meeting scheduled for May 25, 2017. The draft document contains annotations and questions for managers to facilitate the May 25 planning meeting discussion.

The draft document also sets forth reminders, clarification of roles and responsibilities for EPA staff and facilitators as EPA organizes the two-day meeting. The document does not reflect what was ultimately said at the meeting or what, if any, outcomes were reached. Rather, it was a draft that was provided to senior managers to help them decide issues related to the meeting preparation.

The draft document is deliberative because EPA staff and managers were still a month away from the meeting and very much in the planning process.  The draft agenda reflects analysis, recommendations, and opinions that were considered as part of EPA's decision-making process for organizing the June CDR Meeting.  EPA staff created the draft agenda, which was being shared with senior managers for their opinions and decisions.  The withheld information reflects a give-and-take discussion process as part of planning a national meeting.  The withheld information was not circulated outside EPA.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of issues related to the development of the CDR Inorganic Byproducts meeting. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning planning of the CDR Inorganic Byproducts meeting.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning planning and execution of the CDR Inorganic Byproducts meeting.

## Document ED_001338_00018994:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| CDR and Byproduct Reporting Flowcharts_7-20-17_revised-v4.pptx | | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | Internal draft briefing document on the chemical data reporting rule for manufacturers of chemical byproducts | | | |

This withheld document is an internal draft briefing document for OCSPP management on the chemical data reporting rule for manufacturers of chemical byproducts. The document was sent on July 24, 2017 from Ryan Schmit, Special Assistant, OCSPP, to Dr. Beck, Wendy Cleland-Hamnett, then Acting Assistant Administrator, OCSPP, and Louise Wise, Deputy Assistant Administrator, OCSPP. The draft document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft document is pre-decisional because, at the time the record was created, EPA was discussing options for CDR Inorganic Byproducts rule. For example, this draft flowchart was created in the early stages of this rulemaking, between the first and second meetings of the rule's Negotiated Committee. The draft document lays out different options for EPA managers to consider.  The draft document does not represent an official Agency decision or policy and instead reflects issues still in development and under consideration.

The document is deliberative because it reflects options for EPA's consideration as part of developing the CDR rulemaking.  Each slide contains opinions, recommendations, and analysis developed by EPA staff for their managers' consideration.  The document reflects a give-and take discussion as part of the regulatory development process.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about chemical byproduct reporting.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning the how to present the reporting requirements.  Furthermore, release would cause public confusion because the statements in the discussion drafts and other internal agency communications could be construed as the Agency's definitive view of an issue when the documents simply reflect the incomplete view of some staff whom shared the document for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the regulatory development process for the CDR rule.

## Document File 9:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Dropping Pre-Prioritization - preamble.docx | May 10, 2017 | Ryan Schmit | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | This is a one-page draft response to public comments received regarding the pre-prioritization phase included in EPA's proposed prioritization rule. | | | |

The one-page withheld document is a draft response to public comments received regarding the pre-prioritization phase included in EPA's proposed prioritization rule. At the time, EPA had already

published its proposed rule in January 17, 2017, for Prioritization of Chemicals for Risk Evaluation. EPA was in the process of developing its final rule, which required EPA to respond to comments received on the proposed rule.  The document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because, at the time the document was created on May 10, 2017, EPA was developing its final rule on the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The final Prioritization of Chemicals for Risk Evaluation was subsequently published on July 20, 2017. The document contains a draft response to a public comment received on the proposed rulemaking.  This draft response was created by Ryan Schmit, Special Assistant and Advisor to the OCSPP Assistant Administrator. The withheld document does not reflect official Agency policy or decision. The author does not have decision-making authority with respect to the final rule.

The withheld record is deliberative because EPA staff, attorneys and managers were discussing issues internally concerning how to respond to comments received on the proposed Prioritization of Chemicals for Risk Evaluation rule. The withheld information contains analysis, recommendations, and opinions from a OCSPP program staff that were considered as part of the Agency's decision-making process in developing the final rule, which was completed on July 20, 2017. The withheld information also reflects the give-and-take process of intra-office review in a rulemaking process.  The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Prioritization of Chemicals for Risk Evaluation rule. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule.   Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft response to comments, the selection of those facts is an integral part of the rulemaking's deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Prioritization rule.

## Document File 27:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Prioritization Page rns2.docx | June 20, 2017 | Ryan Schmit | 4 | Exemption 5 Deliberative Process |
| **Brief Description** | This is a 4-page internal draft website for the final rule on Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. | | | |

This withheld document is an internal, four-page draft website for the developing draft final rule for Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The document contains comments and edits by Dr. Beck. The document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft document is pre-decisional because it represents preliminary thoughts of Ryan Schmit, Special Assistant and Advisor to the OCSPP Assistant Administrator, who shared the draft document with Dr. Beck for her review.  The document contains Dr. Beck's comments and edits. At the time the document was created on June 20, 2017, EPA was still working on the draft final rule on the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The final rule was subsequently published in the Federal Register one month later, on July 20, 2017. The draft webpage was drafted by a staff for his management's review. The draft document does not reflect an official Agency policy or decision, as the draft rule was still being developed.  The draft document was also not shared outside the Agency.

This withheld information is deliberative, because OCSPP employees and managers were still developing the webpage for a rule that was not finalized.  In fact, the working draft of the webpage contains edits and comments provided by a senior manager to her staff on how to amend the text and issues for consideration.  The document reflects staff's analysis, opinions, and recommendations for EPA management and the regulatory workgroup.  The withheld information also reflects the give-and-take process of intra-office review in a rulemaking process, as well as developing a webpage for that rulemaking.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about the development of the webpage, as well as the draft final Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations the development of the draft text and addressing issues in the rulemaking process. Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's final action.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the draft webpage. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations in how to present the final procedures, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the draft webpage and the draft final rule.

**Document File 25:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|--------------|-----------|------------|--------------|
| Prioritization - OS_041317.docx | April 13, 2017 | | 3 | Exemption 5 Deliberative Process |

| Brief Description | This is a three-page page internal option selection, briefing document which addresses public comments and various approaches received on the proposed Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. |
|---|---|

This withheld document, dated April 13, 2017, is an internal option selection document on public comments received for the proposed ruled for Procedures for Prioritization of Chemicals for Risk Evaluation Under the TSCA. The document selects certain public comments received and provides EPA options for OCSPP senior managers for responding to those comments. The draft document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because at the time it was created, the Agency was still in the process of developing the draft final rule for Procedures for Prioritization of Chemicals for Risk Evaluation Under the TSCA. Specifically, the document was created for options selection, which is a step, in a rulemaking process, before the Agency regulatory workgroup completes drafting the action. In this step, the workgroup conducts analysis, identifies issues, reviews comments, and considers all relevant information and issues. After doing so, the workgroup identifies the options for each issue and presents them to the decisionmaker. Here, the draft options selection document includes the workgroup's recommended options for responding to select public comments. These recommendations were shared with the OCSPP senior manager for her consideration and decision in the developing rulemaking. The document represents preliminary thoughts and recommendations that was circulated for internal discussion and review by EPA staff and managers. The document was created on April 13, 2017. The final rule was published in the Federal Register on July 20, 2017. The draft options selection document was not shared outside the Agency.

The withheld record is deliberative because EPA employees and managers were still internally discussing issues pertaining to the draft final rule for Procedures for Prioritization of Chemicals for Risk Evaluation Under the TSCA. In fact, the withheld document, entitled "Options Selection" presents select public comments for senior manager's awareness and recommendations, analysis, and opinion as to how to respond. Options selection is a step in EPA's regulatory development process. The withheld information also reflects the give-and-take process of intra-office review in a rulemaking process.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Prioritization of Chemicals for Risk Evaluation Under the TSCA. Furthermore, release would cause public confusion because the statements in the discussion drafts and other internal agency communications could be construed as the Agency's definitive view of an issue when the documents simply reflect the incomplete view of some staff whom shared the document for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final Procedures for Prioritization of Chemicals for Risk Evaluation Under the TSCA.

