```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
NATURAL RESOURCES DEFENSE COUNCIL,                        :
                                                          :
                              Plaintiff,                  :
                                                          :           17-CV-5928 (JMF)
                -v-                                       :
                                                          :        MEMORANDUM OPINION
U.S. ENVIRONMENTAL PROTECTION AGENCY,                     :            AND ORDER
                                                          :
                              Defendant.                  :
                                                          :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiff Natural Resources Defense Council ("NRDC") sues the United States Environmental Protection Agency ("EPA"), pursuant to the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552, seeking disclosure of documents relating to Dr. Nancy Beck, the Deputy Assistant Administrator of the Office of Chemical Safety and Pollution Prevention at the EPA. Now pending is the EPA's motion for summary judgment. *See* ECF No. 35. Based on an initial review of the parties' pleadings and submissions, the Court has identified two issues that merit immediate attention — and further submissions by the EPA — before the Court fully resolves whether the EPA has permissibly withheld each challenged document under one of the Act's exemptions. *See* 5 U.S.C. § 552(b).

First, as amended in 2016, the Act provides that "[a]n agency shall withhold information under this section only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b)." *Id.* § 552(a)(8)(A)(i). The two courts that have considered this provision in any depth have concluded that, contrary to the EPA's position here, *see* ECF No. 46, at 9-10, the provision *does* impose an independent and

meaningful burden on agencies.  *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 100 (D.D.C. 2019) ("[E]ven if an exemption applies, an agency must release the document unless doing so would reasonably harm an exemption-protected interest."); *accord Rosenberg v. U.S. Dep't of Def.*, 342 F. Supp. 3d 62, 72, 78 (D.D.C. 2018).  Accordingly, "[t]o satisfy the 'foreseeable harm' standard," an agency "must explain how a particular Exemption 5 withholding would harm the agency's deliberative process."  *Rosenberg*, 342 F. Supp. 3d at 78; *accord Judicial Watch*, 375 F. Supp. 3d at 100.  An agency may not "perfunctorily state that disclosure of all the withheld information — regardless of category or substance — would jeopardize the free exchange of information" among or between government officials. *Rosenberg*, 342 F. Supp. 3d at 79; *see Judicial Watch*, 375 F. Supp. 3d at 100-01 (holding that "boiler plate" statements to the effect that disclosure could "have a chilling effect" on agency deliberations or "discourage a frank and open dialogue among interagency staff" did not satisfy the Act's requirements).

The Court finds *Rosenberg* and *Judicial Watch* to be persuasive and thus adopts their approach here.  Applying that approach, the Court finds that the generic, across-the-board articulations of harm provided by the EPA as to a broad range of document types — that "[r]elease of the withheld information would discourage open and frank discussion" and "have a chilling effect on the Agency's decision-making processes," ECF No. 36-1, at 2 — does not sufficiently "explain how a *particular* Exemption 5 withholding would harm the agency's deliberative process."  *Rosenberg*, 342 F. Supp. 3d at 78 (emphasis added).  Accordingly, no later than August 8, 2019, the EPA shall submit a supplemental or revised affidavit and/or *Vaughn* index that more specifically and particularly describes the Exemption 5-related interests that would be harmed by disclosure of the documents at issue.  *See id.* at 79.  In so directing, the

Court acknowledges that an agency "is not required to provide so much detail that [any] exempt material effectively would be disclosed," *Jarvik v. CIA*, 741 F. Supp. 2d 106, 120 (D.D.C. 2010) (citing *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir.1977)), and that a categorical approach to different types of documents may well be appropriate, *see Rosenberg*, 342 F. Supp. 3d at 78-79.  But the EPA must provide more detail than it has here.

Second, in order to better evaluate the EPA's claims that it has segregated all reasonably segregable, non-exempt material from the documents at issue, *see* 5 U.S.C. § 552(b); *see also, e.g.*, *New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 117 (2d Cir. 2014), the Court concludes that *ex parte*, *in camera* inspection of a sample of the challenged documents is warranted.  *See* 5 U.S.C. § 552(a)(4)(B) ("[T]he court . . . may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the [statutory] exemptions . . . .").  Although *in camera* review "is considered the exception, not the rule," the decision to employ it is ultimately "entrusted" to the Court's discretion, *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988), and it is a permissible exercise of that discretion to inspect withheld documents *in camera* when "the reasons for withholding [are] vague or where the claims to withhold [are] too sweeping . . . , or where it might be possible that the agency ha[s] exempted whole documents simply because there was some exempt material in them," *Halpern v. FBI*, 181 F.3d 279, 292 (2d Cir. 1999).  That is the case here, as the NRDC raises colorable arguments that the EPA has withheld non-exempt factual information without adequately justifying its non-disclosure.  *Compare, e.g.*, *Hopkins v. U.S. Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 85 (2d Cir. 1991) (holding that a district court's failure to conduct an *in camera* review was an abuse of discretion where the agency "asserted in a conclusory fashion" only that any nondisclosed factual material

was "inextricably intertwined" with exempt material), *with* ECF No. 36, ¶ 43 (declaring that any withheld factual material "is inextricably intertwined with . . . deliberative discussions" and thus exempt as well).

Accordingly, the Court will review documents itself to ensure that no reasonably segregable factual material has been withheld. Rather than inspecting all 116 records at issue, however, the Court will inspect those records identified by the NRDC as most likely to contain factual information that is segregable from exempt deliberative material. *See, e.g.*, *ACLU v. Dep't of Def.*, 389 F. Supp. 2d 547, 555 (S.D.N.Y. 2005) (employing a sampling method). Specifically, no later than July 30, 2019, the EPA shall submit — in hard copy and by email to Furman_NYSDChambers@nysd.uscourts.gov — the following records for *in camera* inspection:

1. ED_001338_00001350
2. ED_001338_00002026
3. ED_001338_00002234
4. ED_001338_00002354
5. ED_001338_00002490
6. ED_001338_00014496
7. ED_001338_00015046
8. ED_001338_00015111
9. ED_001338_00018234
10. ED_001338_00026227

*See* ECF No. 40, at 12-13. Based on its initial review of the EPA's segregability claims as to these records, the Court will determine whether review of additional records or some other relief is warranted.

For the foregoing reasons, the EPA is ORDERED to submit (1) no later than **August 8,**

**2019**, a revised affidavit and/or *Vaughn* index that describes with more specificity the reasonably foreseeable harms to Exemption 5-related interests that disclosure of the challenged documents would cause; and (2) no later than **July 30, 2019**, copies of the records listed above (in both hard copy and by email) for the Court's *in camera* inspection.

    SO ORDERED.

Dated: July 25, 2019  
      New York, New York

                               JESSE M. FURMAN  
                               United States District Judge