```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
NATIONAL RESOURCES DEFENSE COUNCIL,                                   :
                                                                      :
                          Plaintiff,                                  :
                                                                      :      17-CV-5928 (JMF)
                -v-                                                   :
                                                                      :      MEMORANDUM OPINION
U.S. ENVIRONMENTAL PROTECTION AGENCY,                                 :           AND ORDER
                                                                      :
                          Defendant.                                  :
                                                                      :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On August 30, 2019, the Court entered an Opinion and Order granting in part and denying in part a motion for summary judgment filed by the United States Environmental Protection Agency (the "EPA") in this case brought by the Natural Resources Defense Council (the "NRDC") under the Freedom of Information Act ("FOIA"), 5 U.SC. § 552. *See Nat. Res. Def. Council v. U.S. Envtl. Prot. Agency*, No. 17-CV-5928 (JMF), 2019 WL 4142725 (S.D.N.Y. Aug. 30, 2019) ("*NRDC*") (ECF No. 57).  The EPA now moves, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, for partial reconsideration of the Court's Opinion and Order.  *See* ECF No. 60.  The EPA's primary argument is that the Court ignored controlling precedent — namely, *American Civil Liberties Union v. U.S. Department of Justice*, 844 F.3d 126 (2d Cir. 2016) ("*ACLU*") — in ordering that certain "messaging" documents must be disclosed.  *See* ECF No. 61 ("EPA Mem."), at 4-6.  In its motion, and in a supplemental letter submitted after its motion was fully submitted, *see* ECF No. 71, the EPA also contests the Court's rulings as to particular documents at issue, *see* EPA Mem. 7-12.[1]

---

[1]   The EPA initially sought reconsideration of the Court's ruling with respect to Document

The standards governing motions for reconsideration under Rule 60(b) and Local Rule 6.3 are the same and are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (internal quotation marks omitted). Significantly, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (ellipsis and internal quotation marks omitted). Instead, the primary grounds justifying reconsideration are an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Facebook, Inc.*, 43 F. Supp. 3d at 373 (internal quotation marks omitted) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). That is, reconsideration will generally be denied unless "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt." *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) (internal quotation marks omitted). Ultimately, "a

---

No. 21815 on attorney-client privilege grounds, *see* EPA Mem. 12-13, but it withdrew the attorney-client privilege argument in its reply memorandum of law. *See* ECF No. 67 ("EPA Reply"), at 5 n.2. Accordingly, the Court does not address that argument here.

district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Applying these standards, the Court concludes that the EPA's motion is without merit. The EPA's principal argument — that the Court overlooked *ACLU* in holding that some "messaging" documents had to be disclosed — is nothing more than an effort to relitigate an argument that was raised and rejected in the first instance. *Compare* ECF No. 37, at 18-19 (relying on *ACLU* to argue that "messaging" documents that are deliberative in nature are protected by the deliberative process privilege), *with NRDC*, 2019 WL 4142725, at *8 (adopting a narrower view of what "messaging" documents are privileged). To be sure, the Court did not specifically cite *ACLU* in its discussion of "messaging" documents (although it did cite the decision elsewhere, *see NRDC*, 2019 WL 4142725, at *2). But the Court relied on its own prior decision in *New York v. United States Department of Commerce*, No. 18-CV-2921 (JMF), 2018 WL 4853891, at *2-3 (S.D.N.Y. Oct. 5, 2018), which addressed the relevant issue at some length and explicitly declined to read as much into *ACLU* as the EPA urges here "given the Second Circuit's lack of any real analysis of the issue," *id.* at *1 n.1.[2] The Court will not entertain the EPA's effort to "relitigate[e] old issues" or "tak[e] a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks omitted); *see Maldonado v. Local 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided.").

The EPA's more targeted arguments fare no better. Its arguments with respect to Document No. 8309 are illustrative. In its earlier Opinion, the Court held that the EPA had

---

[2]   Not that it matters, but the Court's decision in *New York* was filed eleven days before the EPA filed its motion for summary judgment in this case. Moreover, given the high-profile nature of the *New York* litigation, and the fact that it, too, was handled by the Department of Justice, it is hard to imagine that the EPA was unaware of the decision at the time of its motion.

