UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :
NATURAL RESOURCES DEFENSE COUNCIL,           :
                                                              :
                                   Plaintiff,              :              17-CV-5928 (JMF)
                                                              :
            -v-                                            :
                                                              :              MEMORANDUM OPINION
U.S. ENVIRONMENTAL PROTECTION AGENCY,      :                  AND ORDER
                                                              :
                                   Defendant.          :
                                                              :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Natural Resources Defense Council (the "NRDC") sues the United States

Environmental Protection Agency (the "EPA" or the "Agency") under the Freedom of

Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, seeking documents and records that the EPA

has withheld pursuant to one of FOIA's enumerated "exemptions" — specifically, records

concerning a senior manager's participation in certain agency policymaking activities.  Now

pending are the parties' cross-motions for summary judgment.  *See* ECF Nos. 90, 93.  For the

reasons discussed below, both parties' motions are granted in part and denied in part.

## BACKGROUND

The Court has issued two prior opinions in this matter.  *See Nat. Res. Def. Council v. U.S.

Env't Prot. Agency*, No. 17-CV-5928 (JMF), 2019 WL 4142725 (S.D.N.Y. Aug. 30, 2019); *Nat.

Res. Def. Council v. U.S. Env't Prot. Agency*, No. 17-CV-5928 (JMF), 2019 WL 6467497

(S.D.N.Y. Dec. 2, 2019).  The Court assumes familiarity with both opinions and, thus, will

summarize subsequent factual developments only.  These relevant facts are drawn from the

parties' affidavits and are undisputed for purposes of these motions.

On December 13, 2019, following briefing and a status conference, the Court ordered the EPA to review sixty-four documents listed in its first *Vaughn* index that had been withheld under the deliberative process privilege "for reasonably segregable, non-exempt information" by January 31, 2020.  ECF No. 79, at 1.  On January 16, 2020, in light of an anticipated appeal of its ruling on the EPA's first motion for summary judgment and subsequent motion for reconsideration, the Court granted a stay of the EPA's requirement to produce a set of twenty-eight documents the Court had previously determined were improperly withheld under the deliberative process privilege (the "Messaging Records").  *See* ECF No. 81.  On January 31, 2020, the EPA disclosed segregable portions of four records after completing the segregability review of the sixty-four documents ordered by the Court.  *See* ECF No. 92 ("Myrick Decl."), ¶ 5; *see also* ECF No. 92-1.  That same day, the EPA also filed a notice of appeal from the Court's prior rulings concerning twenty-two records, including eighteen Messaging Records.  *See* ECF Nos. 83, 84.  On March 6, 2020, the NRDC informed the EPA that it intended to challenge the EPA's review of the sixty-four records for reasonably segregable, non-exempt information, and identified several records that it believed contained such information.  *See* ECF No. 92-2; Myrick Decl. ¶ 6.  The EPA then re-reviewed the sixty-four documents and, on March 10, 2020, produced additional portions of two more records.  *See* Myrick Decl. ¶ 6; ECF No. 92-3.

The Court's prior opinions concerned only a subset of records responsive to the NRDC's FOIA request (the "First Tranche").  On December 9, 2019, the NRDC wrote to the Court seeking an order requiring the EPA "to supplement its *Vaughn* index" with respect to a "Second Tranche" of 163 "records or portions thereof."  ECF No. 74, at 4.[1]  The NRDC indicated that it

---

[1]     The December 9, 2019 letter described 165 relevant records, but the true figure was 163. *See* ECF No. 94 ("Pl.'s Mem."), at 6 & n.5.

would "relinquish[] its claim to the 792 remaining records if EPA disclose[d]" these 163 records.
ECF No. 74, at 4.  The Court ordered the EPA to review the 163 records, inform the NRDC by
January 21, 2020, whether the EPA agreed with the NRDC's categorizations, and produce the
records as appropriate by February 19, 2020.  *See* ECF Nos. 79, 81.  Following this process, by
January 27, 2020, the parties had whittled down the remaining set of records over which they
disagreed to only thirty-nine.  *See* ECF No. 82.  The Court then ordered the EPA to produce a
draft, followed by a final, *Vaughn* index for these records by February 26 and April 8, 2020,
respectively.  *See* ECF Nos. 85, 87, 89.  The EPA then reviewed this set of records "for
segregable non-exempt material and to identify any records that [we]re subject to applicable
FOIA exemptions but nonetheless [could] be discretionarily released because the passage of time
ha[d] reduced any potential harm from disclosure," and made additional disclosures on February
19 and 26, 2020, reducing the number of withheld or redacted records at issue to twenty-six.
Myrick Decl. ¶ 10; ECF Nos. 92-4, 92-5.  The EPA produced a revised draft *Vaughn* index for
the remaining twenty-six Second Tranche records on February 26, 2020.  *See* Myrick Decl. ¶ 11;
ECF No. 95, ¶ 7; ECF No. 95-3.  On March 6, 2020, the NRDC informed the EPA that it
intended to challenge the EPA's basis for withholding sixteen of the twenty-six records in the
draft *Vaughn* index (but would not challenge the other ten).  *See* Myrick Decl. ¶ 12; ECF No. 92-
2.  "After further review and consideration," the EPA then produced ten of these sixteen records
in full on March 10, 2020, Myrick Decl. ¶ 13; and upon still further review, one more record on
March 24, 2020, *id.* ¶ 14, leaving five Second Tranche records still in dispute.