**Document ED_001338_00010159:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| OECA FAR Memo - Proc Prioritization TSCA - SAN 5943.pdf | May 23, 2017 | Gregory Sullivan | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | Office of Enforcement and Compliance Assurance memorandum addressing its final agency review of the Chemical Risk Prioritization Rule Pursuant to TSCA. | | | |

The withheld document is an internal memorandum from Gregory Sullivan, Director of the EPA OECA, to Wendy Cleland-Hamnet, the then Acting Administrator of OCSPP, and Angela F.  Hoffman, Director of the OCSPP Regulatory Coordination Staff. The memorandum was sent from Amos Presler, Attorney-Advisor, OECA Waste and Chemical Enforcement Division, to Ryan Schmit, Peter Smith, and Nathaniel Jutras.  The record was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld memorandum, dated May 23, 2017, reflects pre-decisional, EPA intra-agency deliberations as part of the Agency's development of the draft Final Rule of the Procedures for Chemical Risk Prioritization Pursuant to TSCA.  As part of EPA's regulatory development process, the rulemaking package is shared with other offices for the Final Agency Review (FAR), to which program offices can provide their comments on the developing rule.  The memorandum includes OECA's comments and recommendations on the draft Final Rule on the rulemaking. Specifically, the memorandum provides OCSPP management and staff a summary of the issues considered by OECA.  At the time the draft document was created, the Agency had not published the final rule on risk prioritization and EPA was still deliberating on its final position.  The document was solely meant for management's deliberations. The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the final rule for risk prioritization.  As part of the regulatory development, the OECA FAR memo contains OECA's analysis, opinion, comments, and recommendations of the draft final TSCA Risk Prioritization rule.  The withheld information reflects a give-and-take regulatory development process for the draft final TSCA Risk Prioritization rule.  This information was shared with the program office charged with developing the rule (OCSPP), and the OCSPP Assistant Administrator used it to consider the Agency's appropriate course of action going forward in promulgating the final TSCA Risk Prioritization rule. The withheld information does not represent an official Agency decision or policy and instead reflects a rulemaking that is still in development. The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among EPA's program offices about the Agency's ongoing review of issues related to the Agency's final rule for risk prioritization. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule. Release could also cause public confusion concerning the reasons for the Agency's decisions related to the

rulemaking that was still in development.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft FAR memo, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Prioritization rule.

**Document ED_001338_00012661: Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Prioritization-RtC 6.9.17.docx | June 9, 2017 | | 43 | Exemption 5 Deliberative Process and Attorney Client Privileges |
| **Brief Description** | This document is a working draft document of EPA's response to public comments received in connection with its proposed rule setting forth the draft process and criteria by which EPA intends to designate chemical substances as either high or low priority substances for risk evaluation. | | | |

The withheld document is a 43-page draft response to comments, dated June 9, 2017, as part of developing EPA's final rule on the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The draft response was sent from Laurel Celeste, Attorney-Advisor, OGC, to Ryan Schmit, Special Assistant, OCSPP. The draft document was withheld in full under Exemption 5's deliberative process and attorney client privileges.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because, at the time the document was created on June 9, 2017, EPA was developing its final rule on the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The final rule was subsequently published on July 20, 2017. The draft document contains edits and comments from OCSPP staff, attorneys, and managers. In fact, the draft document was shared so that those working on the draft response to comments could see the latest round of edits before accepting such edits.

The withheld draft document is deliberative because EPA staff, attorneys, and managers were discussing issues internally concerning the response to comments on the draft rule. The withheld information contains analysis, recommendations on crafting specific language, and opinions that were considered as part of the Agency's decision-making process in developing the final rule. The withheld information was not circulated outside the Agency.

Release would discourage open and frank discussions among EPA staff, attorneys, and managers about the Agency's ongoing review of issues related to the final rule on the Procedures for Prioritization of Chemicals for Risk Evaluation. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations about the draft rule

and the Agency's response to comments received.  Furthermore, release would cause public confusion by disclosing rationales and reasons that were not ultimately the grounds for EPA's action.

*Exemption 5 Attorney Client Privilege*

The email reflects confidential communication between an attorney (Laurel Celeste, the EPA OGC attorney who was the lead attorney on the rulemaking) with her client (OCSPP). The withheld information relates to a legal matter for which the client has sought professional advice.  Here, the withheld draft response to comments contains the attorney's legal advice on to respond to specific legal issues dealing with TSCA and the crafting of EPA's response to public comments. This communication was confidential and only shared with those OCSPP and OGC employees who had a need to know.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft response to comments, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Prioritization rule.

## Document ED_001338_00015083:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| San5943_Prioritization-FRM_FR Document 5.17.17, FAR final Jeff.docx | May 17, 2017 | | 38 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is an early working draft of EPA's final rule "Prioritization of Chemicals for Risk Evaluation Under the Toxic Substances Control Act" that has been released to the public. | | | |

Dated May 17, 2017, the withheld 38-page document is an early working draft of the preamble and final rule of the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The document contains comments incorporated from OCSPP staff and managers, OGC, as well as ORD, OPPT and Region 5.  The draft document was withheld in full under Exemption 5's deliberative process.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations of staff from a number of EPA offices on the draft preamble and final rule for the Procedures for Prioritization of Chemicals for Risk Evaluation under TSCA. At the time the draft document was created on May 17, 2017, the Agency had not yet engaged in its intra-agency review, known as the Final Agency Review (FAR), and the draft withheld document was still being edited before a later draft was circulated for FAR.  The final Procedures for Prioritization of Chemicals for Risk Evaluation rule was published on July 20, 2017.  The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule.

The withheld information is deliberative because EPA employees and managers were still internally

discussing issues pertaining to the draft final rule for risk prioritization.  In fact, the withheld document is a working draft of a version that would be eventually shared with other EPA program offices as part of the FAR step of the regulatory development process.  The withheld material encapsulates staff and attorney comments and recommendations, all of which was deliberative and subject to change at that time. All points listed in the document reflect staff's analysis, opinions, and recommendations for EPA management and the regulatory workgroup.  The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Prioritization of Chemicals for Risk Evaluation rule. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule.  Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Prioritization rule.

**Document ED_001338_00016981:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Prioritization - reg text redline, 5.17.17.docx | | | 10 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is an early working draft of the regulatory portion of EPA's final rule "Prioritization of Chemicals for Risk Evaluation Under the Toxic Substances Control Act" that has been released to the public. | | | |

Dated May 17, 2017, the withheld 10-page document is the draft EPA regulation text on the draft final rule of the Procedures for Prioritization of Chemicals for Risk Evaluation under the TSCA. The document contains comments incorporated from OCSPP staff and managers, OGC, as well as ORD, OPPT and Region 5.  The draft regulation text was disseminated to other EPA offices as part of the final agency review (FAR) process.  The draft document was withheld in full under Exemption 5's deliberative process.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations of staff from a number of EPA offices on the draft preamble and final rule for the Procedures for Prioritization of Chemicals for Risk Evaluation under TSCA. At the time the draft document was created on May 17, 2017, the Agency was initiating its FAR process, and the draft withheld document was circulated to the EPA offices point of contacts for the FAR process.  The final Procedures for Prioritization of Chemicals for Risk Evaluation rule was

published on July 20, 2017.  The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the draft regulation text for the draft final rule.  In fact, the withheld document is a working draft of the draft final rule's regulation text that was shared with other EPA program offices as part of the FAR step of the regulatory development process.  The withheld material encapsulates staff and attorney comments and recommendations, all of which was deliberative and subject to change at that time. All points listed in the document reflect staff's analysis, opinions, and recommendations for EPA management and the regulatory workgroup.  The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Prioritization of Chemicals for Risk Evaluation rule. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule.   Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule's regulation text, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Prioritization rule.

**Document ED_001338_00023178:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| ELI remarks.docx | | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is draft talking points for Nancy Beck regarding EPA's prioritization rule of chemicals for risk evaluation under TSCA to be delivered at the Environmental Law Institute (ELI) conference | | | |

This withheld document contains draft talking points for Dr. Beck regarding EPA's final TSCA Prioritization rule to be delivered at the Environmental Law Institute (ELI) conference that took place on June 27, 2017. The document was withheld in full pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because it is an early draft of a prepared speech for the ELI conference.  At the time the draft speech was created (June 26, 2017), Dr. Beck was still modifying the text of the speech and seeking input from others.  Dr. Beck's speech was actually given on June 27,

2017.  The draft document does not reflect an official Agency policy or final agency action or decision, as it was still being developed.  The draft document was also not shared outside the Agency.