3

failed to carry its burden of showing that Document No. 8309 — a chain of emails discussing how to respond to a media inquiry about the New Chemicals program — was protected by the deliberative process privilege because the EPA connected the document only to "'messaging' decisions, not the underlying policy decisions that [were] being communicated." *NRDC*, 2019 WL 4142725, at *9.  The EPA challenges that conclusion by pointing to a declaration that it had submitted in support of its summary judgment motion, *see* EPA Mem. 8, but that declaration asserted only that Document No. 8309 was one of many records listed "in the *Vaughn* Index on th[e] subject" of improving the New Chemicals program, ECF No. 36 ("Myrick Decl."), ¶ 25.  Such a conclusory assertion was not enough to carry the EPA's burden of showing that the document's release "would reveal the status of internal deliberations on substantive policy matters."  *Fox News Network, LLC v. U.S. Dep't of the Treasury*, 739 F. Supp. 2d 515, 545 (S.D.N.Y. 2010).

      To be sure, the *Vaughn* Index submitted by the EPA provided a detailed explanation of how Document No. 8309 was predecisional.  *See* ECF No. 36-1 ("VI"), at 15-16.  Notably, however, the only decision referenced in the *Vaughn* Index's explanation was the "messaging" decision of how to respond to a press inquiry.  In seeking reconsideration, *see* EPA Mem. 8-9, the EPA compares Document No. 8309 to Document No. 2233 — which the Court concluded was protected by the deliberative process privilege, *see NRDC*, 2019 WL 4142725, at *13 — but the comparison merely underscores the point: While the *Vaughn* Index linked Document No. 8309 only to a "messaging" decision, it clearly connected Document No. 2233 to the underlying policy decision.  *See* VI at 8 (explaining that Document No. 2233's withheld information "contain[ed] *options* for senior OCSPP managers *to consider*, historical contexts for such

options, and *recommendations and proposals* provided by the OCSPP program offices" (emphasis added)).

The Court need not and will not parse the EPA's arguments for reconsideration of the Opinion's treatment of the other documents at issue (Document Nos. 401, 2048, 5427, 7169, 9765, 11126, 13150, 13257, 14518, 14561, 14935, 19639, 21815, 22782, 22970, 23178, 25096, 25173, 25349, 25605, and 25606). *See* EPA Mem. 1-2, 9-12; ECF No. 71.  The Court has reviewed these arguments with care and finds them without merit for substantially the same reasons.[3]  At bottom, the EPA simply seeks to relitigate or second-guess the Court's decisions as to whether it carried its burden of proof to show that these documents were privileged, often by drawing facile comparisons to documents that the Court, after meticulous review, found were protected.  *See, e.g.*, EPA Mem. 9 (comparing the Court's treatment of Document Nos. 13150, 13257, 19639, 22970, and 25349 with its treatment of Document No. 23588), *with* ECF No. 66, at 8-10 (same).  Making matters worse, as Plaintiff observes, in doing so, the EPA makes "assertions about records or portions of records this Court has found non-exempt that are either unsupported by, or at odds with, EPA's *Vaughn* index."  ECF No. 72, at 1.  Needless to say, that is not a valid basis for reconsideration.

For the reasons stated above, the EPA's motion for reconsideration is DENIED.  Per the Court's Order of September 24, 2019, the parties have until **December 9, 2019**, to file their joint

---

[3] The EPA's arguments as to Document Nos. 2048, 5427, 25605, and 25606 fail for an additional reason: They were forfeited because the EPA raised them for the first time in a letter submitted after its motion for reconsideration was fully briefed.  *See, e.g.*, *Johnson & Johnson v. Guidant Corp.*, 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007) (noting that arguments first raised in letters submitted after all other motion papers have been filed are "not properly considered"); *see also, e.g.*, *United States v. Sampson*, 898 F.3d 287, 314 (2d Cir. 2018) ("[I]t is well-settled that we will not usually entertain an argument made for the first time in a reply brief.").

letter regarding the next steps in this litigation. *See* ECF No. 65. The parties should indicate in their letter whether a conference to discuss next steps would be appropriate.

The Clerk of Court is directed to terminate ECF No. 62.

SO ORDERED.

Dated: December 2, 2019
New York, New York

JESSE M. FURMAN
United States District Judge