In sum, then, the remaining dispute concerns (1) five Second Tranche records for which
the NRDC challenges the EPA's basis for withholding; and (2) ten Second Tranche records and
sixty-four First Tranche records with respect to which the NRDC argues there is reasonably

segregable, non-exempt material that has not been disclosed.  The EPA moved for summary judgment on April 8, 2020, ECF No. 90; the NRDC cross-moved for summary judgment on May 4, 2020, ECF No. 93.  The EPA requests that the Court find that it has complied with its FOIA disclosure obligations; the NRDC argues that the EPA has (1) not shown the five disputed Second Tranche records are exempt from disclosure and that the Court should order them disclosed to the NRDC (or alternatively, should order them submitted to the Court for *in camera* review); and that (2) the EPA has not shown that it disclosed all reasonably segregable, non-exempt information in the other seventy-four records (sixty-four from the First Tranche and ten from the Second Tranche) and that the Court should order a subset of these documents to be submitted to the Court for *in camera* inspection.

## LEGAL STANDARDS

FOIA mandates disclosure of agency records unless the records fall within an enumerated exception.  *See, e.g.*, *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002) (Sotomayor, J.).  The exemptions notwithstanding, an agency must also produce any non-exempt portions of a record that are "reasonably segregable" from portions that are exempt.  5 U.S.C. § 552(b).

Summary judgment is the procedural vehicle by which most FOIA actions are resolved. *See, e.g.*, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999).  "In resolving summary judgment motions in a FOIA case, a district court proceeds primarily by affidavits in lieu of other documentary or testimonial evidence . . . ."  *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012).  As the Second Circuit has explained, "[s]ummary judgment is warranted . . . when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of

agency bad faith." *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 73 (2d Cir. 2009) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).  In analyzing information withheld by an agency, a court reviews the agency's determination it falls within a FOIA exemption *de novo*, *see* 5 U.S.C. § 552(a)(4)(B); *Dep't of Air Force v. Rose*, 425 U. S. 352, 379 (1976), but it must "accord[]" the affidavits submitted by the agency in support of the agency's determination "a presumption of good faith," *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (internal quotation marks omitted).  Ultimately, "the agency's justification is sufficient if it appears logical and plausible." *ACLU v. U.S. Dep't of Def.*, 901 F.3d 125, 133-34 & n.9 (2d Cir. 2018), *as amended* (Aug. 22, 2018); *accord Wilner*, 592 F.3d at 73 (internal quotation marks omitted).

## DISCUSSION

### A.  Deliberative Process Privilege Determinations

As noted, there are five Second Tranche records for which the NRDC challenges the EPA's assertion of the deliberative process privilege under Exemption 5.  Upon review of the parties' summary judgment papers, the Court rules with respect to these documents as follows.

**Documents 26339 and 10238.**  The EPA itself argues that Document 26339 — "briefing materials for a meeting on May 15, 2017 between then-EPA Administrator Scott Pruitt and the Chemours Company President and CEO," ECF No. 92-7 ("*Vaughn* Index"), at 1 — is analogous to Document 5427, ECF No. 91 ("Def.'s Mem."), at 11, while Document 10238 — an "[e]mail chain between Agency officials concerning preparation for a Congressional budget hearing," *Vaughn* Index 3 — is "analogous to Documents 9765, 11126, 13150, 13257, 19639, 21815, 25096, and 25349," Def.'s Mem. 12, all of which the Court previously held were not exempt from disclosure, *see NRDC*, 2019 WL 4142725, at *10 & n.7.  Although the EPA maintains that