This withheld information is deliberative, because it reflects draft text about on how to present and discuss the final rule on the TSCA Risk Prioritization of chemicals for risk evaluation and the issues related to the rule.  The withheld information includes preliminary analysis, thoughts, and opinions that were considered as part of Dr. Beck's development of her speech.  The document was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about how to present EPA's prioritization rule of new chemicals for risk evaluation and related issues to the public.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning how to present the new rule.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft speech, the selection of those facts an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the draft speech.

**Document File 37:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Risk Evaluation Rule_option selection_041317.docx | April 13, 2017 | | 4 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is a four-page internal option selection document which addresses public comments on the draft rule Procedures for Chemical Risk Evaluation under TSCA and provides senior managers with recommendations for responding to public comments. | | | |

The withheld document, dated April 13, 2017, is an internal option selection document for the draft final rule for Procedures for Chemical Risk Evaluation under the TSCA.  The draft option selection document was created to assist OCSPP senior managers in their decision-making through the regulatory process.  The document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because at the time it was created, the Agency was still in the process of developing the draft final rule for Procedures for Chemical Risk Evaluation under TSCA.  Specifically, the document was created for options selection, which is a step, in a rulemaking process, before the Agency regulatory workgroup completes drafting the action.  In this step, the workgroup conducts analysis, identifies issues, reviews comments, and considers all relevant information and issues.  After doing so, the workgroup identifies the options for each issue and presents them to the decisionmaker.  Here, the draft options selection document includes the workgroup's recommended options for responding to select public comments.  These recommendations were shared with the OCSPP senior manager for her consideration and decision in the developing rulemaking.  The document

represents preliminary thoughts and recommendations that was circulated for internal discussion and review by EPA staff and managers.  The document was created on April 13, 2017.  The final rule was published on July 20, 2017.  The draft options selection document was not shared outside the Agency.

The withheld record is deliberative because EPA employees and managers were still internally discussing issues pertaining to the draft final rule for Procedures for Chemical Risk Evaluation under TSCA.  In fact, the withheld document, entitled "Options Selection" presents select public comments for senior manager's awareness and recommendations, analysis, and opinion as to how to respond.  Options selection is a step in EPA's regulatory development process.  The withheld information also reflects the give-and-take process of intra-office review in a rulemaking process.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Chemical Risk Evaluation under TSCA.  Furthermore, release would cause public confusion because the statements in the discussion drafts and other internal agency communications could be construed as the Agency's definitive view of an issue when the documents simply reflect the incomplete view of some staff whom shared the document for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final Procedures for Chemical Risk Evaluation under TSCA.

**Document ED_001338_00017682: Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|-----------|--------------|
| 2017-05-09_Intraagency Briefing_TSCA Scope for Risk Evaluations.pptx | | | 48 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is a draft internal PowerPoint briefing for EPA's Science and Technology Policy Council | | | |

The withheld document is a draft internal PowerPoint briefing for EPA's Science and Technology Policy Council presented by Tala R. Henry, Director, Risk Assessment Division, OCSPP, on the Scope of Risk Evaluations under TSCA. The words, "Internal Draft – Deliberative" appear at the bottom of each slide. The document also contains Dr. Henry's draft talking points.  It was sent on May 8, 2017 from Tala R. Henry to Dr. Beck for her review and awareness. This document was withheld in full pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft document is pre-decisional because the document was shared by a middle-manager with her senior manager for review, comments, and edits.  The purpose of the document is to brief the EPA

Science and Technology Policy Council on the TSCA scope and risk evaluation efforts and timelines. At the time the document was created (May 9, 2017), the Agency was still in the process of evaluating comments on the risk evaluation proposed rule and the scope process. The document represents preliminary thoughts and recommendations that was presented for internal discussion and review by the Science and Technology Policy Council.  The document was not shared outside the Agency.

The withheld record is deliberative because it reflects preliminary analysis, recommendations, and opinions that were first shared within OCSPP managers in preparation for an upcoming meeting.  The substance of the draft briefing also reflects a give-and-take process of modifying the presentation prior to the meeting with the Science and Technology Policy Council.  The information is also deliberative because the draft briefing document was shared with the Science and Technology Policy Council to solicit their thoughts on the rulemaking process for the risk evaluation rule for chemical substances.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about the scope of risk evaluation in the final rule.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning the final risk evaluation rule.  Release would also cause public confusion because the statements in the discussion drafts and other internal agency communications could be construed as the Agency's definitive view of an issue when the documents simply reflect the incomplete view of some staff whom shared the briefing for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft briefing document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the draft briefing document for the Science and Technology Policy Council.

**Document ED_001338_00011721:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| RIN2070-AK20_EO12866_RiskEval-FRM_EPA Response2_2017-06-16.docx | June 15, 2017 | | 12 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft of EPA's response to interagency comments received from OMB regarding draft final rule for EPA's Procedures for Risk Evaluation under TSCA | | | |

The withheld record, dated June 16, 2017, is EPA's draft response to interagency comments, as part of the Executive Order 12866 review, received from OMB regarding the draft final rule for EPA's Procedures for Risk Evaluation of Chemical Substances under TSCA.  Executive 12866 requires that significant regulatory actions be submitted for review to OMB. The document contains edits and redline from Susanna Blair, Special Assistant, OCSPP, and she shared the document with other OCSPP staff and managers for further discussion and deliberation.  The document was withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft document is pre-decisional because it represents preliminary thoughts that were circulated for internal discussion and review by other EPA staff and senior managers.  At the time the document was created, EPA was developing the draft final rule for Risk Evaluations under TSCA.  The document contains OMB's interagency comments, as well as EPA's draft responses.  The withheld document does not reflect official Agency policy or decision.  The draft document was also not shared outside the Agency.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the final rule for prioritization, including OMB's comments on the draft final rule. The document reflects analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for responding to OMB's comments on the draft final rule. The document was circulated for review by an OCSPP staff and senior managers.  The withheld document does not reflect official Agency policy or final agency action or decision.

Release would discourage open and frank discussions among EPA managers, attorneys, and staff about how to respond to OMB's interagency comments on a draft final rule. Release would also have a chilling effect on agency decision-making processes during the development of a rule, and on the Agency's ability to have internal discussions and consultations concerning its response to OMB's comments on the draft final rule. Furthermore, release would cause public confusion by disclosing rationales and reasons that were not in fact ultimately the grounds for EPA's final prioritization rule.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about EPA's response to OMB comments on a draft final rule.

## Document ED_001338_00013223:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| RIN2070-AK20_EO12866_RiskEvaluation_FRM_Intro Briefing_2017-06-08.pptx | June 8, 2017 | | 13 | Exemption 5 Deliberative Process |
| **Brief Description** | This is an internal briefing document addressing the Final Rule for Risk Evaluation under the TSCA. | | | |

This withheld document is a PowerPoint briefing presentation that addresses the draft Final Rule for Risk Evaluation under the TSCA. The document was prepared for a meeting with OMB to discuss the final rule in accordance with Executive Order 12866, which requires agencies to provide OMB with drafts of significant regulatory actions for review.

*Exemption 5 Deliberative Process Privilege*

The draft briefing document is pre-decisional because an EPA staff member was sharing it with two senior managers in preparation for a meeting with OMB on a draft rule.  The interagency briefing between OMB and EPA was part of the regulatory development process for finalizing the Risk Evaluation rulemaking.  At the time the briefing document was created, the Agency was still developing the draft final rule on the Procedures for Chemical Risk Evaluation Under the Amended TSCA, which was later published on July 20, 2017. The withheld briefing document does not reflect final official Agency policy or decision.

This withheld information is deliberative, because it offers staff analysis, opinions, and recommendations related to the regulatory development process for the Risk Evaluation rule.  The purpose of the document was to facilitate discussion between OMB and EPA on aspects of the rulemaking, including procedural and substantive issues.  The document is also deliberative because it represents a give-and-take process for developing the rulemaking; here, EPA is preparing for a meeting between OMB on this rulemaking.