Documents 26339 and 10238 are encompassed under Exemption 5, Def.'s Mem 12-13, it raises the same arguments that the Court previously considered and rejected in its August 2019 opinion, *see NRDC*, 2019 WL 4142725, at *10.  Thus, Documents 26339 and 10238 are not protected by the deliberative process privilege for the same reasons.  Nevertheless, the Court agrees with the EPA that Documents 26339 and 10238 are sufficiently similar to the documents subject to the EPA's currently pending interlocutory appeal that the EPA's obligation to produce these records should be stayed pending resolution of that appeal.[2]

**Documents 1370 and 6761.**  Document 1370 is an email chain "generally discussing chlorpyrifos-related academic literature." *Vaughn* Index 5.  The withheld portion contains a science advisor's "opinions regarding and characterizations of certain academic literature relevant to ongoing discussions concerning chlorpyrifos" and "input on which literature would be useful to inform decision-making concerning chlorpyrifos." *Id.*  Similarly, Document 6761 is an email chain, the withheld portions of which includes "information and opinions concerning a study related to chlorpyrifos." *Id.* at 6.  The NRDC argues that these records are much like Document Nos. 14518, 14561, and 25173, Pl.'s Mem. 15-16, which the Court previously determined should not have been withheld, *NRDC*, 2019 WL 4142725, at *11, while the EPA contends they are more like Document 15910, ECF No. 98 ("Def.'s Reply"), at 6, which the Court previously determined was "appropriately withheld by the agency," *NRDC*, 2019 WL 4142725, at *11.  The Court agrees with the NRDC as to Document 6761.  The EPA's *Vaughn* Index provides no basis for a connection between it and the chlorpyrifos registration review other than the fact that the review was occurring at the same time and the underlying study was

---

[2]     Document 5427, which is analogous to Document 26339, was previously analyzed primarily as a briefing record, but the Court recognized that it could be construed as a Messaging Record and rejected the EPA's FOIA exemption claim on that basis as well.  *See id.* at *11 n.9.

"related to chlorpyrifos."  It is thus far from clear that this record "relate[s] to a specific decision

facing the agency," *Tigue*, 312 F.3d at 80, or that it "form[s] an essential link in a specified

consultative process," *Grand Cent. P'ship*, 166 F.3d at 482 (internal quotation marks omitted).

By contrast, the withheld portion of Document 1370 contains "opinions regarding and

characterizations of certain academic literature," including which "literature would be most

useful for Nancy Beck to review to inform upcoming chlorpyrifos registration-related decision-

making." *Vaughn* Index 5.  Contrary to the NRDC's assertion, therefore, the EPA does "assert in

its *Vaughn* index that Document No[]. 1370 . . . reflect[s] deliberations about the chlorpyrifos

registration review decision."  ECF No. 100 ("Pl.'s Reply"), at 4.

 **Document 14043.**  Document 14043 is an email chain "concerning which materials need

to be included in the docket for the TSCA Framework Rules."  *Vaughn* Index 2.  The EPA

argues that this record is exempt "because deliberations concerning the documents that belong in

a rulemaking docket bear directly on the formulation or exercise of policy-oriented judgment."

Def.'s Reply 8.  The Court disagrees, substantially for the reasons stated in the NRDC's briefs.

*See* Pl.'s Mem. 16-17; Pl.'s Reply 4-5.  Much like the Messaging Records at issue in the Court's

earlier opinions, the EPA does not sufficiently demonstrate that these decisions on how to

comply with its own guidance on compiling a rulemaking docket (1) are actually exercises of the

EPA's "essential *policymaking* role" in and of themselves, *New York v. U.S. Dep't of Commerce*,

No. 18-CV-2921 (JMF), 2018 WL 4853891, at *3 (S.D.N.Y. Oct. 5, 2018) (emphasis added), or

(2) would "reflect[] internal agency deliberation on matters of *substantive policy* prior to . . .

public announcement of those decisions," *Fox News Network, LLC v. U.S. Dep't of Treasury*,

739 F. Supp. 2d 515, 546 (S.D.N.Y. 2010) (emphasis added); *see also, e.g.*, *Petroleum Info.*

*Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (Ginsburg, J.) ("To fall

within the deliberative process privilege, materials must bear on the formulation or exercise of agency policy-oriented *judgment*.  The deliberative process privilege, we underscore, is centrally concerned with protecting the process by which *policy* is formulated." (citations omitted)).