Release would discourage open and frank discussions among EPA managers, attorneys, and staff about how to communicate with OMB on a draft final rule. Release would also have a chilling effect on agency decision-making processes during the development of a rule, and on the Agency's ability to have internal discussions and consultations with OMB on the draft final rule. Furthermore, release would cause public confusion by disclosing rationales and reasons that were not in fact ultimately the grounds for EPA's final prioritization rule.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this briefing document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the briefing document.

**Document ED_001338_00025501:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| OMB Comments on information for Screening Review2.docx | | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft of EPA's response to interagency comments received from the Office of Management and Budget regarding the draft final rule for EPA's Procedures for Prioritization of Chemical Substances for Risk Evaluation Under TSCA | | | |

The withheld record is a draft of EPA's response to interagency comments received from OMB regarding the draft final rule for EPA's Procedures for Prioritization of Chemical Substances under TSCA.  The document contains redline from Dr. Beck and she shared the document with other OCSPP staff and managers and an OGC attorney for further discussion.  EPA received interagency reviewer comments on the draft final rule from OMB and this draft document contains EPA's response to all of OMB's comments. The document was withheld in full pursuant to Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft document reflects pre-decisional interagency deliberations between EPA staff and managers on a draft of EPA's response to the OMB's comments. OMB's comments pertain to EPA's draft final rule for the Procedures for Prioritization of Chemicals for Risk Evaluation under TSCA. At the time the document was created, the Agency was engaged in interagency discussion on the draft final rule, and EPA still had not yet issued the final prioritization rule and EPA. The withheld information contains EPA's draft response to OMB's comments on the draft final rule. The Agency's draft response was shared among OCSPP staff, attorneys, and managers, who were still discussing options. The author does not have decision-making authority with respect to the final rule. The withheld information was not circulated outside the Agency.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the final rule for prioritization, including OMB's comments on the draft final rule. The document reflects analysis, recommendations, and opinions of OMB and EPA that were considered as part of the Agency's decision-making process for responding to OMB's comments on the draft final rule. The document was circulated for review by an OCSPP staff and sent to OGC attorneys and OCSPP senior managers and employees. The withheld document does not reflect official Agency policy or final agency action or decision.

Release would discourage open and frank discussions among EPA managers, attorneys, and staff about how to respond to OMB's interagency comments on a draft final rule. Release would also have a chilling effect on agency decision-making processes during the development of a rule, and on the Agency's ability to have internal discussions and consultations concerning its response to OMB's comments on the draft final rule. Furthermore, release would cause public confusion by disclosing rationales and reasons that were not in fact ultimately the grounds for EPA's final prioritization rule.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about EPA's response to OMB comments on a draft final rule.

## Document ED_001338_00014483:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| SAN5947_RiskEvaluation-FRM_FAR_OCHP Memo_2017-05-31_Final.pdf | May 31, 2017 | Ruth A. Etzel | 2 | Exemption 5 Deliberative Process |
| **Brief Description** | Office of Children's Health Protection memorandum addressing its final agency review of the Chemical Risk Evaluation Rule under the amended TSCA | | | |

The withheld document is an internal agency memorandum from Ruth A. Etzel, MD, PhD, Director of the EPA Office of Children's Health Protection (OCHP), to Angela F. Hofmann, OCSPP Director of the Regulatory Coordination Staff. The memorandum is OCHP's response to the expedited final agency

review of the draft final rule: Procedures for Chemical Risk Evaluation under the Amended Toxic Substances Control Act. It was sent from Zaida Figueroa, OCHP, to Angela Hofmann, OCSPP on May 31, 2017. Ms. Hofmann forwarded the document to Wendy Cleland-Hamnett, then Acting Assistant Administrator, OCSPP, and Dr. Beck. The record was withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld memorandum, dated May 31, 2017, reflects pre-decisional, EPA intra-agency deliberations as part of the Agency's development of the draft Final Rule of the Procedures for Chemical Risk Prioritization Pursuant to TSCA. As part of EPA's regulatory development process, the rulemaking package is shared with other offices for the FAR, to which program offices can provide their comments on the developing rule. The memorandum includes OCHP's comments and recommendations on the draft Final Rule on the rulemaking. Specifically, the memorandum provides OCSPP management and staff a summary of the issues considered by OCHP. At the time the draft document was created, the Agency had not published the final rule on chemical risk evaluation and EPA was still deliberating on its final position.  The document was solely meant for management's deliberations. The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the final rule for chemical risk evaluation.  As part of the regulatory development, the OCHP FAR memo contains OCHP's analysis, opinion, comments, and recommendations of the draft final Chemical Risk Evaluation rule.  The withheld information reflects a give-and-take regulatory development process for the draft final Chemical Risk Evaluation rule.  This information was shared with the program office charged with developing the rule (OCSPP), and the OCSPP Assistant Administrator used it to consider the Agency's appropriate course of action going forward in promulgating the final Chemical Risk Evaluation rule. The withheld information does not represent an official Agency decision or policy and instead reflects a rulemaking that is still in development. The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among EPA's program offices about the Agency's ongoing review of issues related to the Agency's final rule for chemical risk evaluation. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule. Release could also cause public confusion concerning the reasons for the Agency's decisions related to the rulemaking that was still in development.

<u>*Segregability*</u>

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft FAR memo, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final Chemical Risk Evaluation rule.

**Document ED_001338_00014737:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Conditions of use writeup -- in-place uses excluded.docx | May 26, 2017 | | 63 | Exemption 5 Deliberative Process and Attorney Client privileges |
| **Brief Description** | This document is a working draft of the preamble portion of EPA's final rule "Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act." | | | |

The withheld document is a 63-page working draft of the preamble portion to the draft final rule. This is a later version of the draft preamble than Document ED_001338_00014626. This draft document was circulated for review between OCSPP and OGC.  The document was withheld in full under Exemption 5's deliberative process and attorney client privileges.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations of staff from a number of EPA offices on the draft preamble and final rule for the Procedures for Chemicals Risk Evaluation under amended TSCA. At the time the draft document was created, OCSPP were addressing specific issues related to the draft final rule.  This draft reflects comments and edits from OCSPP staff, attorneys, and managers. The specific draft contained edits made by an Office of General Counsel attorney in order to respond to questions posed by her clients in OCSPP.  The draft document does not reflect an official Agency policy or decision, as it was still being developed. The draft document was also not shared outside the Agency.

The document is deliberative because at the time the document was created, EPA employees and managers were still internally discussing and evaluating the final rule for risk evaluation rule for chemical substances, including the preamble to the final rule. The withheld record reflects staff and attorneys' analysis, recommendations, and opinions that were considered as part of the Agency's overall development of the preamble portion of the final risk evaluation rule for chemical substances.  For example, the document contains track changes and reviewer comments. The withheld information reflects a give-and-take process of developing an agency regulation.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Chemicals Risk Evaluation under amended TSCA rule. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule.   Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Attorney Client Privilege*

The withheld information comprises confidential communications between attorneys in OGC and their OCSPP clients relating to the development of the draft final rule and legal issues that were discussed.  The withheld information relates to a legal matter for which the client has sought professional advice.  Here, Ms. Laurel Celeste, Office of General Counsel, reviewed the draft regulation and provided comments and legal advice on legal issues.  The document contains both the attorney's

advice and program comments and responses.  The draft document is confidential and was only shared with those who had a need to know in the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Evaluation rule.

**Document ED_001338_00024243:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| RIN2070-AK20_EO12866_RiskEval-FRM_FRdocument_2017-06-01_Redline_2017-06-21swb.2.docx | June 26, 2017 | | 115 | Exemption 5 Deliberative Process and Attorney Client Privileges |
| **Brief Description** | This document is a working draft of EPA's final rule "Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act." | | | |

The withheld document is a 115-page working draft of the preamble portion to the draft final rule. This draft document was circulated for review between OCSPP clients and OGC attorneys.  The document was withheld in full under Exemption 5's deliberative process and attorney client privileges.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations of staff from a number of EPA offices on the draft preamble and final rule for the Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act. At the time the draft document was created, OCSPP was addressing specific issues related to the draft final rule.  This draft reflects comments and edits from OCSPP staff, attorneys, and managers.  The specific draft contained edits made by an Office of General Counsel attorney in order to respond to questions posed by her clients in OCSPP.  The draft document does not reflect an official Agency policy or decision, as it was still being developed. The draft document was also not shared outside the Agency.

The document is deliberative because at the time the document was created, EPA employees and managers were still internally discussing and evaluating the final rule for risk evaluation for chemical substances, including the preamble to the final rule. The withheld record reflects staff and attorneys' analysis, recommendations, and opinions that were considered as part of the Agency's overall development of the preamble portion of the final risk evaluation rule for chemical substances.  For example, the document contains track changes and reviewer comments. The withheld information reflects a give-and-take process of developing an agency regulation.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act rule.

Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule.   Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Attorney Client Privilege*

The withheld information comprises confidential communications between attorneys in OGC and their OCSPP clients relating to the development of the draft final rule and legal issues that were discussed.  The withheld information relates to a legal matter for which the client has sought professional advice.  Here, Ms. Laurel Celeste, OGC attorney, reviewed the draft regulation and provided comments and legal advice on legal issues.  The document contains both the attorney's advice and program comments and responses.  The draft document is confidential and was only shared with those who had a need to know in the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Evaluation rule.

## Document ED_001338_00014947:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| RE_rule_final_WGcombinedcomments53017clean.docx | | | 105 | Exemption 5 Deliberative Process and Attorney-Client Privileges |
| **Brief Description** | This document is a working draft of EPA's final rule "Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act". | | | |

The withheld document is a 105-page working draft of the preamble portion and regulation text to the draft final rule. This draft document was circulated for review between OCSPP, OGC, Office of Land and Emergency Management, Office of Policy, ORD, and EPA Region 5.  The document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations of staff from a number of EPA offices on the draft preamble and final rule for the Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act. At the time the draft document was created on May 30, 2017, the Agency was still engaged in its intra-agency review, known as the Final Agency Review (FAR), and the draft withheld document was still being edited to include other office's comments on the draft final rule.

106

The final Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act rule was published on July 20, 2017.  The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule.   The withheld document does not reflect official Agency policy or decision.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the draft final rule for chemical risk evaluation.  In fact, the withheld document is a working draft of a version that was shared with other EPA program offices as part of the FAR step of the regulatory development process.  The draft contains edits and comments from specific offices, including OGC.  The withheld material encapsulates staff and attorney comments and recommendations, all of which was deliberative and subject to change at that time. The document reflects staff's analysis, opinions, and recommendations for EPA management and the regulatory workgroup.  The withheld information also reflects the give-and-take process of intra-office review in a rulemaking process.  The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act rule.  Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the final rule.   Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Attorney Client Privilege*

The withheld information comprises confidential communications between attorneys in OGC and their OCSPP clients relating to the development of the draft final rule and legal issues that were discussed.  The withheld information relates to a legal matter for which the client has sought professional advice.  Here, the OGC attorneys reviewed the draft regulation and provided comments and legal advice on legal issues.  The document contains both the attorney's advice and program comments and responses.  The draft document is confidential and was only shared with those who had a need to know in the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Evaluation rule.

## Document ED_001338_00014626: Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| FinalRE_preamble_52317.docx | May 24, 2017 | | 63 | Exemption 5 Deliberative Process |

| | | | | | and Attorney Client Privileges |
| --- | --- | --- | --- | --- | --- |
| **Brief Description** | | This document is a working draft of the preamble to EPA's final rule "Procedures for Chemical Risk Evaluation Under the Amended Toxic Substances Control Act" that has been released to the public. | | | |

The withheld document is a 63-page working draft of the preamble portion to the draft final rule. This draft document was circulated by Dr. Susanna Blair for review between managers in the OCSPP and attorneys in OGC.  The document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations of staff from a number of EPA offices on the draft preamble and final rule for the Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act. At the time the draft document was created on May 23, 2017, the Agency was still engaged in its intra-agency review, known as the Final Agency Review (FAR), and the draft withheld document was still being edited to include other office's comments on the draft final rule. This document was a working draft final rule shared between OCSPP and OGC to address specific legal and substantive issues. The final Procedures for Chemical Risk Evaluation under the Amended Toxics Substances Control Act rule was published on July 20, 2017.  The withheld document does not reflect official Agency policy or decision.  The author does not have decision-making authority with respect to the final rule.

The withheld information is deliberative because EPA employees and managers were still internally discussing issues pertaining to the draft final rule for risk evaluation. In fact, the withheld document is a working draft of a version that was shared with OCSPP and OGC as part of addressing specific legal and substantive issues identified in the Dr. Blair.  The draft contains edits and comments from specific offices, including OGC.  The withheld material encapsulates staff and attorney comments and recommendations, all of which was deliberative and subject to change at that time. The document reflects staff's analysis, opinions, and recommendations for EPA management and the regulatory workgroup.  Further, the document reflects a give-and-take process of developing a rule because Dr. Blair shared the specific draft with individuals to review specific issues and questions that she raised. The withheld information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft final Procedures for Chemical Risk Evaluation under the Amended TSCA. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the draft final rule.   Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Attorney Client Privilege*

The withheld information comprises confidential communications between attorneys in OGC and their OCSPP clients relating to the development of the draft final rule and legal issues that were discussed.  The withheld information relates to a legal matter for which the client has sought

professional advice. Here, the OGC attorney reviewed the draft regulation and provided her legal comments and advice on the draft final rule. The document contains both the attorney's legal advice and program comments and responses that that advice. The draft document is confidential and was only shared with those who had a need to know in the Agency.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final rule, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final TSCA Risk Evaluation rule.

## Document ED_001338_00012315:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| 3rd party TSCA RA guidance_v10.docx | June 20, 2017 | | 25 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is an early working draft of "Guidance to Assist Interested Persons in Developing and Submitting Draft Risk Evaluations Under the Toxic Substances Control Act." | | | |

The withheld 25-page document is a working draft of EPA Document EPA 740-R17-001, "Guidance to Assist Interested Persons in Developing and Submitting Draft Risk Evaluations Under the Toxic Substances Control Act" ("Guidance"). The document contains comments from the United States Department of Agriculture ("USDA") and was shared with OMB as part of the Executive Order 12,866 interagency review requirements. The record was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The document is pre-decisional because at the time the document was created, the Agency was completing its requisite Executive Order 12,866 interagency review process. This working draft includes comments from USDA. EPA sent this draft Guidance to OMB for its review and comments. The withheld document does not reflect official Agency policy or decision. The final draft was completed on June 22, 2017. The draft document was also not shared outside the Agency.

The withheld information is deliberative because, in addition to EPA employees and managers review and edits, the draft incorporates USDA edits and was shared with OMB for its review and comments. The withheld document reflects the federal government's analysis, recommendations, and opinions that were considered as part of the Agency's overall decision-making process for the risk evaluation guidance for chemical substances. The working draft also reflects the give-and-take process of intra-office and inter-agency review during a rulemaking process.

Release of the withheld information would discourage open and frank discussions among its staff about the Agency's ongoing review of substantive and legal issues related to the Agency's draft Guidance. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have intra- and inter-agency discussions and consultations concerning the final Guidance.

Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's actions.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the final Guidance, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft final Guidance.

## Document ED_001338_00025606:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| TRI.docx | Approximately May 23, 2017 | | 2 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft briefing document for the Toxic Release Inventory Program (TRI). | | | |

The withheld document contains draft briefing document for the Toxic Release Inventory Program. The draft briefing document is an attachment to an email, which originated from Dr. Beck and sent to other OCSPP managers.  Dr. Beck was tasked with review and editing this document, but Dr. Beck raised a number of questions prior to completing her edits.  The draft briefing document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations between OCSPP managers about the preparation of a briefing document for the Administrator for an upcoming hearing with the U.S. House of Representatives Appropriations Committee.  Specifically, the EPA managers were discussing the content of a draft briefing document that was to be shared with the Administrator's Office.  At the time the document was created, Dr. Beck was reviewing the document and had a number of questions about the content of the document.  The withheld document does not reflect official Agency policy or decision.

The withheld information is deliberative because EPA employees and managers were still internally considering what topics and issues were necessary to prepare the Administrator for an upcoming Congressional hearing.  The withheld information reflects preliminary thoughts, recommendations, and opinions that were considered as part of the Agency's decision-making process for preparing the Administrator.  The information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff and managers about the Agency's ongoing discussion of how to present specific issues to the public and prepare the Administrator. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning developing a draft briefing document and presentation of specific issues.

*Segregability*

110

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft briefing document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft briefing document.

**Document ED_001338_00009370:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| CPY Registration Review Milestones.xlsx | August 2, 2017 | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | Internal draft milestones for chlorpyrifos registration review. | | | |

This withheld document is an excel spreadsheet which contains an internal draft of milestones for the registration review of chlorpyrifos to meet TSCA's statutory deadline. The draft document is an attachment to email sent by Rick Keigwin, Acting Director of the Office of Pesticides Programs, to senior OCSPP managers, including Dr. Beck, Wendy Cleland-Hamnett, and Louise Wise.  The milestones were developed by OPP in consultation with OGC.  The draft document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The document is pre-decisional because it was prepared to seek input from senior managers as to the milestones for completing the registration review of a chemical substance, chlorpyrifos, within TSCA's statutory deadline.  At the time the document was created, OCSPP senior managers and OPP were discussing the process for completing the registration.  The document represents preliminary thoughts that were circulated for internal discussion and review by other EPA senior managers.  The source did not have final decision-making authority. The draft document does not reflect an official Agency policy or decision, as the chlorpyrifos registration review process was still being developed. The draft document was also not shared outside the Agency.

The document is deliberative because Agency discussions about chlorpyrifos registration review were still ongoing at the time. The withheld document reflects OPP's staff and managers' analysis, recommendations, and opinions that were considered as part of the Agency's decision-making process for the registration review process, particularly the proposed milestones.  The draft milestones were being shared with OCSPP senior managers for input and discussion.  The withheld record reflects the give-and-take process of creating the milestones for the registration process.

Release of the withheld information would discourage open and frank discussions among its staff and managers about the Agency's ongoing milestone development of a chemical substance's registration review.  Release would also have a chilling effect on Agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning pesticides registration review.  Furthermore, release would cause public confusion by disclosing proposed milestones that may not have been the ultimate milestones for this EPA action.

111

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft spreadsheet, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the draft milestones for chlorpyrifos.

## Document ED_001338_00005211:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| OPP white paper for Oct 2017 SAP.docx | June 28, 2018 | | 26 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft document of EPA's Office of Pesticide Programs' Review of the Status of Six Physiologically Based Pharmacokinetic Models in preparation for the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) Scientific Advisory Panel (SAP) Oct. 24-27, 2017 | | | |

This withheld document, prepared by EPA's Office of Pesticides Program and dated June 28, 2017, contains an early draft of OPP's review of the status of six Physiologically Based Pharmacokinetic Models ("OPP white paper") in preparation for the FIFRA SAP in October 2017. The final draft of the document was published on EPA's website on August 3, 2017.  EPA withheld the draft document under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document, dated June 28, 2017, is pre-decisional because EPA was still drafting and developing the draft document, which was finalized in August 3, 2017. At the time the document was created, the draft document was to be circulated to the OPP staff and managers in OCSPP for review and comment. Any comments were to be discussed at subsequent preparation meetings for the FIFRA SAP in October 24-27, 2017.  The withheld information does not reflect an official Agency decision or policy and reflects issues still in development. The source did not have final decision-making authority. The draft document was also not shared outside the Agency.

The document is deliberative because EPA employees and managers were internally discussing the content of the draft OPP white paper and its connection to the FIFRA SAP meeting, which was to take place four months later in October 2017.  The draft OPP white paper contains edits and comments from other reviewers.  It was circulated to Dr. Beck for her review and comment, and based on such review she had subsequent questions for OPP staff.  The withheld draft document contains analysis, opinions, and recommendations of EPA managers and staff, information which was considered as part of the document development process.  The withheld information reflects the give-and-take process of developing an EPA report.

Release of the withheld information would discourage open and frank discussions among its staff and managers about the Agency's ongoing development of the white paper and preparation for the FIFRA SAP October 2017 meetings.  Release would also have a chilling effect on agency decision-making process of developing the white paper, and on the Agency's ability to have internal discussions and consultations concerning the development of the FIFRA SAP October 2017 meetings.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft OPP White Paper, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the development of the OPP White Paper and the preparation for the FIFRA SAP October 2017 meetings.

## Document ED_001338_00018740:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Proposal revised ESA method figures_7.20.17 930am.docx | July 20, 2017 | | 9 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft document that discusses the interim methods for evaluating pesticide Endanger Species Act assessments. | | | |

This withheld document is a seven-page draft document, dated July 20, 2017, that discusses the interim methods for evaluating pesticide Endanger Species Act assessments.  The record was shared by Rick Keigwin, EPA Acting Director of OPP, to the Council on Environmental Quality (CEQ), for its input and comment.  The record was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The document is pre-decisional because it represents preliminary thoughts and ideas on the interim methods for evaluating Endangered Species Act assessments for pesticides.  The ideas and thoughts were circulated for internal discussion and review by other EPA offices and senior managers, as well as CEQ managers.  The draft document does not reflect an official Agency policy or final Agency action or decision, as discussions about the interim methods were still ongoing.  At the time the document was created, EPA manager shared this document to initiate a conversation among the agencies on this issue. The draft document was also not shared outside the federal government.

This withheld information is deliberative because it reflects preliminary thinking on evaluating Endangered Species Act assessments for pesticides.  The information includes EPA staff and managers' preliminary analysis, recommendations and opinions on evaluating Endangered Species Act assessments for pesticides.  This information was shared with another federal agency for its thoughts and comments on the proposal. The draft document reflects the give-and-take process of intra- and inter-agency discussion of an issue that affects multiple federal agencies.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about discussing and proposing options for evaluating Endangered Species Act assessments for pesticides.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning the interim methods proposal.  Furthermore, release would cause public confusion because the statements in the discussion drafts and other internal agency communications could be construed as the Agency's definitive view of

an issue when the documents simply reflect the view of some staff who shared the document for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft option proposal, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative intra- and inter-agency discussion concerning the development of such options.

**Document ED_001338_00026423:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| ESA Issue Paper industry letters_4-26-17.2.docx | April 26, 2017 | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft internal issue paper regarding Endangered Species Act biological evaluations for certain pesticides and comments received. | | | |

The three-page withheld document, dated April 26, 2017, is a draft internal issue paper regarding EPA's Endangered Species Act biological evaluations on certain pesticides, including chlorpyrifos, and draft responses to comments received from stakeholders regarding the BEs. The paper was shared with OCSPP managers for their suggestions and edits, as well as comments on suggestions made.  The draft paper was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The document is pre-decisional because it represents preliminary thoughts and ideas on the interim methods for evaluating Endangered Species Act assessments, particularly biological assessments, for certain pesticides, including chlorpyrifos.  The ideas and thoughts were circulated for internal discussion and review by OCSPP staff and managers.  This draft contains comments and edits by Dr. Beck, who at the time was seeking feedback from other managers on this draft.  The withheld document does not reflect an official Agency policy or final Agency action or decision, as discussions about the issue paper were still ongoing.  At the time the document was created, the EPA manager shared this document to seek suggestions and recommendations from others.  The draft document was also not shared outside the agencies.

The withheld information is deliberative because it contains internal staff opinions about the biological assessments and agency's draft response to the comments received from stakeholders.  Specifically, the draft document includes edits made by Dr. Beck, who shared the draft with other managers for their suggestions and edits.  The draft document reflects a give-and-take discussion about issues and responses that were still in development.  Specifically, the information includes EPA staff and managers' preliminary analysis, recommendations and opinions on evaluating Endangered Species Act assessments for pesticides and how to respond to stakeholders.

Release of the withheld information would discourage open and frank discussion among EPA staff and managers about discussing the process for evaluating Endangered Species Act assessments for

pesticides.  Further, it would have a chilling effect on the agency decision-making process, and on the Agency's ability to have internal discussions and consultations concerning issues raised in the issue paper.  Furthermore, release would cause public confusion because the statements in the discussion draft could be construed as the Agency's definitive view of an issue when the documents simply reflect the view of some staff who shared the document for internal discussion.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft issue paper, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative Agency discussion concerning the development of the issue paper and Agency's response to stakeholders.

**Document ED_001338_00002460:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|-------|-------------|-----------|------------|--------------|
| ESA Background Briefing_6.19 (short version).pptx | June 19, 2017 | | 8 | Exemption 5 Deliberative Process |
| **Brief Description** | Briefing materials to discuss Endangered Species Act pesticide implementation improvements. | | | |

The withheld document is a PowerPoint presentation to be used as briefing materials to discuss Endangered Species Act implementation improvements.  The briefing document was shared with staff and managers in OCSPP, as well as employees and managers from three other federal agencies.  The withheld document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld draft briefing document reflects pre-decisional deliberations between EPA and other federal agencies on issues related to Endangered Species Act implementation. At the time the draft document was created, the three federal agencies and EPA were addressing multiple issues associated with carrying out EPA's responsibilities under the FIFRA in compliance with ESA. Other federal agencies, such as Department of Interior, Department of Commerce, and U.S. Department of Agriculture, have an interest in discussing ESA implementation as it applies to pesticides.  At the time the briefing document was developed, the four agencies were discussing Endangered Species Act implementation, and the purpose of the document was to brief people on the issues and potential topics for discussion. The withheld document does not reflect an official Agency policy or final Agency action or decision, as discussions about the issue paper were still ongoing.  The draft document was also not shared outside the agencies.

The withheld material is deliberative because it reflects discussion of ongoing Endangered Species Act implementation. The withheld information reflects analysis, recommendations, and opinions that were considered as part of the intra- and inter-Agency decision-making process for Endangered Species Act implementation.  Specifically, this record was created to brief managers and staff from four federal agencies on issues so they could be discussed at an upcoming meeting.  The withheld information

reflects the give-and-take process for developing and improving processes in order to implement the Agency's Endangered Species Act statutory requirements.

Release of the withheld information would discourage open and frank discussions among EPA staff and managers, as well as among federal agencies, about Endangered Species Act implementation. Release would also have a chilling effect on agency decision-making processes and on the Agency's ability to have internal discussions and consultations concerning ESA implementation improvements. Furthermore, release would cause public confusion because the statements in the discussion draft could be construed as the Agency's definitive view of an issue when the documents simply reflect the view of some staff who shared the document for intra- and inter-agency discussion.

*Segregability*

There is no reasonably segregable information in this record.  To the extent there are facts in this briefing document, the selection of those facts is an integral part of the deliberations on ESA implementation, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning Endangered Species Act implementation.

## Document ED_001338_00015260:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Final certification rule extend effective date to 2018 from OPP.DOCX | May 24, 2017 | | 13 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is a working draft of "Pesticides; Certification of Pesticide Applicators; Delay of Effective Date." | | | |

The 13-page withheld document, dated May 24, 2017, is a working draft of "Pesticides; Certification of Pesticide Applicators; Delay of Effective Date."  The document was finalized and published on June 2, 2017.  The draft document was withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The document is pre-decisional because at the time the document was created on May 24, 2017, the Agency was still considering the public comments received and drafting the final rule to extend the effective date of its regulation concerning the certification of applicators of restricted use pesticides. The final rule was completed and published on June 2, 2017.  The document was circulated for review by an OCSPP staff and senior managers.  The withheld document does not reflect official Agency policy or final agency action or decision.

The withheld information is deliberative because it is a working draft for OPPT staff to develop the final rule extending the effective date of the revisions to the Certification of Pesticides Applicators rule.   The withheld document reflects analysis, recommendations, and opinions that were considered as part of the Agency's overall decision-making process for its final rule.  It represents the give-and-take deliberations between staff and managers that occurs during a rulemaking process.

Release of the withheld information would discourage open and frank discussions among its staff and managers about the Agency's ongoing development of a draft regulatory action. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the regulatory development process and how to respond to public comments received on the proposed delay.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the regulatory action, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft Delay of Effective Date and how to respond to public comments.

**Document ED_001338_00007028:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| OP Briefing for Acting AA April 6 2017.pptx | April 6, 2017 | | 41 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is an internal PowerPoint briefing developed by the OPP for Wendy Cleland-Hamnett, then Acting Assistant Administrator, OCSPP, on a class of insecticides and related registration and risk assessments. | | | |

The withheld document is an internal PowerPoint presentation, dated April 6, 2017, and shared with OCSPP senior managers Wendy Cleland-Hamnett, then Acting OCSPP Assistant Administrator, and Dr. Beck, Deputy Assistant Administrator. The document was withheld in full under Exception 5's deliberative process privilege

*Exemption 5 Deliberative Process Privilege*

The withheld document is a 41-page internal briefing PowerPoint presentation prepared by the OPP to brief senior OCSPP managers on a class of insecticides. The document is pre-decisional because no determination by Agency management had yet been reached, and the briefing material was presented to OCSPP management to assist them in determining the appropriate course of action going forward on this matter. The text of the presentation presents outstanding issues for management to consider, goals to achieve, presents potential timelines for future actions, and provides views on evidentiary data.

The document is withheld as deliberative because it reflects internal issues, discussions, and recommendations pertaining to the class of insecticide.  Specifically, it includes staff analysis on the risk assessments, timelines for potential action, recommendations for potential paths forward, and a selection of information identified by program staff that was important for the manager's consideration.  The content does not reflect a final agency action, only the thoughts and deliberations of EPA staff engaged in briefing and framing issues for the consideration of Agency management. The withheld information was not circulated outside EPA.

Release of this document would have a chilling effect on the ability to have open and frank conversations within the Agency, and between EPA staff and managers. Further, release of this document would result in public confusion regarding the Agency's decisions weighing and evaluating scientific data, studies, reports, and other relevant information in the briefing on an on-going matter.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in the briefing material, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion concerning the Agency's ongoing development pertaining to the class of insecticide.

**Document ED_001338_00025605:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| FY 2018 Press Conference Hearing Fact Sheet Pesticide Program Budget.docx | | | 1 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft talking points regarding FY18 Pesticide Programs' budget | | | |

The withheld document contains draft briefing document for OPP's budget. The draft briefing document is an attachment to an email that originated from Dr. Beck and was sent to other OCSPP managers.  Dr. Beck was tasked with review and editing this document, but Dr. Beck raised a number of questions prior to completing her edits.  The draft briefing document was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document reflects pre-decisional deliberations between OCSPP managers about the preparation of a briefing document for the Administrator for an upcoming Congressional hearing (Appropriations Committee).  Specifically, the EPA managers were discussing the content of a draft briefing document (OPP's budget) that was to be shared with the Administrator's Office.  At the time the document was created, Dr. Beck was reviewing the document and had a number of questions about the content of the document.  The withheld document does not reflect official Agency policy or final agency decision or action.

The withheld information is deliberative because EPA employees and managers were still internally developing the content of the briefing document.  The withheld information reflects preliminary thoughts, recommendations, and opinions that were considered as part of the Agency's decision-making process for preparing the Administrator.  Moreover, the document reflects a give-and-take discussion in developing a briefing sheet because it includes program staff's proposed language and a senior manager's comments and follow-up questions.  The information was not circulated outside the Agency.

Release of the withheld information would discourage open and frank discussions among its staff and managers about the Agency's ongoing discussion of how to present specific issues to the public and

prepare the Administrator. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning developing a draft briefing document and presentation of specific issues.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft briefing document, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft briefing document.

## Document ED_001338_00021475:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| IRIS Handbook 1.0_7-20-17.pdf | July 20, 2017 | | 217 | Exemption 5 Deliberative Process |
| **Brief Description** | Draft document which provides procedures for the Integrated Risk Information System scientists for developing IRIS assessments. | | | |

The withheld document, dated July 20, 2017, is a draft working copy of the Handbook for Developing Integrated Risk Information System (IRIS) Assessments (IRIS Handbook).  The draft IRIS Handbook is still in development, and the public release of this document is anticipated in 2018.  The draft IRIS Handbook was sent from Dr. Beck to Dr. Yamada, Deputy Assistant Administrator for the Office of Research and Development. The draft Handbook was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld information is pre-decisional because this is a working copy of the IRIS Handbook, which is still in development.  At the time the document was created, EPA staff and managers were discussing the content of the IRIS Handbook.  Specifically, this draft document was initially shared to coordinate and discuss Agency actions on risk assessments.  The withheld document does not reflect official Agency policy or final action or decision. EPA is still developing the draft IRIS Handbook and a final version has not been published.  The draft document was also not shared outside the Agency. The withheld information was not circulated outside the Agency.

The document is deliberative because the draft document was, and continues to be, in development.  The draft IRIS Assessment reflects preliminary thoughts, recommendations, and opinions that were considered as part of the Agency's development process for this important document. The purpose of sharing this internal, draft document was to coordinate agency actions on risk assessments.  The draft IRIS Handbook reflects a give-and-take discussion that is involved in reviewing and editing an EPA guidance document.

Release would discourage open and frank discussions among its staff about the development of the draft IRIS Handbook. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have internal discussions and consultations concerning the draft IRIS Handbook.

Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the basis for EPA's final publication.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this working draft of the IRIS Handbook the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft IRIS Handbook.

**Document ED_001338_00015277:  Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Permit Streamlining Commerce Report 051917 draft EPA Edit on TSCA 052417 (003).docx | May 19, 2017 | | 2 | Exemption 5 Deliberative Process |
| **Brief Description** | This document is EPA's response to Department of Commerce's draft report, entitled "Streamlining Permitting and Reducing Regulatory Burdens for Domestic Manufacturing." | | | |

The withheld two-page document, dated May 19, 2017, is EPA's draft response to the Department of Commerce's ("DOC") draft report, entitled "Streamlining Permitting and Reducing Regulatory Burdens for Domestic Manufacturing," which was finalized and published on October 19, 2017. The document was transmitted by an OCSPP program staff to an OCSPP program manager for review.  The draft response was withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The content is pre-decisional because the draft response to DOC's draft report was still being developed before it was sent to DOC.  Furthermore, the draft response pertained to revising the draft text of the DOC proposed report, which was not finalized until October 19, 2017.  The EPA staff developing the draft response was not the ultimate decision-maker of the Agency's response or the final report text. The draft document was also not shared outside the Agency. The withheld information was not circulated outside the Agency.

The document is deliberative because it reflects preliminary EPA staff thoughts, opinions, recommendations, and insight developed by EPA staff.  The draft response was still in development at the time the document was created, and it was being shared for additional review and edits.  The draft contains edits and revisions.  Furthermore, the draft response was to be sent to DOC as part of an inter-agency review of the draft report.  The withheld information reflects both the intra- and inter-agency give-and-take discussions that are involved in reviewing and editing the DOC report.

Release of this document would have a chilling effect on the Agency's ability to have open and frank discussions among its staff's ongoing review of substantive and legal issues related to the DOC report. Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have intra- and inter-agency discussions and consultations concerning the draft report.

Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the final text of the DOC report.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining in the draft response. To the extent there are facts in this draft document, the selection of those facts is an integral part of the deliberations of EPA's draft response, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the draft DOC report.

**Document ED_001338_00009731: Withheld In-Full**

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| Response to Energy Related Comments to EO 13777 - 6.29.2017, v2.docx | June 29, 2017 | | 3 | Exemption 5 Deliberative Process |
| **Brief Description** | This document contains select stakeholder comments received in response to EPA's April 13, 2017 EO 13,777 Federal Register Notice and OCSPP's draft response to those comments. | | | |

This withheld document contains OCSPP's draft suggestions to selected comments received in response to EPA's Executive Order 13,777's Federal Register Notice, dated April 13, 2017. The draft document was prepared by OPPT to be used by EPA's Office of Policy in drafting their report. The draft response was withheld in full under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The withheld document is pre-decisional because it a draft of OCSPP's suggestions to inform EPA's draft report in response to Executive Order 13,770 Federal Register Notice. Per Dr. Beck's request, OPPT created a draft response to select stakeholder comments received in response to the April 3, 2017, Federal Register Notice. The draft response was prepared for the purpose of assisting the EPA Office of Policy meet the mandate of Executive Order 13,770. At the time the document was created, the draft response was still being reviewed by senior OCPSS managers before it went to the EPA Office of Policy for further consideration. The withheld draft response was developed by OCSPP staff and does not reflect official Agency policy or decision. The author does not have decision-making authority with respect to EPA's final decision. In addition, the draft document was not shared outside the Agency.

The content of the document is withheld as deliberative because is a draft response that was developed by OCSPP staff and shared with managers for their input and review. The development of this record is a part of a larger Agency process to meet the requirements of section 3(a) of Executive Order 13,770. This draft response includes OCSPP staff's analysis, opinions, and recommendations on how to respond to select comments received from the Federal Register notice. The draft response reflects the first step in the give-and-take process of developing a response to an executive order mandate.

Release of this document would have a chilling effect on the ability to have open and frank

conversations within the Agency and its management about the regulatory reform process.  Disclosure would also negatively affect the ability of Agency staff to have candid, productive and coordinated conversations with internal management in the future.  Release would also have a chilling effect on agency decision-making processes, and on the Agency's ability to have intra-agency discussions and consultations concerning the regulatory reform process.  Furthermore, release would cause public confusion by disclosing rationales and reasons that may not have ultimately been the grounds for EPA's final actions.

*Segregability*

All non-exempt responsive information in this record has been released, and there is no reasonably segregable information remaining. To the extent there are facts in this draft OCSPP staff suggestions, the selection of those facts is an integral part of the deliberations, and the factual information contained therein is inextricably intertwined with the deliberative discussion about the development of the Agency's final decisions to engage in regulatory reform.

## Document ED_001338_00008777:  Withheld In-Full

| Title | Date Created | Author(s) | Page Count | Exemption(s) |
|---|---|---|---|---|
| OCSPP Issues Tracker 7.7.17 rns (003).xlsx | July 7, 2017 | | | Exemption 5 Deliberative Process |
| **Brief Description** | The withheld document is a draft Excel spreadsheet that internally tracks the OCSPP's active issues/actions as of July 7, 2017 | | | |

The withheld document is a draft Excel spreadsheet that internally tracks OCSPP's active issues/actions as of July 7, 2017. It was sent from Avivah Jakob, OPP, Pesticide Re-Evaluation Division to Dr. Beck, Wendy Cleland-Hamnett, and Louise Wise.  The tracking sheet was withheld under Exemption 5's deliberative process privilege.

*Exemption 5 Deliberative Process Privilege*

The draft Excel spreadsheet reflects pre-decisional deliberations between EPA employees and their managers on a variety of issues with OCSPP's responsibilities. The draft spreadsheet provides a list of ongoing issues, their status and associated timelines for management review and briefing. It contains a list of issues that fall under the responsibility of the OPP and OPPT.  The spreadsheet provides the status of the issues and any potential timelines.  The purpose of the document is to assist OCSPP senior managers raise issues or matters that will require their attention or a decision.  The draft spreadsheet does not reflect official Agency policy or decision. The author does not have decision-making authority. In addition, the document was not shared outside the Agency.

The withheld material is deliberative because it is a forward-looking issues tracker that EPA employees and managers use as part of the OCSPP's decision-making process.  For example, the spreadsheet contains actions or issues that OCSPP staff recommended be raised to senior manager awareness.  It also provides recommendations for future actions or milestones. The draft spreadsheet is constantly being revised by OCSPP staff and managers to reflect on-going, non-final matters.

Release of this document would have a chilling effect on the ability to have open and frank conversations within the Agency and its management about matters that require elevation to senior managers' attention and recommendations for such matters.  It would negatively affect the ability of Agency staff to have candid, productive and coordinated conversations with managers in the future. Furthermore, release would cause public confusion by disclosing proposals or reasons that may not have ultimately been the grounds for EPA's actions.

*Segregability*

No reasonably segregable information may be released without also revealing deliberative information at the expense of EPA's decision-making process. To the extent any factual information is contained in the document, the information is inextricably intertwined with the deliberative discussions concerning the Excel tracking sheet.