## B.  Request for *In Camera* Review of Segregability Determinations

The NRDC also requests that the Court "review *in camera* a subset of the remaining 74 records" — including sixty-four First Tranche and ten Second Tranche records — "to determine whether EPA has disclosed all reasonably segregable, non-exempt information in them."  Pl.'s Mem. 21.  A court may inspect withheld documents *in camera* when "the reasons for withholding [a]re vague or where the claims to withhold [a]re too sweeping . . . or where it might be possible that the agency ha[s] exempted whole documents simply because there was some exempt material in them."  *Halpern v. FBI*, 181 F.3d 279, 292 (2d Cir. 1999).  But *in camera* review "is considered the exception, not the rule."  *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988).

The Court previously ordered the EPA to produce records for *in camera* review of its segregability assertions.  *See Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, No. 17-CV-5928 (JMF), 2019 WL 3338266, at *2 (S.D.N.Y. July 25, 2019).  But "[t]hat order was prompted by (1) the agency's sweeping, conclusory assertion that it had conducted a segregability analysis and its declaration that any non-disclosed factual material was 'inextricably intertwined' with privileged material and (2) the NRDC's colorable argument that at least some segregable factual material was improperly withheld."  *NRDC*, 2019 WL 4142725, at *15.  Here, the NRDC's claim that some segregable factual material was improperly withheld is predicated in large part on the results of the Court's previous *in camera* inspection of a sample of ten records, which determined that five records were not exempt from disclosure at all and four contained some

segregable factual information that should have been disclosed.  *See* Pl.'s Mem. 19.  The NRDC

contrasts the fact that the "EPA has disclosed additional material from only 6 out of the 64

records it was ordered to re-review for segregable, non-exempt information" with the fact that

the "EPA disclosed additional information in 9 out of 10 records the Court reviewed *in camera*."

*Id.*  The NRDC neglects to note, however, that the sample of records the Court previously

reviewed was far from representative.  Instead, the Court "inspect[ed] those records identified by

the NRDC as *most likely* to contain factual information that is segregable from exempt

deliberative material."  *NRDC*, 2019 WL 3338266, at *2 (emphasis added).  It is thus

unsurprising that the remaining First Tranche records would contain fewer records, on a

percentage basis, that contain reasonably segregable, non-exempt material.  The NRDC provides

even less basis for *in camera* inspection of the ten Second Tranche records it identifies, given

that it contrasts the "high proportion of second tranche records [the EPA] disclosed," Pl.'s Reply

8; *see also* Pl.'s Mem. 19, with the lower proportion of such First Tranche records.

Here, the EPA avers that, after conducting multiple re-reviews applying the standards

articulated in the Court's August 2019 opinion, it "has not identified any remaining segregable,

non-exempt factual material" other than what has already been produced.  Myrick Decl. ¶ 7; *see*

*also id.* ¶ 14.  "Agencies are entitled to a presumption that [they] disclosed reasonably segregable

material," *Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, 407

F. Supp. 3d 334, 343 (S.D.N.Y. 2019), and the affidavits submitted by the agency in support of

its determination "are accorded a presumption of good faith," *Carney*, 19 F.3d at 812 (internal

quotation marks omitted).  The NRDC provides no basis to overcome these presumptions.

Although the NRDC argues that the "EPA's unsystematic disclosure of additional information

from records . . . in piecemeal fashion" warrants *in camera* review, Pl.'s Mem. 25, the Court will

not hold against the EPA the fact that it revisited records it had already reviewed and reconsidered earlier exemption determinations in the face of continued challenges from the NRDC.  That is the way the FOIA process should work.  And to hold an agency's willingness to reconsider its determinations against the agency when reviewing its later determinations would disincentivize reconsiderations by agencies, thereby undermining the ultimate goal of promoting the disclosure of records where an exemption does not apply.

## CONCLUSION

In sum, the NRDC's motion is GRANTED, and the EPA's motion is DENIED with respect to Documents 26339, 10238, 6761, and 14043 — that is, the Court concludes that none of these records are exempt from FOIA under the deliberative process privilege.  Nevertheless, the EPA's obligation to produce Documents 26339 and 10238 to the NRDC is STAYED pending resolution of its related interlocutory appeal.  By contrast, the NRDC's motion is DENIED, and the EPA's motion is GRANTED with respect to Document 1370, which was properly withheld.  Similarly, the NRDC's motion is DENIED, and the EPA's motion is GRANTED with respect to the seventy-four documents for which the NRDC challenges segregability determinations.

**No later than two weeks from the date of this Memorandum Opinion and Order,** the parties shall jointly file a letter describing what, if any, issues remain to be decided in this case and proposing next steps.  The Clerk of Court is directed to terminate ECF Nos. 90 and 93.

SO ORDERED.

Dated: November 24, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge